**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

E. I. du PONT de NEMOURS AND COMPANY,

Plaintiff,

v.

KOLON INDUSTRIES, INC., and KOLON USA, INC.,

Defendants.

---

KOLON INDUSTRIES, INC.,

Counterclaimant,

v.

E. I. du PONT de NEMOURS AND COMPANY,

Counterdefendant.

---

KOLON INDUSTRIES, INC.,

Third-Party Plaintiff,

v.

MICHAEL D. MITCHELL, and ARAMID FIBER SYSTEMS, LLC,

Third-Party Defendants.

Civil Action No. 3:09CV58

**KOLON INDUSTRIES, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO THE THIRD PARTY DEFENDANTS' MOTION TO DISMISS THE THIRD-PARTY COMPLAINT OR, IN THE ALTERNATIVE, TO STRIKE OR SEVER THE THIRD-PARTY COMPLAINT**

This third-party action arises from the same occurrences as the primary action in which it has been brought. In the primary action, E. I. du Pont de Nemours and Company ("DuPont") has alleged that Kolon Industries, Inc. ("Kolon") – the third-party plaintiff here – misappropriated purported DuPont trade secrets and engaged in other allegedly actionable conduct through Kolon's dealings with Michael D. Mitchell ("Mitchell") and his company, Aramid Fiber Systems, LLC ("AFS"). (Mitchell and AFS will be referred to collectively as the "Mitchell Defendants.") Kolon's Third-Party Complaint alleges that, if DuPont's allegations are true, then the Mitchell Defendants have breached an Independent Contractor Agreement between AFS and Kolon (which prohibited Mitchell and AFS from breaching any confidentiality or other legal obligations to third parties), and the Mitchell Defendants must contribute to any liability arising from that breach.

In response to the Third-Party Complaint, the Mitchell Defendants filed a Motion to Dismiss, or, in the Alternative, to Strike or Sever, the Third-Party Complaint (the "Mitchell Defendants' Motion"). That motion should be denied because the allegations asserted in the Third-Party Complaint are more than sufficient to state claims for breach of contract and contribution, and the principles of judicial economy are well-served by maintaining the action in this proceeding. *See AMCO Water Metering Sys., Inc. v. Travelers Cas. Sur. Co. of Am.*, 2003 U.S. Dist. LEXIS 17758, at *11 (W.D. Va. Sept. 30, 2003) ("[O]ne of the primary purposes for contribution and third-party practice [is] promoting judicial economy by having all claims, actual or potential, arising from the same occurrence adjudicated in the same proceeding."(citation omitted)).[1]

---

[1] *See also* 1 Michie's Jurisprudence, *Contribution and Exoneration*, § 22 (2007); *and see American Export Lines, Inc. v. Revel*, 262 F.2d 122, 124-25 (4th Cir. 1958):

(continued...)

## I. **BACKGROUND.**

DuPont filed a six-count complaint (the "Complaint") with this Court on February 3, 2009, asserting tort and common law claims against Kolon and Kolon USA, Inc.[2] Count I asserts a claim of trade secret misappropriation under the Virginia Uniform Trade Secrets Act ("VUTSA"). Counts II, III, IV, V, and X[3] of the Complaint are grounded on the same conduct as Count I.[4] On April 20, 2009, Kolon filed the Third-Party Complaint against the Mitchell Defendants alleging that, if the allegations in the Complaint are taken as true, then the Mitchell Defendants breached the Independent Contractor Agreement and were liable for contribution pursuant to Va. Code Ann. § 8.01-34. The gravamen of the third-party action is that Mitchell and his alter ego AFS promised in the Independent Contractor Agreement that they would not, in the performance of that contract, provide information to Kolon or engage in conduct in violation of any legal obligation owed by Mitchell or AFS to any third party. If, in breach of the

(...continued)

> The purpose of third-party procedure is to prevent circuity of action by drawing into one proceeding all parties who may become ultimately liable, so that they may therein assert and have a determination of their various claims inter sese. This is intended to save the time and cost of duplicating evidence and to obtain consistent results from identical or similar evidence, as well as to avoid the serious handicap of a time lag between a judgment against the original defendant and a judgment in his favor against the third-party defendant."

*Id*. (citation omitted).

[2] On May 4, 2009, DuPont voluntarily dismissed Kolon USA, Inc. from the lawsuit, leaving Kolon Industries, Inc. as the sole defendant.

[3] Counts VI-IX do not appear in the Complaint. Thus, the count labeled Count X in the Complaint is actually the sixth and final count.

[4] Kolon filed a motion to dismiss Counts II, III, IV, V, and X of the Complaint on the ground that they are pre-empted under the VUTSA. A hearing on Kolon's motion to dismiss has been noticed for July 7, 2009.

agreement, the Mitchell Defendants involved Kolon in any conduct for which Kolon is liable to DuPont, then the Mitchell Defendants are liable for contribution under Virginia law.

## II. A MOTION UNDER RULE 12(b) IS NOT THE APPROPRIATE VEHICLE TO RESOLVE FACTUAL DISPUTES OR EQUITABLE DEFENSES; THEREFORE, THE MITCHELL DEFENDANTS' MOTION MUST BE DENIED.

A motion to dismiss is not the proper vehicle to resolve factual issues or try equitable defenses, yet this is what the Mitchell Defendants' Motion seeks. The Third-Party Complaint should plainly survive the Mitchell Defendant's motion under Federal Rule of Civil Procedure 12(b)(6), when measured against the Supreme Court's standard that "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1974 (2007). It is of course well-settled that a Court evaluating the claims in a complaint under this standard is required to "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). Simply put, a motion to dismiss brought under Rule 12(b)(6) merely tests the sufficiency of a complaint. It is not the proper means to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. *See Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Thus, a motion to dismiss should only be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *see also Scheuer v. Rhodes*, 94 S. Ct. 1683, 1686 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"); *Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. DCI Signs & Awnings, Inc.*, 2008 U.S. Dist. LEXIS 17115, at *3-4 (E.D. Va. Mar. 5, 2008) (motion to dismiss should be denied unless "it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" (citation omitted)). Moreover, a motion to dismiss must be considered in light of Federal Rule of Civil Procedure 8's liberal pleading standards, requiring merely "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Bd. of Trustees*, 2008 U.S. Dist. LEXIS 17115, at *4; *Ju v. Mark*, 2006 U.S. Dist. LEXIS 42263, at *5 (E.D. Va. June 13, 2006); *see also* Fed. R. Civ. P. 8(a)(2). As discussed below, the Third-Party Complaint easily sets forth factual allegations sufficient to state cognizable claims for breach of contract and contribution.

The Mitchell Defendants further argue that, as a matter of law and "public policy," Kolon cannot assert the Independent Contractor Agreement as a "shield" against liability for its own intentional conduct. *See* Memorandum in Support of the Mitchell Defendants' Motion ("Mitchell Mem.") at 2-3. This, of course, is not what the Third-Party Complaint alleges. Kolon is not contending that its claims against Mitchell and AFS would absolve any liability to DuPont, should DuPont prevail. Kolon contends that *if* its dealings with Mitchell give rise to liability to DuPont, then the Mitchell Defendants are liable to Kolon for breach of contract, and Kolon is entitled to contribution from the Mitchell Defendants under Virginia law. The Mitchell Defendants may seek to raise equitable arguments as a defense to their liability at trial, but these arguments are not properly addressed in this motion. *See Republican Party*, 980 F.2d at 952 (motion to dismiss "does not resolve…the applicability of defenses").

Because the allegations in the Third-Party Complaint, taken as true, readily state claims under Virginia law, and because those claims arise out of the same occurrences that are alleged in the primary action, Kolon respectfully submits that the Mitchell Defendants' Motion should be denied.

## III. THE THIRD-PARTY COMPLAINT ESTABLISHES CLAIMS UPON WHICH RELIEF MAY BE GRANTED.

### A. Count I of the Third-Party Complaint States a Valid Claim For Breach of Contract.

Count I of the Third-Party Complaint alleges each of the elements required to show that the Mitchell Defendants breached the Independent Contractor Agreement, namely "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Ulloa v. QSP, Inc.*, 271 Va. 72, 79, 624 S.E.2d 43, 48 (2006). The Third-Party Complaint alleges that the Independent Contractor Agreement between AFS and Kolon was entered into April 12, 2007, and that it included a provision whereby AFS, as Contractor, represented it was free to enter into the agreement, the engagement with Kolon did not violate the terms of any agreement between it and any third party, and it would not utilize any invention, discovery, development, improvement, innovation, or trade secret in which it did not have a proprietary interest. *See* Third-Party Compl. at ¶¶ 10-11, 16-17. The Third-Party Complaint also alleges that Kolon received certain information relating to aramid fiber from Mitchell, that Kolon did not believe any information Mitchell provided to it constituted confidential trade secrets, that Mitchell represented orally and in the Independent Contractor Agreement that he would not use or divulge to Kolon any trade secrets, and that if it is found Kolon misappropriated DuPont's trade secrets, it will be as a result of the Mitchell Defendants' misappropriation and/or utilization of information to which they do not have a proprietary interest, in breach of the Independent Contractor Agreement. *See id*. at ¶¶ 13-14, 18. Finally, the Third-Party Complaint alleges that "[a]s a result of Aramid Fiber Systems' breach of contract, Kolon will be injured and suffer damages in the form of liability to DuPont for misappropriation of trade secrets." *Id*. at ¶ 19.

The Mitchell Defendants argue that if Kolon is found liable to DuPont, the cause of any damages for which Kolon is held responsible will have resulted from Kolon's own independent conduct, not that of the Mitchell Defendants. *See* Mitchell Mem. at 8. However, this "causation" argument raises a factual dispute not appropriately resolved on a motion to dismiss. *See Republican Party*, 980 F.2d at 952 (motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses").

On this motion, the Court is required to "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus, supra,* 127 S. Ct. at 2200. The Third-Party Complaint alleges that Kolon had every reason to believe that any information provided by Mitchell was not a trade secret, and that Mitchell was free to provide it, as AFS affirmatively represented in the Independent Contractor Agreement. Thus, if Kolon is found liable to DuPont, it will be as a result of the Mitchell Defendants' misappropriation and/or utilization of DuPont's trade secrets, in breach of the Independent Contractor Agreement.

### B. Count II of the Third-Party Complaint States a Valid Claim for Contribution.

The Third-Party Complaint also properly alleges a claim for contribution under Va. Code § 8.01-34. Virginia's contribution statute has been held to give a right of contribution where the person injured "has a right of action against two persons for the same indivisible injury." *AMCO Water Metering Sys.*, 2003 U.S. Dist. LEXIS 17758, at *8 (citation omitted). The Third-Party Complaint alleges that Kolon received certain information relating to aramid fiber from Mitchell, that Kolon did not believe any information Mitchell provided to it constituted trade secrets, that Mitchell represented orally and in the Independent Contractor Agreement that he would not use or divulge to Kolon any invention, discovery, development, improvement, innovation, or trade secret in which he did not have a proprietary interest, and that if it is found Kolon obtained

information that constituted trade secrets of DuPont, it will be as a result of the Mitchell Defendants' misappropriation and/or utilization of a trade secret in which they do not have a proprietary interest, in breach of the Independent Contractor Agreement. *See id*. at ¶¶ 13-14, 17-18. This conduct, if true, would give rise to a cause of action by DuPont against AFS and Mitchell under the VUTSA. Accordingly, Count II of the Third-Party Complaint should survive because it sets forth a proper basis for contribution by the Mitchell Defendants for any injury suffered by DuPont as a result of the conduct alleged therein. Once again, applying the *Erickson* standard and taking the allegations as true, the Third-Party Complaint has established a claim of contribution from the Mitchell Defendants for which relief may be sought.

The Mitchell Defendants assert that Virginia does not recognize a cause of action for contribution with respect to "intentional" torts and that, as a result, Kolon cannot bring a claim for contribution. *See* Mitchell Mem. at 3. In making this argument, the Mitchell Defendants prejudge the basis on which any liability might ultimately be assigned at trial, something plainly not appropriate on a motion to dismiss. For example, DuPont has asserted claims under the VUTSA, which provides a basis for liability in the case of both intentional conduct *and* negligence. *See, e.g., Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 299 F. Supp. 2d 565, 575, 577 (E.D. Va. 2004) (finding defendant's allegation that plaintiff and plaintiff's founder had "*reason to know*" that an alleged trade secret had been acquired by improper means stated claim upon which relief may be granted); Va. Code Ann. § 59.1-336. Virginia law plainly allows contribution in such a circumstance.

The Mitchell Defendants rely on *Hudgins v. Jones*, 205 Va. 495, 501, 138 S.E.2d 16, 21 (1964), in which the Virginia Supreme Court held that "the party who otherwise would be

entitled to contribution forfeits his right where the joint liability arose out of an act involving moral turpitude or a voluntary tort." However, as the *Hudgins* court explained:

> The doctrine of contribution is founded on principles of equity and natural justice, and the general rule appears to be that when parties are bound to bear a burden, and are liable from the same circumstances existing as to both, contribution is a matter of right in equity. The one exception to the rule is when the party who otherwise would be entitled to contribution forfeits his right where the joint liability arose out of an act involving moral turpitude or a voluntary tort….This appeared to be the established rule in Virginia until 1909 when this Court held, in *Walton, Witten & Graham v. Miller, 109 Va. 210, 63 S.E. 458, 132 Am. St. Rep. 908*, that the right of contribution did not exist among joint tort feasors….However, this rule was abrogated when the Code of 1919 was revised and § 5779 was enacted to permit contribution among wrongdoers when the wrong was a mere act of negligence and involved no moral turpitude….This section has remained unchanged and is now § 8-627, Code of 1950, 1957 Repl. Vol. [now Va. Code Ann. § 8.01-34].

*Hudgins*, 205 Va. at 501, 138 S.E.2d at 21-22. As the case makes clear, the proper standard is that "[c]ontribution among wrongdoers may be enforced when the wrong results from negligence and involves no moral turpitude." *See* Va. Code Ann. § 8.01-34; *see also Hudgins*, 205 Va. at 501, 138 S.E.2d at 22.

Simply because, at this stage, DuPont has included allegations of both intentional and negligent conduct does not mean that Kolon will have been found at trial to have acted intentionally. And the contract Kolon entered into with the Mitchell Defendants evidences Kolon's affirmative intention *not* to receive trade secrets from the Mitchell Defendants. Whether Kolon is in fact liable and/or acted intentionally is a factual determination to be determined by the Court through summary judgment or trial – not on a motion to dismiss a complaint against the Mitchell Defendants. *See Erickson*, 127 S. Ct. at 2200.

### C. The Third-Party Complaint Alleges Proper Claims Against Mr. Mitchell.

The Mitchell Defendants make the blanket assertion that Kolon failed to state a claim on which Mr. Mitchell can be personally liable for the debts and obligations of AFS. *See* Mitchell Mem. at 8-10. This argument fails because the Third-Party Complaint adequately alleges that AFS is the *alter ego* of Mitchell. The Virginia Supreme Court has held that a dominant shareholder such as Mitchell can be held liable for the debts and torts of a corporation where:

> the shareholders sought to be held personally liable [have] controlled or used the corporation to evade a personal obligation, to perpetuate fraud or a crime, to commit an injustice, or to gain an unfair advantage. Piercing the corporate veil is justified when the unity of interest and ownership is such that the separate personalities of the corporation and the individuals no longer exist and to adhere to that separateness would work an injustice.

*Dana v. 313 Freemason*, 266 Va. 491, 500, 587 S.E.2d 548, 554 (2003). Moreover, where – as here – there is a single shareholder of the corporation, courts have held that the legal fiction of corporate separateness may be disregarded:

> In the case of a one-man corporation or the corporation in which all stock is owned by a single individual except a few shares necessary to qualify directors, courts have shown great liberality in lifting the veil of the corporate entity and holding the sole shareholder and the corporation to be one and the same. Where a corporation is so organized and controlled as to become the mere agent or instrumentality of another corporation, the courts have laid down the rule that the doctrine of corporate separateness may be ignored.

*See In re Landbank Equity Corp.*, 83 B.R. 362, 371-72 (E.D. Va. 1987) (internal quotation and citation omitted). *See also In re Dorris Mktg. Group*, 2006 Bankr. LEXIS 1096, at *26 (Bankr. D. Va. Mar. 17, 2006); 1-3 Michie's VA Jurisprudence on Business § 5 (2007).

The Third-Party Complaint alleges facts sufficient to state a claim against Mitchell under these well-established theories. Among them:

- that Mitchell signed the Independent Contractor Agreement as President of AFS. Third-Party Compl. at ¶ 10;
- that Mitchell, as AFS's agent, represented that (i) AFS was free to enter into the Independent Contractor Agreement, (ii) the agreement did not violate the terms of any agreement between AFS and any third party, and (iii) AFS would not utilize any trade secret in which it did not have a proprietary interest. *Id*. at ¶ 11;
- that Mitchell is the sole officer and employee of AFS, completely dominates the business of AFS, resides at the same address as AFS, and holds himself out to be one and the same with AFS. *Id*. at ¶ 12;
- that Mitchell used AFS to disguise wrongs, obscure fraud and/or conceal crime. *Id*.; and
- that Kolon received certain information relating to aramid fiber from Mitchell. *Id*. at ¶ 13.

Under these circumstances, permitting Mitchell to hide behind the corporate form of AFS would work an injustice. *See Ju*, 2006 U.S. Dist. LEXIS 42263, at *15-17 (finding plaintiffs' alleged facts sufficient to state a claim for holding defendant liable under theory of piercing the corporate veil where plaintiffs asserted defendant was owner and sole shareholder of corporation). Kolon has alleged sufficient facts to state claims against Mitchell in its Third-Party Complaint.

## IV. THERE IS NO BASIS TO STRIKE OR SEVER THE THIRD-PARTY COMPLAINT.

The Mitchell Defendants request that, if the Court declines to dismiss the Third-Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), it should nonetheless strike or sever the Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14(a)(4). *See* Mitchell Mem. at 1, 15. For the following reasons, this Court should reject the request.

Rule 14(a) of the Federal Rules of Civil Procedure allows a defending party such as Kolon to implead a third party "who is or may be liable to [the third-party plaintiff] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). While the text of the Rule does not set forth

the basis on which a motion to strike or sever should be granted, the Advisory Committee Notes indicate that "the court has discretion to strike the third-party claim if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim, or to sever the third-party claim or accord it separate trial if confusion or prejudice would otherwise result." Fed. R. Civ. P. 14 advisory committee's note, 1963 amendments. In deciding whether to strike a third-party complaint, the Court should first look to the purpose behind Rule 14, which is "to permit additional parties whose rights may be affected by the decision in the original action to be joined and brought in so as to expedite the final determination of the rights and liabilities of all of the interested persons in one suit." *Glens Falls Indem. Co. v. Atlantic Bldg. Corp.*, 199 F.2d 60, 63 (4th Cir. 1952). Impleader is liberally allowed where it will prevent duplication of suits based on closely related matters. *See Id*.; *American Export Lines*, 262 F.2d at 124-25. With respect to severance, "Federal courts view severance as a 'procedural device to be employed only in exceptional circumstances.'" *Hartford Fire Ins. Co. v. County Asphalt, Inc.*, 2002 U.S. Dist. LEXIS 22572, at *9 (S.D.N.Y. Nov. 22, 2002) (citation omitted). Measured against this standard, the Mitchell Defendants' request to strike or sever should be denied.

The Mitchell Defendants argue that the "Third-Party Complaint raises a host of issues unrelated to DuPont's claims against Kolon, none of which will have to be reached if Kolon prevails on DuPont's claims," including whether there was a breach of the Independent Contractor Agreement, whether AFS is liable for any such breach, and whether the corporate veil of AFS may be pierced to hold Mitchell personally liable. *See* Mitchell Mem. at 15. In fact, proof of these issues overlaps substantially with the claims brought by DuPont in the primary action, as both actions arise out of the same occurrences – Mitchell's dealings with Kolon in

connection with aramid fiber product information. For example, in its complaint, DuPont alleges that:

> After Mitchell returned from Korea, Kolon negotiated with him over several weeks, and ultimately engaged him to sell and market its aramid fiber product in the United States. To perform these services, Mitchell formed Aramid Fiber Systems, LLC, a Virginia corporation, which contracted directly with Kolon. In so engaging Mitchell and his company, Kolon contracted to have him perform services that were nearly identical to those services performed by Mitchell when he worked for DuPont, but which were in direct competition with DuPont.

Compl. at ¶ 30. In response, Kolon states in relevant part:

> Kolon admits that after Mitchell returned from Korea, Kolon entered into an independent contractor agreement with Mitchell and Aramid Fiber Systems, LLC to sell and market aramid fiber products in the United States and avers that that agreement included a provision stating that, in Paragraph 7: "The Contractor represents that he is free to enter into this Agreement and that this engagement does not violate the terms of any agreement between the Contactor [sic] and any third party. Further, the Contractor, in rendering his duties shall not utilize any invention, discovery, development, improvement, innovation, or trade secret in which he does not have a proprietary interest". Kolon is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 30, and they are therefore denied.

Answer at 13-14. Further, DuPont alleges: "After entering into a contractual relationship with him, Kolon continued to press Mitchell for technical information regarding DuPont's aramid fiber manufacturing process," and that "Kolon was in fact successful in extracting DuPont trade secrets from Mitchell." Compl. at ¶¶ 31, 34. In response, Kolon admits that it communicated with Mitchell regarding aramid fiber; however, it denies the remaining allegations. Answer at 14, 16. If, for example, discovery were to reveal that Mitchell provided Kolon with DuPont's trade secrets, then Mitchell breached the Independent Contractor Agreement with Kolon. Whether severance is granted or not, proof of the Independent Contractor Agreement and its

terms and performance will be necessary. Because it cannot be said that Kolon's third-party claims are "obviously unmeritorious," there is no basis for striking the claims against the Mitchell Defendants.

Relying on *Dishong v. Peabody Corp.*, 219 F.R.D. 382 (E.D. Va. 2003), the Mitchell Defendants argue that adjudicating the third-party claims as part of DuPont's case against Kolon "would unduly complicate that case and prejudice AFS and Mitchell." Mitchell Mem. at 15. *Dishong* is inapposite. In that case, a maritime action, the issues raised by the third-party complaint were unrelated to those presented in the original complaint, and almost all of the evidence that would have been relevant to the third-party claim had no connection to the original claims. *See Dishong*, 219 F.R.D. at 386. The court found that the mere presence of additional defendants could prejudice plaintiff's claims; the third-party claim would only have one witness in common with the original claim – the plaintiff himself; and "[v]irtually none of the evidence would overlap." *See id*. at 386-87. Here, the third-party claims will require proof of the same facts as the main action and witnesses and evidence will most certainly overlap because DuPont alleges that, through its receipt of trade secrets from Mitchell, Kolon injured DuPont, and, in its complaint against the Mitchell Defendants, Kolon alleges that any such dissemination of DuPont's trade secrets to Kolon was a breach of the Mitchell Defendants' contract with Kolon.

In fact, Kolon would suffer far more prejudice from severance than the Mitchell Defendants would suffer through joinder. Kolon would have to bear the burden and expense of two trials to resolve the same issues involving the same facts and to finally establish liability. Severance here would defeat the purpose of third-party practice. *See Tourangeau v. Uniroyal, Inc.*, 189 F.R.D. 42, 48 (D. Conn. 1999) ("The objective of the rule is to avoid a situation…[where] a defendant has been held liable to a plaintiff and then finds it necessary to

bring a separate action against a third individual who may be liable to defendant….”). Thus, permitting the third-party claims to remain in the lawsuit will serve the purposes of Rule 14.

## V. CONCLUSION.

WHEREFORE, for the foregoing reasons, Kolon respectfully requests that the Mitchell Defendants' Motion be denied.

Dated: June 8, 2009

Respectfully submitted,

/ S /

By ______________________________
Counsel

Rhodes B. Ritenour, Esquire
Virginia State Bar Number 71406
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Post Office Box 2499
Richmond, Virginia 23218-2499
Telephone: (804) 916-7106
Facsimile: (804) 916-7206
Rhodes.Ritenour@LeClairRyan.com

*Counsel for Kolon Industries, Inc.*

Dana J. Finberg, Esquire
Virginia State Bar Number 34977
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Post Office Box 2499
Richmond, Virginia 23218-2499
Telephone: (804) 916-7109
Facsimile: (804) 783-7219
dana.finberg@leclairryan.com

*Counsel for Kolon Industries, Inc.*

Scott M. Flicker (admitted *pro hac vice*)
Michael P. A. Cohen (Virginia Bar No. 31584)
Victoria A. Cundiff (admitted *pro hac vice*)
Candice S. McPhillips (Virginia Bar No. 45852)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
michaelcohen@paulhastings.com
candicemcphillips@paulhastings.com
victoriacundiff@paulhastings.com
scottflicker@paulhastings.com

*Counsel for Kolon Industries, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of June 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Dana D. McDaniel, Esquire
M. F. Connell Mullins, Jr., Esquire
Spotts Fain PC
411 East Franklin Street, Suite 600
Post Office Box 1555
Richmond, Virginia 23218-1555
Telephone: (804) 697-2000
Facsimile: (804) 697-2100
dmcdaniel@spottsfain.com
cmullins@spottsfain.com

*Attorneys for Michael D. Mitchell and Aramid Fiber Systems, LLC*

Rodney A. Satterwhite, Esquire
Brian C. Riopelle, Esquire
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061
rsatterwhite@mcguirewoods.com
briopelle@mcguirewoods.com

*Attorneys for E. I. du Pont de Nemours and Company*

/ S /

Rhodes B. Ritenour, Esquire
Virginia State Bar Number 71406
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Post Office Box 2499
Richmond, Virginia 23218-2499
Telephone: (804) 916-7106
Facsimile: (804) 916-7206
Rhodes.Ritenour@LeClairRyan.com

*Counsel for Kolon Industries, Inc.*

Dana J. Finberg, Esquire
Virginia State Bar Number 34977
LECLAIRRYAN, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor

Post Office Box 2499
Richmond, Virginia 23218-2499
Telephone: (804) 916-7109
Facsimile: (804) 783-7219
dana.finberg@leclairryan.com

*Counsel for Kolon Industries, Inc.*