IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

F I L E D
AUG 2 6 2009
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| E. I. du Pont de Nemours and Company, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:09cv58 |
| Kolon Industries, Inc. | ) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER

It is stipulated and agreed by the parties to this action, and ORDERED by the Court, that in connection with discovery in this action, absent a Court Order to the contrary or written stipulation by the parties, this Order shall govern all discovery in the above-captioned case:

1. Plaintiff manufactures and sells KEVLAR® para-aramid fiber, and defendant manufactures and sells a competing aramid fiber product. Because the parties may exchange sensitive technical and financial information, there is good cause for the entry of a Protective Order.

2. "CONFIDENTIAL" information means information, documents, or things (including transcripts) that have not been made public by the disclosing party and that the disclosing party reasonably and in good faith believes contains or comprises (a) trade secrets, (b) proprietary business information or (c) information invasive of an individual's legitimate privacy interests.

3. "CONFIDENTIAL-ATTORNEYS' EYES ONLY INFORMATION" means Confidential information that the disclosing party reasonably and in good faith believes is so


RECEIVED AUG 2 1 2009 CLERK, U.S. DISTRICT COURT RICHMOND, VA

highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party or significant competitive or commercial advantage to the receiving party.

4. "EXPORT CONTROLLED INFORMATION" shall mean information regulated by: i) the Department of Commerce Export Administration Regulations, 15 CFR §§ 730.1 *et seq.*; ii) the Department of State's International Traffic in Arms Regulations, 22 CFR §§ 120.1 *et seq*; or iii) the Treasury Department's Office of Foreign Assets Control Regulations, 31 CFR §§ 500.101 *et seq.*

5. Any information or material produced in response to a discovery request or otherwise, in this action may be designated in a manner permitted under the terms of this Order by the person or entity (whether or not a party to this action) producing, providing, or filing the information or material ("Designating Person"). All such information and material and all extracts or copies thereof, including copies already in the possession of other parties to this action, constitutes "Designated Material" under this Order. The designation shall be either (a) "CONFIDENTIAL," or (b) "CONFIDENTIAL-ATTORNEYS' EYES ONLY." This Order shall apply to Designated Material produced by any party or third-party during the proceedings in this action.

6. Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

a. *Parties*: Material designated "CONFIDENTIAL" may be disclosed (1) to those parties to this action or officers, directors, members and/or employees of parties to this action who have a legitimate need, in conjunction with the management of this litigation, to see such information and who have agreed in writing, by signing a document substantially in the

form of Exhibit A, to be bound by this Order, and (2) to those individuals to whom material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed under the terms of sub-paragraphs (c) through (f) below.

    b.    *Witnesses or Prospective Witnesses:* Except as otherwise set forth under the terms of sub-paragraphs (c) through (f) below, all Confidential Information may be disclosed to any witness or prospective witnesses in this action, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing or deposition; and subject to the restrictions set forth in this Agreed Protective Order. Before the disclosure of any Confidential Information to witnesses or prospective witnesses, each such person shall sign a document substantially in the form of Exhibit A. Material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may only be disclosed to a witness or deponent in the case who (i) authored or is listed as a recipient of the particular material sought to be disclosed to that person, but only as to specific material which the person authored or received at the time the material was originally created or disseminated, (ii) is a current employee of the Designating Person, or (iii) is a former employee of the Designating Person, but then only as to specific material to which the person had access during his/her employment.

    c.    *Outside Experts*: All Designated Material, including material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," may be disclosed to any expert who is not an officer, director, member, employee or independent contractor of the parties, but only for purposes of consulting, forming an opinion and testifying in this matter; and subject to the restrictions set forth in this Agreed Protective Order. Before the disclosure of any Designated Material to any outside expert, each such person shall sign a document substantially in the same form of Exhibit A.,

d. *Counsel*: Material designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be disclosed only to outside counsel of record for parties to this action (including their legal associates, paralegals and regularly employed office staffs, and their retained outside experts as set forth in sub-paragraph (c)) who are not directly responsible for, or actively involved with, or supervise the drafting of patent applications, claim language for patent applications, or arguments made in support of patent applications, that relate to aramid fiber before the U.S. or similar foreign patent agencies. Nothing in this paragraph should be deemed to limit the use of "CONFIDENTIAL-ATTORNEYS' EYES ONLY" as otherwise provided for in sub-paragraphs b, c, e and f.

e. *Court Personnel and Stenographers*: All Designated Material filed with the Court may be disclosed to and viewed by appropriate Court personnel as necessary without the need of further order of this Court. Designated Material may be viewed by stenographers or shorthand reporters who have agreed in writing, in a document substantially in the form of Exhibit A, to be bound by this Order.

f. *Other Persons*: Temporary disclosure or possession of Designated Material may be provided as necessary to copying services, translators, and to litigation support firms providing consultation, graphics and jury research (including focus group participants), provided, that such persons or entities have agreed in writing, in a document substantially in the form of Exhibit A, to be bound by this Order.

7. A person having custody of any Designated Material shall maintain it in a manner that limits access to persons who, pursuant to this Order, are permitted such access. Counsel of record for the party on whose behalf a person seeks disclosure or temporary possession of Designated Material shall maintain separately a collection of all documents by which such

persons agree to be bound by this Order (Exhibit A). Both counsel shall make each signed Exhibit A available to the other party within ten (10) business days after the conclusion of the case.

8. Documents shall be designated by placing, stamping or marking the legend "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" or similar words clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. The legend should be placed on each page of the document prior to production of the document. Other records and items shall be prominently marked in a reasonably equivalent way. Designated Material not reduced to documentary, tangible or physical form or which cannot be conveniently designated in the manner set forth herein shall be designated by the producing party by informing the receiving party in writing.

9. The parties will use reasonable care to avoid designating any documents or information which are generally available to the public.

10. Any party may redact from the documents and things it produces (a) confidential matter not relevant to the subject matter of this litigation or not responsive to discovery requests in this action, and (b) matter that the producing party claims is subject to the attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity. The producing party shall mark each document or thing where matter has been redacted with a legend stating "REDACTED FOR RELEVANCE" or "REDACTED FOR PRIVILEGE," as appropriate. The producing party shall preserve an unredacted version of each such document. The producing party shall provide, along with any document redacted pursuant to this paragraph, a log of information regarding each redacted document which, without revealing the redacted information itself, identifies the general subject matter, the date, author

and recipient (if any) of the document, and describes the redacted information with sufficient specificity to enable the receiving party to assess the claim that the information should be redacted. This provision shall not affect any other obligation to provide a log of information redacted or otherwise withheld on the basis of attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity.

11. A party shall not be obligated to challenge the propriety of a designation at the time made and the failure to do so shall not preclude a subsequent challenge thereto or constitute agreement or be argued to be an admission that the designation is in fact appropriate. Any party may request in writing to the party who produced the Designated Material that the designation be modified or withdrawn. If the Designating Person does not agree to the redesignation within ten (10) business days of receipt of the written request, the objecting party may apply to the Court for relief. Upon any such application to the Court for relief, the burden shall be on the Designating Person to show why its classification is proper. Before serving a written challenge, the objecting party must attempt in good faith to meet and confer with the Designating Person in an effort to resolve the matter informally.

12. Deposition transcripts or portions thereof may be designated either: (a) when or before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Person may direct, or (b) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the ten (10) business days, the deposition transcript

shall be treated as if it had been designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 5 of this Order. Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 5 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

13. Counsel shall exert their best efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials or information. The inadvertent production of any document or thing shall be without prejudice to any claim that such material is protected by the attorney-client privilege or protected from discovery as work product, and no party shall be held to have waived any rights thereunder by inadvertent production. If within a reasonable time after materials are disclosed, a producing party asserts that such materials are protected by the attorney-client privilege or work product doctrine and were inadvertently produced, the receiving party shall take prompt steps to ensure that all known copies of such material are returned promptly to the producing party. The cost, if any, for excising such material by the receiving party shall be borne by the producing party. The parties may thereafter contest such claims of privilege or work product as if the materials had not been produced but shall not assert that a waiver occurred as a result of the production.

14. If it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving the Court to file such Designated Material under seal. The party making such filing must simultaneously submit a Motion and Proposed Order requesting that the Court treat the material as confidential. Such Motion will state sufficient

facts to support confidential treatment by the Court. Any documents to be filed under seal must comply with the notice requirements of *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

15. Offering or submitting any pleadings or other papers disclosing or containing Designated Material to the Court shall not waive the designated status of any such information (or, if the receiving party submits pleadings or papers disclosing or containing Designated Material, to constitute an admission that such Material is in fact confidential). Such Designated Material shall not be disclosed by the Court except to persons identified in paragraph 5 above. The Court shall determine how Designated Material shall be treated during trial and other hearings as it deems appropriate.

16. Upon final termination of this action and at the written request of the person designating or producing the material, all Designated Material and all copies thereof shall be returned to counsel of record for the party that produced the material or, in the case of deposition testimony regarding designated exhibits, the counsel of record for the Designating Person, or in the alternative, the receiving party shall provide to the Designating Person a certification that all such materials have been destroyed.

17. The inadvertent or unintentional production of documents containing, or otherwise disclosing, information without being designated in accordance with this Order at the time of production or disclosure shall not be deemed a waiver in whole or in part of a Designating Person's claim of privacy, confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation or in failing to designate shall be corrected within a reasonable time after the Designating Person becomes aware of the error. The receiving party

shall not be liable for any use or disclosure of such inadvertently non-designated information that occurs before the receiving party receives written notice of the inadvertent non-designation.

18. If any party is subpoenaed or subject to any other demand or legal process seeking Designated Material (other than its own confidential information), that receiving party shall give prompt written notice, by hand, facsimile or electronic transmission, to the party that produced such information within ten (10) business days of receipt of such subpoena, demand, or legal process, and shall object to its production to the extent permitted by law. Should the person seeking access to Designated Material take action against a receiving party or anyone else covered by this Order to enforce such a subpoena, demand, or other legal process, that party shall first respond by setting forth the existence of this Order and shall give prompt written notice to the producing party of such action by hand, facsimile, or electronic transmission within ten (10) business days of notice of any such action. If no action is taken by the producing party within ten (10) business days following the notice of legal process or notice of action by the person seeking access, whichever is later, to prevent compliance with such legal process, the receiving party may thereafter comply with such legal process as required by law. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any order requiring production of confidential information covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

19. In addition to the above designations and provisions, either party may designate material, using the same methods as for CONFIDENTIAL material, as EXPORT CONTROLLED INFORMATION. The party receiving any material designated as EXPORT CONTROLLED INFORMATION shall comply with all applicable laws and regulations

regarding the disclosure or dissemination of such information, regardless of any other designation the material may bear pursuant to this Order.

20. The restrictions imposed by this Order may be modified or terminated only by written stipulation of all parties or by the order of this Court. This Order shall survive termination of this action.

21. This Protective Order does not abridge and is without prejudice to the rights of a party to oppose or object to the disclosure, production, use or admissibility of any evidence or to refuse to disclose or produce anything based on any available legal grounds or objections.

IT IS SO ORDERED this 25th day of August, 2009.

/s/ REP
United States District Court Judge
Robert E. Payne

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| E. I. du Pont de Nemours and Company, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 3:09cv58 |
| Kolon Industries, Inc. | ) ) ) | |
| Defendant. | ) ) | |

## CONSENT FORM

I hereby acknowledge that I am to have access to information designated in this action as CONFIDENTIAL material (or CONFIDENTIAL-ATTORNEYS' EYES ONLY material), if permitted by the terms of the Parties' Agreed Protective Order, in the captioned action. I certify my understanding that such information has been provided to me pursuant to the terms and restrictions of the Agreed Protective Order, under paragraph 3 thereof, and that I have been given a copy of and have read said Agreed Protective Order and agree to be bound by the terms thereof.

Dated:_____    Signature:_____

                                                               Print Name:_____

                                                               Address:  _____

                                                                                      _____