IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FEB - 3 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

E.I. DU PONT DE NEMOURS
AND COMPLANY,

    Plaintiff,

v.                                          Civil Action No. 3:09cv58

KOLON INDUSTRIES, INC.,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the MOTION FOR
JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)
(Docket No. 102) filed by Defendant and Counterclaimant
Kolon Industries, Inc.  For the reasons discussed below,
the motion will be granted.

## BACKGROUND

In a recent memorandum opinion, E.I. du Pont de
Nemours & Co. v. Kolon Industries, No. 3:09-CV-58, 2009
U.S. Dist. LEXIS 118212 (E.D. Va. Dec. 18 2009), the Court
dismissed, with leave to amend, the Second Amended
Counterclaim of Kolon Industries, Inc. ("Kolon").  This
counterclaim alleged monopolization and attempted
monopolization in violation of Sherman Act § 2 and Clayton
Act § 16.  The Court found deficiencies in Kolon's

allegations respecting both the geographic market and the anticompetitive conduct in which the Plaintiff, E.I. du Pont de Nemours and Co. ("DuPont") purportedly engaged. The opinion noted that, should Kolon choose to amend, the counterclaim would be severed and tried separately from the claims in DuPont's Complaint, which centered around Kolon's alleged misappropriation of trade secrets. Well before issuing this opinion, the Court had recognized the separateness of Kolon's counterclaim from DuPont's claims, staying discovery on the antitrust counterclaim while considering its legal sufficiency.

Rather than amend its counterclaim a third time, Kolon indicated its intent not to reamend and moved for entry of final judgment of its counterclaim pursuant to Fed. R. Civ. P. 54(b). Kolon has also filed a notice of appeal to the Fourth Circuit, which, although premature,[1] indicates its intention to litigate this issue on appeal, as opposed to attempting to further litigate it in this Court. Kolon asserts that, because its counterclaims are clearly distinct from DuPont's claims, "there is no just reason to delay" entry of final judgment on its counterclaim.

---

[1]    Kolon recognizes that a notice of appeal should ordinarily not be filed until notice of final judgment on a claim, but filed the notice anyway "to protect against any possibility that" the order dismissing its counterclaim with leave to amend would be considered a final and appealable order even without a certification pursuant to Fed. R. Civ. P. 54(b).

DuPont, however, opposes the motion. Characterizing a Rule 54(b) certification as an "exceptional remedy," it asserts that Kolon is unable to "identify any undue hardship that would justify the need for an immediate appeal relating only to its antitrust counterclaim." It further notes that piecemeal appeals should be avoided when possible, and posits, with remarkable optimism, that evidence unearthed during discovery on DuPont's claims "could potentially show that Kolon would not have been a viable competitor absent its theft of DuPont's trade secrets," which would divest Kolon of standing to bring its antitrust counterclaim, thus mooting any proceedings that would occur in the Fourth Circuit on the counterclaim.

The matter has been fully briefed, and the issues are ripe for resolution.

### DISCUSSION

Federal Rule of Civil Procedure 54(b) reads, in pertinent part, as follows:

> Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim-- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

As other circuits have recognized, and as DuPont does not dispute, a claimant's decision not to replead when it is given leave to do so renders the Court's judgment on the claim final. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064 (9th Cir. 2004); Kittay v. Kornstein, 230 F.3d 531, 541 n.8 (2d Cir. N.Y. 2000).

The finality of the Court's decision as to Kolon's counterclaim, however, does not automatically lead to a right of immediate appeal. As stated by the Supreme Court in Curtiss-Wright Corp. v. General Electric Co.,

> Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised "in the interest of sound judicial administration."

446 U.S. 1, 8 (U.S. 1980) (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435-37 (1956)). Factors to be considered in exercising this discretion include "the equities involved," "whether the claims under review were separable from the others remaining to be adjudicated," and whether an appellate court would have to address any underlying issue "more than once even if there were subsequent appeals." Id. The Fourth Circuit, in Braswell

Shipyards v. Beazer E., Inc., 2 F.3d 1331, 1335 (4th Cir. 1993) identified other factors, including the possibility that further proceedings in the district court might moot the need for appellate review, and "miscellaneous" considerations such as "shortening the time of trial." It is the burden of the moving party to show that, for whatever reason, its claim warrants Rule 54(b) certification. Id.

As both Curtiss-Wright and Braswell make very clear, the inquiry is case-specific. Because of the fact-intensive, case-by-case nature of the decision whether to certify a judgment as final pursuant to Rule 54(b), it is important for the Court thoroughly to explain, on the record, its reasons for so doing. Bell Microproducts, Inc. v. Global-Insync, Inc., 20 F. Supp. 2d 938, 943 (E.D. Va. 1998) (citing Braswell, 2 F.3d at 1335).

As a threshold matter, the Court's decision, followed as it is by Kolon's decision not to replead its counterclaim, is final. Neither party disputes that, without regard to events that may unfold concerning DuPont's claim, the Court will not revisit the viability of Kolon's counterclaim unless instructed to do so by the Fourth Circuit.

Furthermore, there is no just reason for delay. Several factors, discussed below, compel the Court to issue Kolon a final judgment on its counterclaim.

The primary reason supporting certification under Rule 54(b) is that the claims are completely distinct. They are founded upon on different facts and controlled by different law. Although the Court's decision whether to enter judgment on one of multiple claims is "tilted from the start against fragmentation of appeals," Braswell, 2 F. 3d at 1335 (citations omitted), when the certification of a counterclaim as final does not lead to fragmentation of any underlying issues, the principal presumption against certification loses its force.

In this matter, the Court and all parties have recognized that Kolon's antitrust counterclaims are fully separate and distinct from DuPont's trade-secret-driven claims. Although DuPont's claims and Kolon's counterclaims concern the same parties and the same product, the similarities end there. Different evidence is required to prove each one, and the success of one party on its claims is, at most, minimally relevant to the success of the opposing claims. DuPont's contention that the claims are not "clearly distinct" is without merit, particularly given DuPont's fervent (and successful) argument that this Court

stay antitrust discovery while the Court considered the viability of Kolon's counterclaims, even while discovery on DuPont's claims continued. While the distinctness of Kolon's counterclaims from DuPont's claims may now be less convenient for DuPont, it is no less evident.

As to the possibility that the need for appellate review could be mooted, this factor cannot carry the weight DuPont places upon it. While it is conceivable that an appellate court could avoid the complex questions presented by the substantive merits of Kolon's counterclaim by resting its holding on standing, there is no such likelihood of this occurring as to play any significant role in the Court's decision. Indeed, the chances appear slim that the mootness scenario DuPont describes -- in which Kolon would lose its standing to bring an antitrust counterclaim during the proceedings on DuPont's claims in this Court -- would come to pass.

Because Kolon's counterclaims are distinct from DuPont's claims, and because considerations of judicial administration favor granting Kolon's motion for Rule 54(b) certification, further analysis of other factors does not affect the outcome of this case. The Court observes, however, that the parties spend considerable space in their briefs on the issue of whether Kolon has demonstrated

hardship sufficient to warrant certification. Kolon asserts that it is prejudiced by delay because it continues to operate in an anticompetitive market. That argument, of course, assumes a circumstance that Kolon has not yet proven (and indeed, has not yet adequately pled). However, the consideration of hardship to the parties does not favor DuPont either, because DuPont is not significantly prejudiced by litigating the counterclaim now on appeal, as opposed to later, after the merits of its own claims are adjudicated at trial. Overall, both parties overstate the significance of the hardship to Kolon if its certification motion is denied.[2] The bottom line is that, in this case, the hardship factor is a wash.

As a final, "miscellaneous" consideration that impacts judicial administration, the Court notes the unsettled legal questions that Kolon's counterclaim has engendered. The Court recognizes that the Fourth Circuit rejects Rule 54(b) certification made solely because a claim raises "issues of first impression," Braswell, 2 F.3d at 1336, and that the primary justification for certification in the

---

[2]     DuPont misstates Braswell as requiring that Kolon demonstrate "undue hardship" for the Court to enter an immediately appealable judgment on its counterclaim. DuPont Oppo. Memo. at 3. However, Braswell explicitly indicates that "[t]he chief purpose of a Rule 54(b) certification is to prevent piecemeal appeals," noting only that Rule 54(b) "*also allows* the district court to provide relief" in the face of hardship to a litigant who must otherwise wait for an appeal. Braswell, 2 F.3d at 1335 (emphasis added).

case at bar is the distinctness of Kolon's counterclaims from DuPont's claims.[3] Nonetheless, the Court sees significance in the complexity of, and the dearth of precedential guidance respecting, the issues (particularly those relating to geographic market definition) raised in Kolon's counterclaim. Early appellate review provides greater value in a case such as this one, where, if Kolon is allowed to proceed to discovery on its claims, all parties would benefit from an assured definition of the legal issues around which the long and expensive process of antitrust discovery will be focused. Thus, certification is appropriate not because the law is unsettled but, in addition to the reasons given above, because if the decision of this Court is an incorrect one, a decision settling the issue (at least in this Circuit) would significantly improve the course of discovery and case management.

---

[3] This same factor -- whether the claim on which a party seeks appellate review is distinct from or intertwined with claims remaining to be resolved in district court -- was also the primary rationale for the finding in Braswell that Rule 54(b) certification was improper. See id. ("[M]ost troubling with this case is the interrelationship of the [claims sought to be certified] and the [unappealed] claims pending below.").

## CONCLUSION

For the foregoing reasons, there is no just reason for delay in entering final judgment on Kolon's counterclaim. Thus, the MOTION FOR FINAL JUDGMENT PURSUANT TO RULE 54(B) (Docket No. 102) will be granted.

It is so ORDERED.

_____/s/_____   REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:   February 3, 2010