IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

E.I. DUPONT DE NEMOURS AND CO.,

    Plaintiff,

v.                                            Civil Action No. 3:09cv58-REP

KOLON INDUSTRIES, INC., et al.,

    Defendants.

## FIRST REPORT OF SPECIAL MASTER

By Order entered March 16, 2010 ("Appointment Order"), the Court appointed the undersigned as Special Master to assist in the resolution of specified disputes that have arisen during discovery. This report is submitted pursuant to paragraph (5) of the Appointment Order, which requires that "after consulting with the parties, and assessing the nature of the problems presented by the duties herein assigned," the Special Master is to advise the Court of a reasonable time limit for the completion of the duties herein specified.

The underlying dispute concerns the designation by the parties, pursuant to an agreed protective order entered on August 26, 2009, of various documents as "Attorneys' Eyes Only ('AEO')." Each party has objected to AEO designations made by its adversary. Those disputes are generally identified in the record and need not be repeated for purposes of this report. The task of the Special Master is to recommend a resolution of the parties' objections regarding each other's AEO designations.

On March 23, 2010, after preliminary informal contacts with counsel for the parties, I held a telephone conference. The parties appeared, by counsel, and lead counsel for the parties participated in the conference as requested. The scope of the dispute and possible means for resolving it in an orderly manner were discussed. Subsequently, I issued a letter dated March 26, 2010, setting forth initial steps to be taken by the parties to narrow the scope of their dispute. Both parties responded by de-designating a significant number of documents.

As a result of the de-designation process, the scope of the dispute is:

(1) DuPont originally produced approximately 133 documents on an AEO basis to which Kolon made objection, and which DuPont would not agree to de-designate; and

(2) DuPont has since agreed to de-designate, or to redact and de-designate, at least 26 of those 133 documents, leaving a balance of 107 documents over which DuPont claims AEO-protection.

(3) Kolon originally produced 270 documents on an AEO basis to which DuPont made objection, and which Kolon would not agree to de-designate.

On April 8, 2010, the parties provided me with copies of the disputed documents identified above. Kolon's are provided on a CD; DuPont's are provided in hard copy.

Of the 270 documents submitted by Kolon, 240 are either entirely or partially written in the Korean language. After consultation with counsel for both parties, I learned that counsel have obtained informal translations of these documents for their own working purposes, but that neither has engaged a neutral translator to prepare a definitive translation of the documents. By letter dated April 23, 2010, I directed the parties to

identify a mutually acceptable translation service, and to engage that service to translate the documents and certify the accuracy of the translations. The expense of the translation is to be split evenly between the parties. This is to be accomplished, and the translations delivered to the Special Master, by May 14, 2010. This should generate a translation of each document that is free of any claim of work product protection and that can be relied on by the parties and the Court for purposes of resolving this dispute. Although I have not imposed it as a requirement, I have encouraged counsel to consider the requirements for the admissibility of translated documents under the applicable federal rules. By complying with those requirements now, the parties may be able to stipulate the accuracy of the translations of these documents if later offered in evidence, and avoid additional translation-related expense.

Each party, as requested, submitted on an *ex parte* basis a letter that generally characterizes the documents it seeks to maintain in AEO status. Those letters will be used solely for the purpose of making a preliminary assessment of the documents, with the understanding that the parties will have an opportunity to place their respective positions on the record at a later date with regard to any disputed document.

I expect the parties to provide the requested translations on a timely basis. With all contested documents in hand, I intend to complete my preliminary review no later than May 18, 2010. Thereafter, before the Special Master makes a final recommendation and report to the Court, it will be necessary to give each party an opportunity, with regard to each document, to place in the record its precise reasons for seeking AEO status, and its precise objections to each document that is alleged to be wrongly categorized by its adversary.

Having considered directing the parties to submit briefs as a means of making the necessary record, I conclude that doing so is inefficient in this situation. The parties' informal, *ex parte* submissions have satisfied me that further written submissions will not provide sufficient detail and flexibility for me to gain an understanding of the context in which each document was collected or created, or the prejudice that would be worked by removing its AEO designation. Rather than reading briefs, which will likely raise questions that require further clarification, I shall set a date for an on-the-record hearing.

At the hearing, I shall ask counsel to address each of its client's documents and explain with specificity the basis for asserting its AEO status. Opposing counsel will then have the opportunity, after hearing such explanation, to note in detail any objection to the AEO designation. Given the assertion by both parties, through their counsel, that their AEO documents are so commercially sensitive that disclosure could result in significant commercial or competitive harm, I shall conduct the hearing *in camera* and direct that the hearing transcript be placed under seal consistent with the requirements of the Local Rules. The hearing transcript will be transmitted to the United States District Judge to document the fact-finding process informing the Special Master's recommendations. The sealing of the hearing transcript relating to the resolution of this discovery dispute shall not constitute a recommendation by the Special Master that the disputed documents be sealed for any other purpose, and any further or later public disclosure of such documents when offered for evidentiary purposes will be subject to future rulings by the Presiding Judge under applicable law.

After consultation with the Court, I shall obtain the best and most convenient dates for the conduct of the hearing described above. I shall contact counsel promptly

thereafter to set a firm date for an on-the-record hearing. My intention is to complete the hearing no later than May 21, 2010. My report and recommendations will be submitted to the Court within seven (7) days of completing the hearing.

Should the Court have any questions about the proposed process, I shall respond promptly.

Respectfully submitted,

Craig T. Merritt
*Special Master*

_____
Craig T. Merritt (VSB No. 20281)
Christian & Barton, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Tel.:  (804) 697-4100
Fax:  (804) 697-4112