IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| E.I. DUPONT DE NEMOURS AND CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:09cv58 |
| ) | |
| KOLON INDUSTRIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## [PROPOSED] ORDER

By Order dated March 16, 2010, the Court appointed the Special Master to review the designation by both parties of documents under the "Confidential – Attorneys' Eyes Only" designation ("AEO Designation") permitted under the Agreed Protective Order entered herein (Docket No. 128) and to take all actions necessary to resolve the parties' disputes concerning the alleged over-use of the AEO Designation.

On August 19, 2010, the Special Master submitted his Report and Recommendations, prepared after his review of the disputed documents, as well as the written submissions and oral argument of counsel for the parties. The Court has accepted the July 14 and July 20, 2010, hearing transcripts and certain memoranda submitted to the Special Master by the parties for filing under seal, pursuant to the procedures required by Local Rule 5.

The Special Master's Report and Recommendations addresses each of the disputed documents submitted for consideration by the parties, recommending that the objections to each document be (1) overruled, (2) sustained, or (3) sustained in part, but made subject to a proposed new provision in the Agreed Protective Order.

The Special Master proposes to add the following new Paragraph 22 to the Agreed Protective Order to accommodate the "Modified AEO Document" status described in his Report and Recommendations at Part I.E:

"22. With regard to documents identified as Modified AEO Documents in the Report and Recommendations of the Special Master dated August 17, 2010, the non-producing party may designate no more than a total of two (2) employees who work only in a technical or engineering capacity to review such documents for the sole purpose of verifying whether any document is a copy of records created by the non-producing party or is derived from such records, and to advise the non-producing party whether the information therein was considered a trade secret at the times relevant to the allegations in this action. No person designated under this provision shall be a member of the non-producing party's in-house legal staff, nor shall such person be involved in (a) decision-making concerning the marketing of aramid fiber products or (b) any other business decision relating to competition between the parties to this action. Each person designated under this paragraph shall sign a consent in the form attached to this Order as Exhibit A, and may only discuss the documents reviewed with persons who enjoy 'Confidential --Attorneys' Eyes Only' access under this Order."

Having reviewed the Report and Recommendations of the Special Master, and determining that it is in the interest of justice so to do, the Court hereby ORDERS that:

(1) the parties' objections to the AEO status of the disputed documents are hereby SUSTAINED or OVERRULED as set forth in the Report and Recommendations of the Special Master, for the reasons stated therein, which are incorporated by reference;

(2) where an objection to the AEO status of a document has been SUSTAINED, such document shall continue to be treated by the parties as "Confidential" under the terms of the Agreed Protective Order;

(3) the AEO status of certain documents is hereby MODIFIED as set forth in the Report and Recommendations of the Special Master, for the reasons stated therein, which are incorporated by reference; and

(4) the Agreed Protective Order be, and is hereby, amended to include the new Paragraph 22 recommended by the Special Master, as set forth in full above.

It is so ORDERED

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 1, 2010

#1075119