

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

E.I. DUPONT DE NEMOURS AND CO.,

    Plaintiff,

v.                                        Civil Action No. 3:09cv58

KOLON INDUSTRIES, INC.,

    Defendant.

## ORDER MODIFYING PROTECTIVE ORDER

Having considered Plaintiff E.I. du Pont de Nemours and Company's MOTION TO MODIFY THE AGREED PROTECTIVE ORDER (Docket No. 1080), and for good cause shown, it is hereby ORDERED that the Agreed Protective Order should be modified as set forth below.

Paragraph 18 shall read as follows:

18. If any party is subpoenaed or subject to any other demand or legal process seeking Designated Material (other than its own confidential information), that receiving party shall give prompt written notice, by hand, facsimile or electronic transmission, to the party that produced such information within ten (10) business days of receipt of such subpoena, demand, or legal process, and shall object to its production to the extent permitted by law. Should the person seeking access to Designated

Material take action against a receiving party or anyone else covered by this Order to enforce such a subpoena, demand, or other legal process, that party shall first respond by setting forth the existence of this Order and shall give prompt written notice to the producing party of such action by hand, facsimile, or electronic transmission within ten (10) of any such action. If no action is taken by the producing party within ten (10) business days following the notice of legal process or notice of action by the person seeking access, whichever is later, to prevent compliance with such legal process, the receiving party may thereafter comply with such legal process as required by law. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any order requiring production of confidential information covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or seek any relief from the Court. However, the terms and conditions of this Order, including the requirements set forth in this section, shall not apply to subpoenas from federal grand juries in the Eastern District of Virginia. In addition, the terms and conditions of this Order, including the requirements set forth in this section, shall not apply to: (i) a party's own documents provided to the Korean federal prosecutor or Korean Federal Trade Commission ("KFTC"); (ii) documents requested by the Korean federal

prosecutor or KFTC; (iii) deposition testimony of any witness in this case provided to the Korean federal prosecutor or KFTC; or (iv) documents that a party provides to the Korean federal prosecutor or KFTC to address allegations against that party. If either party produces documents originally created by the other party to the Korean federal prosecutor or KFTC, the producing party shall provide the other party with a list of the produced documents within three (3) days of production.

It is further ORDERED that, by oral agreement of the parties, Plaintiff's MOTION TO MODIFY THE AGREED PROTECTIVE ORDER (Docket No. 275) is DENIED AS MOOT.

It is SO ORDERED.

/s/ /REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 1, 2011