IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| E. I. du PONT de NEMOURS AND COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:09-CV-58 |
| ) | |
| KOLON INDUSTRIES, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**KOLON INDUSTRIES, INC.'S MOTION TO RESTRICT ADVERSE-INFERENCE INSTRUCTIONS AND LIMIT PARTY REFERENCES TO SUCH INSTRUCTIONS IN OPENING STATEMENTS**

Jeffrey G. Randall (admitted *pro hac vice*)
Scott M. Flicker (admitted *pro hac vice*)
**PAUL, HASTINGS, JANOFSKY**
**& WALKER LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
jeffreyrandall@paulhastings.com
scottflicker@paulhastings.com

Dana J. Finberg (Virginia Bar No. 34977)
**SNR DENTON, U.S. LLP**
1530 Page Mill Road, Suite 200
Palo Alto, California 94304-1125
Telephone: (650) 798-0310
dfinberg@snrdenton.com

Thomas P. O'Brien (admitted *pro hac vice*)
**PAUL, HASTINGS, JANOFSKY**
**& WALKER LLP**
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, California 90071
Telephone: (213) 683-6000
thomasobrien@paulhastings.com

Rhodes B. Ritenour (Virginia Bar No. 71406)
Christina D. Trimmer (Virginia Bar No. 78417)
**LECLAIRRYAN**
951 East Byrd Street, Eighth Floor
Riverfront Plaza, East Tower
Richmond, Virginia 23219
Telephone: (804) 916-7106
rhodes.ritenour@leclairryan.com
christina.trimmer@leclairryan.com

*Attorneys for Kolon Industries, Inc*

I.  **INTRODUCTION**

In its Memorandum Opinion regarding spoliation (D.I. 1249), this Court stated that it will issue two types of adverse-inference instructions as a sanction against Kolon Industries, Inc. ("Kolon"). First, the Court will instruct the jury that it may "infer that the unrecoverable deleted information would have been helpful to DuPont and harmful to Kolon." D.I. 1249, at 87. Second, the jury will be "told that the fact of deletion, without regard to whether the deleted material was recovered, may be taken into account in assessing the element of Kolon's intent and knowledge." *Id.* at 87-88. Although the Court has not yet disclosed the actual instruction it plans to give, Kolon hereby moves that the Court, in accordance with law, (1) restrict the unrecovered-document adverse inference instructions to issues for which E.I. du Pont de Nemours and Company ("DuPont") has demonstrated relevance of an unrecovered document; (2) restrict the deleted-document instruction regarding knowledge or intent to those issues where the culpable employee's knowledge or intent is the basis for imputing knowledge or intent to Kolon; (3) give the adverse inference instruction only during or after trial, after relevant evidence has been introduced; (4) craft the instruction to avoid any false inference by the jury that Kolon engaged in a corporate policy to destroy evidence, or that most evidence was destroyed; and (5) bar or restrict DuPont from highly inflammatory discussion of the adverse-inference instruction during its opening statements.

II.  **ARGUMENT**

    A.  **This Court Should Restrict The Unrecovered-Document Adverse Inference Instruction To Issues For Which DuPont Has Established The Document's Relevance.**

Adverse inference instructions are not dispensed *en gross* as to all issues in the case. "To draw an adverse inference from the absence, loss or destruction of evidence, it would have to

appear that the evidence would have been relevant to an issue at trial *and otherwise would naturally have been introduced into evidence.*" *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995) (emphasis added). A party is only entitled to an adverse inference instruction if "the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Jandreau v. Nicholson*, 492 F.3d 1372, 1375 (Fed. Cir. 2007) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)) (internal quotation marks omitted).

Thus, at trial, the inference is only proper as to those specific issues for which DuPont has established the unrecovered document's relevance. "[A] party seeking an adverse inference may rely on circumstantial evidence to suggest the contents of destroyed evidence. It then becomes a matter for the jury to decide, based on the strength of the evidence presented, whether the documents likely had such content." *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 110 (2d Cir. 2001). "Although the issue of whether evidence was destroyed with a 'culpable state of mind' is one for a court to decide in determining whether the imposition of sanctions is warranted, whether the materials were in fact unfavorable to the culpable party is an issue of fact to be determined by the jury." *Residential Funding Corp.,* 306 F.3d at 109, n.4 (citing *Byrnie,* 243 F.3d at 109-10). "Accordingly, a court's role in evaluating the 'relevance' factor in the adverse inference analysis is limited to insuring that the party seeking the inference had adduced enough evidence of the contents of the missing materials such that a reasonable jury *could* find in its favor." *Id.* (emphasis in the original).[1]

---

[1] This Court employed a presumption of relevance from the intentional destruction of evidence in deciding that spoliation occurred. D.I. 1249, at 60-61. But it is still DuPont's burden to establish, even based on circumstantial evidence, the probable subject matter of the document, in order for the jury to apply an adverse inference that those contents would have favored DuPont
(continued...)

Thus, for example, if DuPont established that an unrecovered document was relevant to its claim of misappropriation of Mitchell documents, an adverse-inference instruction may be delivered as that issue, but not as to misappropriation of Schulz documents. Moreover, an adverse-inference instruction "does not relieve [DuPont] of having to prove the elements of its claims," and DuPont has to submit evidence to the finder of fact establishing that the document would have assisted the misappropriation claim at issue. *3M v. Pribyl*, 259 F.3d 587, 606 n.5 (7th Cir. 2001).

> **B.      This Court Should Restrict The Deleted-Document Instruction To Those Issues Where The Culpable Employee's Knowledge Or Intent Is The Basis For Imputing Knowledge Or Intent To Kolon.**

DuPont is not entitled to an instruction that the bad-faith destruction of evidence by certain employees is relevant to all questions of Kolon's knowledge or intent. That is not how imputation works. Corporations do not have collective knowledge or intent; rather, it must be established that an individual has knowledge or intent that is then imputed to the corporation. *Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 707-08 (7th Cir. 2008). Thus, if at trial DuPont is seeking to establish an individual spoliator's knowledge or intent as a basis for imputation of knowledge or intent to Kolon, it may receive an adverse-inference instruction on that issue under the Court's order. But if for a given issue, DuPont is not relying on proof of a another employee's knowledge or intent to establish Kolon's, then another employee's spoliation

---

(...continued)
on the disputed issue of fact. DuPont is not entitled, from the intentional destruction of any one document, to an adverse inference on every issue in the case. Nor should DuPont be entitled to an adverse inference instruction as to all trade-secret claims at issue in the case, especially when DuPont had dismissed numerous trade-secret claims subsequent to the filing of its complaint and the instances of spoliation.

is not probative of Kolon's knowledge and intent, and the deleted-document adverse inference instruction should not be given.

### C. The Court Should Give The Adverse Inference Instruction Only During Or After Trial, After Relevant Evidence Has Been Introduced.

Because both the unrecovered-document and deleted-document instructions are limited to certain issues, and highly dependent on the specific facts that will be contested at trial, this Court should not give a blanket adverse-inference instruction before trial. Such an instruction risks confusion of the jury, and the application of adverse inferences even to issues where they are not relevant. Even more critically, a pre-trial instruction improperly risks poisoning the jury against Kolon, when from the jury's perspective adverse-inference instructions should be evidentiary and not punitive. Like any other evidentiary instruction, the contemplated adverse-inference instruction should be given only during or after trial, after relevant evidence has been introduced.

### D. The Court Should Craft The Instruction To Avoid Any False Inference By The Jury That Kolon Engaged In A Corporate Policy To Destroy Evidence, Or That Most Evidence Was Destroyed.

This Court specifically rejected DuPont's contention that "Kolon encouraged and countenanced a policy of widespread deletion by key employees, or that widespread, concerted deletion among key employees was afoot during the days following the filing of the Complaint." D.I. 1249, at 65-66. The Court further found that "[t]he record does not support a finding of conspiracy to delete relevant files and email items among Kolon's employees." *Id*. at 66. To the contrary, Kolon issued two litigation hold orders, although its communication and monitoring of those orders was inadequate. *Id.* Kolon was also able to recover the "overwhelming majority" of documents that were deleted and produce them to DuPont. *Id.* at 86. Nonetheless, the Court found that "key employees, who were likely to have relevant evidence, intentionally deleted

- 4 -

relevant files and email items from their personal computers after Kolon's duty to preserve had been triggered and with knowledge of the filing of DuPont's Complaint." *Id.* at 66.

Kolon is gravely concerned that, if only the latter fact is disclosed to the jury, the jury will draw an improper and inaccurate conclusion from the spoliation instruction that Kolon is a bad corporate actor and that will taint the jury's evaluation of Kolon's liability. To avert unfair prejudice, Kolon respectfully requests that the Court preface its adverse-inference instruction, whenever given, with two or three sentences stating the Court's findings of (1) the absence of any policy encouraging or countenancing deletion or corporate conspiracy to destroy evidence; (2) the prompt issuance of preservation orders, albeit ones that were inadequately communicated and monitored; and (3) the recovery and production to DuPont of the overwhelming majority of deleted documents.

**E.      This Court Should Bar Or Restrict DuPont From Highly Inflammatory Discussion Of The Adverse-Inference Instruction During Its Opening Statements.**

DuPont has expressed its eagerness to emphasize the spoliation and adverse inferences during its opening statements, intending to inflame the jury against Kolon and paint it as a bad corporate actor despite the Court's findings to the contrary. Not only is this unfairly prejudicial, but any reference to spoliation and adverse inferences is improper until the instruction is properly crafted and until the Court has resolved the issues raised in this motion. Moreover, allowing DuPont to tout this instruction at the outset of and throughout the case improperly emphasizes this instruction over the remaining instructions that will be given to the jury at the conclusion of the case. To the extent DuPont is permitted to refer to adverse inferences, they should be limited to discussion of specific issues for which it can establish relevance.

### III. CONCLUSION

For the foregoing reasons, Kolon respectfully requests this Court to grant its Motion and (1) restrict the adverse inference instructions to issues for which DuPont has demonstrated relevance of an unrecovered document; (2) restrict the instruction regarding knowledge and intent to those issue where the culpable employee's knowledge or intent is at issue as the basis for imputing knowledge or intent to Kolon; (3) give the adverse inference instruction only during or after trial, after relevant evidence has been introduced; (4) craft the instruction to avoid any false inference by the jury that Kolon engaged in a corporate policy to destroy evidence, or that most evidence was destroyed; and (5) bar or restrict DuPont from highly inflammatory discussion of the adverse-inference instruction during its opening statements.

Respectfully submitted this 22nd day of July, 2011.

/s/
Christina D. Trimmer (Virginia Bar No. 78417)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7117
Facsimile: (804) 916-7217
christina.trimmer@leclairryan.com

Rhodes B. Ritenour (Virginia Bar No. 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
Telephone: (804) 916-7106
Facsimile: (804) 916-7206
rhodes.ritenour@leclairryan.com

Dana J. Finberg (Virginia Bar No. 34977)
**SNR DENTON U.S. LLP**
1530 Page Mill Road, Suite 200
Palo Alto, CA 94304-1125
Telephone: (650) 798-0375
Facsimile: (650) 798-0310
dfinberg@snrdenton.com

Scott M. Flicker (admitted *pro hac vice*)
Jeffrey G. Randall (admitted *pro hac vice*)
**PAUL, HASTINGS, JANOFSKY**
**& WALKER LLP**
875 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 551-1700
Facsimile: (202) 551-1705
scottflicker@paulhastings.com
jeffreyrandall@paulhastings.com

Thomas O'Brien (admitted *pro hac* vice)
**PAUL, HASTINGS, JANOFSKY**
**& WALKER LLP**
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705
thomasobrien@paulhastings.com

**Attorneys for Kolon Industries, Inc.**

# CERTIFICATE OF SERVICE

      I hereby certify that on the 22nd day of July, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel named below.

Brian C. Riopelle (VSB #36454)
Rodney A. Satterwhite (VSB #32907)
Howard Feller (VSB #18248)
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, Virginia  23219
Telephone:  (804) 775-1000
Facsimile:  (804) 775-1061
rsatterwhite@mcguirewoods.com
briopelle@mcguirewoods.com
hfeller@mcguirewoods.com

Kent A. Gardiner (*pro hac vice*)
Michael J. Songer (*pro hac vice*)
Stephen M. Byers (*pro hac vice*)
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Telephone:  (202) 624-2500
Facsimile:  (202) 628-5116
kgardiner@crowell.com
msonger@crowell.com
sbyers@crowell.com

**Attorneys for E. I. du Pont de Nemours and Company**

By:             /s/
Christina D. Trimmer (Virginia Bar No. 78417)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia  23219
Telephone:  (804) 916-71017
Facsimile:  (804) 916-7217
christina.trimmer@leclairryan.com

**Attorneys for Kolon Industries, Inc.**

LEGAL_US_E # 94118682.3