IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| E.I. du PONT de NEMOURS AND COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 3:09CV00058 |
| KOLON INDUSTRIES, INC., | ) ) ) |
| Defendant. | ) ) ) ) |

**PLAINTIFF E.I. DU PONT DE NEMOURS AND COMPANY'S
OPPOSITION TO KOLON INDUSTRIES, INC.'S MOTION TO
RESTRICT ADVERSE-INFERENCE INSTRUCTIONS AND LIMIT
PARTY REFERENCES TO SUCH INSTRUCTIONS IN OPENING STATEMENTS**

Plaintiff E.I. du Pont de Nemours and Company ("DuPont"), by counsel, respectfully submits this memorandum in opposition to Kolon Industries, Inc.'s ("Kolon") Motion to Restrict Adverse-Inference Instructions and Limit Party References to Such Instructions in Opening Statements.

**INTRODUCTION**

Kolon's latest Motion continues its practice of trying to have yet another bite at the apple and extend the litigation of issues that have been the subject of thorough and extensive discovery, evidentiary hearings, briefing and argument, and that have been ruled on in a painstakingly detailed 91-page opinion. Kolon's principal argument would essentially treat the prior proceedings and the Court's ruling as if they never happened, and would, in effect, require DuPont not only to re-prove the relevance of the evidence destroyed by Kolon, but to do so on a

1

document-by-document and spoliator-by-spoliator basis. Kolon's position is both illogical and unsupported in the law. It was Kolon, after all, that not only caused evidence to be destroyed, but did so willfully and in bad faith. Based on the substantial factual record and relevant case law, the Court was well within its discretion to hold that the relevance of the deleted materials has been established through both a presumption and the "more than ample evidence" presented by DuPont. The Court was further within its discretion to hold that an appropriate curative remedy is to give instructions sufficient to inform the jury of Kolon's spoliation, and to allow the jury to presume the relevance of the evidence that Kolon destroyed. Kolon's Motion, and its attempt to restrict both this Court and DuPont's counsel from informing the jury in accordance with the Court's ruling, therefore should be denied.

## ARGUMENT

### I. KOLON DISREGARDED THE COURT'S INSTRUCTIONS BY FILING ITS MOTION WITHOUT FIRST SEEKING THE COURT'S LEAVE TO DO SO.

As a preliminary matter, Kolon ignored this Court's prior instructions to the parties concerning the filing of further motions in this case, especially with regard to additional motions in response to the Court's spoliation rulings. In March of this year, when the parties filed their second round of motions *in limine*, Kolon also filed a "Notice" asserting its intent to file even more motions *in limine* and other unspecified "papers" in response to the Court's rulings on the spoliation motions that were pending at the time. D.I. 948. On March 22, 2011, the Court entered an Order in response to Kolon's Notice, directing the parties not to file any further motions *in limine* "without specific direction from the Court." D.I. 959. During a conference call the following day, March 23, the Court told counsel for the parties that it did not want "any more papers of any kind" except for responses and replies to the motions already pending. D.I. 994, Mar. 23, 2011 Tel. Conf. Tr. at 7. The Court also specifically told Kolon's counsel, "Don't

be filing anything else now because you've lost your privileges to file any other motions that aren't already on the table." *Id.* at 14.

The Court's ruling on DuPont's spoliation motion resolved issues that have been vetted extensively over multiple days of hearings and at least three rounds of briefing. It was not an invitation for further debate, briefing or motions practice. Kolon therefore ran afoul of the Court's March 22 Order and March 23 oral instructions when it filed its current Motion without first seeking leave of Court to do so.[1]

## II. THE DOCUMENT-BY-DOCUMENT, EMPLOYEE-BY-EMPLOYEE PARSING SOUGHT BY KOLON IS UNNECESSARY, UNPRECEDENTED AND UNWORKABLE.

Kolon suggests that DuPont should be required to prove the relevance of each individual "unrecovered document" in order to justify an adverse inference with regard to the "specific issues" to which each document pertains. Kolon's approach is inherently illogical, ignores the fact that the Court has already ruled on the relevance of the deleted evidence, and has no support in the law.

*First*, it is, by definition, impossible to know (and therefore impossible to prove) the contents of particular documents that have been destroyed. This is why courts have consistently

---

[1] Kolon may attempt to argue that because it did not style its current Motion as a "motion *in limine*," it was not required under the March 22 Order to seek the Court's leave before filing its Motion. That argument would fail on at least two fronts, however. First, for all practical purposes, Kolon's current Motion is a motion *in limine*, regardless of how Kolon styled it. Kolon's Motion seeks to restrict the scope of information that can be provided to the jury, and to limit what DuPont's counsel may say to the jury. The relief sought is consistent with other relief that Kolon has sought in previous motions that it styled as "motions *in limine*." *See, e.g.,* D.I. 444, Kolon's Motion *in Limine* No. 5 (seeking to preclude DuPont's counsel from using the words "theft," "stealing," "piracy" or similar terms in argument to the jury) (motion denied at D.I. 1130). Second, any such argument by Kolon would ignore the Court's admonitions in the March 23 conference. The simple take-home message was that the Court did not want the parties filing further motions – *particularly* any motions in response to the Court's spoliation rulings – without the Court's leave or direction.

held that the standard for proving the relevance of spoliated evidence is low, particularly in cases of willful or bad faith spoliation, because too strict a standard (such as requiring some kind of document-by-document showing) "would allow parties who have destroyed evidence to profit from that destruction." *Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of America Securities, LLC*, 685 F.Supp.2d 456, 468 (S.D.N.Y. 2010) (quoting *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 109 (2d Cir. 2002)) (internal quotations and punctuation omitted). That is exactly the result Kolon is seeking here.

*Second*, the Court has already determined the relevance of the ESI deleted by Kolon that cannot be recovered, and that finding is based on a substantial factual record:

> DuPont . . . is entitled to a presumption of relevance of the unrecoverable files, though the Court notes that DuPont provided more than ample evidence of the relevance to the litigation (both to DuPont's claims and Kolon's defenses) of many of the recovered files and email items ***and the unrecoverable files***.

D.I. 1249, Mem. Op. at 76 (emphasis added). The strong relevance showing that DuPont has already made supports the non-rebuttable presumption instruction that the Court plans to issue.

*Third*, Kolon offers no case law to support the jury instruction that it seeks – indeed, Kolon does not even bother to propose a specific instruction. Kolon suggests that the relevance of the destroyed evidence is the province of the jury rather than the Court, but where to draw that line depends on the facts of a particular case. Where, as here, there is extensive evidence of bad-faith destruction of relevant evidence, the Court is well within its discretion to make a finding regarding relevance, just as it may make findings regarding the duty to preserve evidence and the breach of that duty, that is sufficient to allow the jury to presume relevance. *See Knowlton v. Teltrust Phones, Inc.*, 189 F.3d 1177, 1182-1183 (10th Cir. 1999) (affirming instruction that missing evidence was relevant and material and that the jury *must* presume the evidence would have weighed against the defendant); *see also Pension Comm. of Univ. of Montreal Pension Plan*

4

*v. Banc of America*, 685 F. Supp. 2d 456, 496 (S.D.N.Y. 2010) (jury instructed "as a matter of law" that party "failed to preserve evidence after its duty to preserve arose" and was grossly negligent).

The cases cited by Kolon are not to the contrary. For example, the holding in *Byrnie v. Town of Cromwell*, 243 F.3d 93 (2d Cir. 2001), was grounded in the particular – and very different – facts of that case. *Byrnie* concerned spoliation that was intentional, but not willful or in bad faith, and more importantly, was set in the context of a motion for summary judgment. Thus, the court explained that "a party seeking an adverse inference may rely on circumstantial evidence to suggest the contents of destroyed evidence" and thereby survive summary judgment. *Id.* at 110. The court further stated that "[i]t then becomes a matter for the jury to decide, based on the strength of the evidence presented, whether the documents likely had such content." *Id.* However, there is nothing in *Byrnie* to suggest that where, as here, there is powerful evidence of willful, bad-faith destruction of relevant evidence, the Court may not make its own finding with regard to relevance, or instruct the jury that relevance can be presumed.[2] This flows from the Court's broad discretion to fashion an appropriate remedy. *See Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 589-590 (4th Cir. 2001).

Kolon's contention than an employee-by-employee (or, more accurately, a spoliator-by-spoliator) showing is necessary to support the Court's planned instruction regarding intent is equally infirm. This Court has already rejected Kolon's attempt to divorce itself from the acts of its executives and other agents. D.I. 1249, Mem. Op. at 79-82. Kolon's spoliation is simply one

---

[2] Similarly, there is nothing in *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99 (2d Cir. 2002), to suggest a hard-and-fast rule that would *prohibit* the Court from making such a finding or allowing such a presumption. Moreover, Kolon has cited no precedent from this District or Circuit supporting such a rule.

factor for the jury to consider in determining intent, just as the various actions and statements of its executives and employees are factors that the jury may consider. It is therefore not surprising that Kolon cites no authority for its position beyond a securities fraud case stating that corporate liability under Rule 10b-5 "requires looking to the state of mind of the individual corporate official or officials who make or issue the statement" that is the basis for the alleged fraud. *See Makor Issues & Rights, Ltd. v. Tellabs Inc.*, 513 F.3d 702, 708 (7th Cir. 2008) (internal quotations omitted). Kolon also does not explain how, as a practical matter, the granular jury instructions that it seeks would be issued, or what they would say.

### III. THE INSTRUCTIONS DESCRIBED IN THE COURT'S MEMORANDUM OPINION ARE CLEAR AND WELL-GROUNDED AND DO NOT REQUIRE CONVOLUTED ELABORATION.

The jury instructions described in the Court's Memorandum Opinion are perfectly consistent with its factual findings and will be clear to the jury. The Court found "that key employees, who were likely to have relevant evidence, intentionally deleted relevant files and email items from their personal computers after Kolon's duty to preserve had been triggered and with knowledge of the filing of DuPont's complaint." D.I. 1249, Mem. Op. at 66. The Court has indicated it will incorporate that finding into a straight-forward instruction informing the jury "that certain Kolon executives and employees, after learning that DuPont had sued Kolon, deleted much electronically stored information that would have been available to DuPont for use in presenting its case." *Id.* at 87. There is no need to lard such an instruction with an argumentative presentation of information cherry-picked by Kolon, just as there is no need to add facts that DuPont might want the jury to hear to ensure that it understands the full magnitude of Kolon's conduct – such as the positions many of the spoliators held in dealing with the so-

called "consultants," the specific types of documents targeted for destruction, and the number of files and emails that were deleted.[3]

### IV. AN ORDER LIMITING DUPONT'S OPENING STATEMENT IS UNNECESSARY AND UNWARRANTED.

It is understandable that Kolon is concerned about the effect that learning of its spoliation will have on the jury. But Kolon's spoliation is a fact like any other, and may be discussed by DuPont's counsel in his opening statement. There is no reason DuPont's counsel should be prohibited from addressing this issue, or required to "establish relevance" when, as explained above, it has already been amply established.

### CONCLUSION

For the foregoing reasons, DuPont respectfully requests that the Court deny Kolon's Motion to Restrict Adverse-Inference Instructions and Limit Party References to Such Instructions in Opening Statements.

---

[3] In its Motion, Kolon argues that the Court should not give any pre-trial instructions on spoliation and adverse inferences, and should only give the adverse inference instructions during or after trial, "after relevant evidence has been introduced." As discussed above, Kolon's argument misses the point – the Court has already found that DuPont is entitled to a presumption of relevance and that it provided "more than ample evidence" of the relevance of both recovered and unrecovered e-mails and files. With that being said, DuPont is not asking the Court to give a pre-trial instruction on spoliation and adverse inferences – though it would be within the Court's discretion to give one, if it sees fit to do so.

Dated:  July 24, 2011

Respectfully submitted,

E. I. du Pont de Nemours and Company

/s/ Rodney A. Satterwhite
By Counsel

Rodney A. Satterwhite (VSB # 32907)
rsatterwhite@mcguirewoods.com
Brian C. Riopelle (VSB #36454)
briopelle@mcguirewoods.com
Thomas M. Beshere (VSB #41279)
tbeshere@mcguirewoods.com
Robyn Suzanne Gray (VSB #45418)
rgray@mcguirewoods.com
McGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Tel:  804-775-1000
Fax:  804-775-1061

– and –

Kent A. Gardiner (*pro hac vice*)
Michael J. Songer *(pro hac vice)*
Terence P. Ross (VSB #26408)
Stephen M. Byers (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  202-624-2500
Fax:  202-628-5116
kgardiner@crowell.com
msonger@crowell.com
tross@crowell.com
sbyers@crowell.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 24th day of July, 2011, I served the foregoing via the Court's CM/ECF system, which will send a Notification of Electronic Filing to the following counsel:

Rhodes B. Ritenour (VSB # 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 916-7109
(804) 916-7219 (Fax)
rhodes.ritenour@leclairryan.com

Dana J. Finberg (VSB # 34977)
**SNR DENTON US LLP**
1530 Page Mill Road, Suite 200
Palo Alto, California 94304
(650)-798-0375
(650)-798-0310 (Fax)
dfinberg@snrdenton.com

Scott M. Flicker (*pro hac vice*)
**PAUL, HASTINGS, JANOFSKY
& WALKER LLP**
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700
(202) 551-1705 (Fax)
scottflicker@paulhastings.com

Jeffrey G. Randall *(pro hac vice)*
Michael C. Hendershot *(pro hac vice)*
**PAUL, HASTINGS, JANOFSKY
& WALKER LLP**
1117 S. California Avenue
Palo Alto, California  94304
(650) 320-1850
(650) 320-1950 (Fax)
jeffreyrandall@paulhastings.com
michaelhendershot@paulhastings.com

*Attorneys for Kolon Industries, Inc.*

        /s/ Rodney A. Satterwhite  
Rodney A. Satterwhite (VSB # 32907)  
rsatterwhite@mcguirewoods.com  
Brian C. Riopelle (VSB #36454)  
briopelle@mcguirewoods.com  
Howard Feller (VSB #18248)  
hfeller@mcguirewoods.com  
Thomas M. Beshere (VSB #41279)  
tbeshere@mcguirewoods.com  
Robyn Suzanne Gray (VSB #45418)  
rgray@mcguirewoods.com  
McGUIREWOODS LLP  
One James Center  
901 E. Cary Street  
Richmond, VA 23219  
Tel: 804-775-1000  
Fax: 804-775-1061