JURY INSTRUCTION NO. 1

## BEGINNING OF CHARGE -- PROVINCE OF THE COURT - CIVIL

MEMBERS OF THE JURY:

NOW THAT YOU HAVE HEARD THE EVIDENCE AND THE ARGUMENT, IT BECOMES MY DUTY TO GIVE YOU THE INSTRUCTIONS OF THE COURT AS TO THE LAW APPLICABLE TO THIS CASE.

IT IS YOUR DUTY AS JURORS TO FOLLOW THE LAW AS STATED IN THE INSTRUCTIONS OF THE COURT, AND TO APPLY THE RULES OF LAW SO GIVEN TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE.

COUNSEL HAVE QUITE PROPERLY REFERRED TO SOME OF THE GOVERNING RULES OF LAW IN THEIR ARGUMENTS. IF, HOWEVER, ANY DIFFERENCE APPEARS TO YOU BETWEEN THE LAW AS STATED BY COUNSEL AND THAT STATED BY THE COURT IN THESE INSTRUCTIONS, YOU OF COURSE ARE TO BE GOVERNED BY THE INSTRUCTIONS.

YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

NEITHER ARE YOU TO BE CONCERNED WITH THE WISDOM OF ANY RULES OF LAW STATED BY THE COURT. REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANY OTHER VIEW OF THE LAW THAN THAT GIVEN IN THE INSTRUCTIONS OF THE COURT; JUST AS IT WOULD BE A VIOLATION OF YOUR SWORN DUTY, AS JUDGES OF THE FACTS, TO BASE A VERDICT UPON ANYTHING BUT THE EVIDENCE IN THE CASE.

**JUSTICE THROUGH TRIAL BY JURY MUST ALWAYS DEPEND UPON THE
WILLINGNESS OF EACH INDIVIDUAL JUROR TO SEEK THE TRUTH AS TO THE
FACTS FROM THE SAME EVIDENCE PRESENTED TO ALL THE JURORS; AND TO
ARRIVE AT A VERDICT BY APPLYING THE SAME RULES OF LAW, AS GIVEN
IN THE INSTRUCTIONS OF THE COURT.**

**AUTHORITY: 3 Devitt and Blackmar, Federal Jury Practice and
Instructions, § 71.01 (4th ed. 1987).**

JURY INSTRUCTION NO. 2

**PROVINCE OF THE JURY - CIVIL**

YOU ARE TO PERFORM THIS DUTY WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY. THE LAW DOES NOT PERMIT JURORS TO BE GOVERNED BY SYMPATHY, PREJUDICE, OR PUBLIC OPINION. THE PARTIES AND THE PUBLIC EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT AND REACH A JUST VERDICT, REGARDLESS OF THE CONSEQUENCES.

**AUTHORITY:** 3 Devitt and Blackmar, _Federal Jury Practice and Instructions_, § 71.01 (4th ed. 1987).

JURY INSTRUCTION NO. 3

## ALL PERSONS EQUAL BEFORE THE LAW -- ORGANIZATIONS -- CIVIL

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS OF LIFE. A CORPORATION IS ENTITLED TO THE SAME FAIR TRIAL AT YOUR HANDS AS A PRIVATE INDIVIDUAL. ALL PERSONS, INCLUDING CORPORATIONS, PARTNERSHIPS, UNINCORPORATED ASSOCIATIONS, AND OTHER ORGANIZATIONS, STAND EQUAL BEFORE THE LAW, AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.

AUTHORITY:  3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 71.04 (4th ed. 1987).

JURY INSTRUCTION NO. 4

**JUDGING THE EVIDENCE - CIVIL**

THERE IS NOTHING PARTICULARLY DIFFERENT IN THE WAY THAT A JUROR SHOULD CONSIDER THE EVIDENCE IN A TRIAL FROM THAT IN WHICH ANY REASONABLE AND CAREFUL PERSON WOULD TREAT ANY VERY IMPORTANT QUESTION THAT MUST BE RESOLVED BY EXAMINING FACTS, OPINIONS, AND EVIDENCE.    YOU ARE EXPECTED TO USE YOUR GOOD COMMON SENSE IN CONSIDERING AND EVALUATING THE EVIDENCE IN THE CASE FOR ONLY THOSE PURPOSES FOR WHICH IT HAS BEEN RECEIVED AND TO GIVE SUCH EVIDENCE A REASONABLE AND FAIR CONSTRUCTION IN THE LIGHT OF YOUR COMMON KNOWLEDGE OF THE NATURAL TENDENCIES AND INCLINATIONS OF HUMAN BEINGS.

<u>AUTHORITY</u>: Based on 1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 12.02 (4th ed. 1992).

JURY INSTRUCTION NO. 5

**OBJECTIONS AND RULINGS - CIVIL**

IT IS THE SWORN DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR EXHIBITS WHICH THAT ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE.   ONLY BY RAISING AN OBJECTION CAN A LAWYER REQUEST AND OBTAIN A RULING FROM THE COURT ON THE ADMISSIBILITY OF THE EVIDENCE BEING OFFERED BY THE OTHER SIDE.   YOU SHOULD NOT BE INFLUENCED AGAINST AN ATTORNEY OR HIS OR HER CLIENT BECAUSE THE ATTORNEY HAS MADE OBJECTIONS.

DO NOT ATTEMPT, MOREOVER, TO INTERPRET MY RULINGS ON OBJECTIONS AS SOMEHOW INDICATING TO YOU WHAT I BELIEVE THE OUTCOME OF THE CASE SHOULD BE.

AUTHORITY:  1 Devitt and Blackmar, _Federal Jury Practice and Instructions_, § 11.03 (4th ed. 1992).

JURY INSTRUCTION NO. 6

**COURT'S COMMENTS TO COUNSEL - CIVIL**

IT IS THE DUTY OF THE COURT TO ADMONISH AN ATTORNEY WHO, OUT OF ZEAL FOR HIS OR HER CAUSE, DOES SOMETHING WHICH THE COURT FEELS IS NOT IN KEEPING WITH THE RULES OF EVIDENCE OR PROCEDURE.

YOU ARE TO DRAW ABSOLUTELY NO INFERENCE AGAINST THE SIDE TO WHOM AN ADMONITION OF THE COURT MAY HAVE BEEN ADDRESSED DURING THE TRIAL OF THIS CASE.

AUTHORITY: 1 Devitt and Blackmar, Federal Jury Practice and Instructions, § 11.04 (4th ed. 1992).

JURY INSTRUCTION NO. 7

**COURT'S QUESTIONS TO WITNESS - CIVIL**

DURING THE COURSE OF A TRIAL, I HAVE OCCASIONALLY ASKED QUESTIONS OF A WITNESS.  DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTIONS RELATED.  THE COURT MAY ASK A QUESTION SIMPLY TO CLARIFY A MATTER - NOT TO HELP ONE SIDE OF THE CASE OR HURT ANOTHER SIDE.

AUTHORITY: 1 Devitt and Blackmar, Federal Jury Practice and Instructions, § 11.05 (4th ed. 1992).

JURY INSTRUCTION NO. _8_

**EVIDENCE     IN     CASE-STIPULATIONS-JUDICIAL     NOTICE-INFERENCES PERMITTED- CIVIL**

THE EVIDENCE IN THE CASE CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM; AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM; AND ALL FACTS WHICH HAVE BEEN ADMITTED OR STIPULATED.

WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE AS TO THE EXISTENCE OF A FACT, HOWEVER, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE STIPULATION AS EVIDENCE, AND REGARD THAT FACT AS PROVED. SIMILARLY, BEFORE THE TRIAL STARTED, THE PARTIES ASKED EACH OTHER TO "ADMIT" THAT CERTAIN FACTS ARE TRUE. THESE ARE CALLED "ADMISSIONS." YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE ADMISSION AS EVIDENCE, AND REGARD THAT FACT AS PROVED.

STATEMENTS, ARGUMENTS, QUESTIONS AND OBJECTIONS OF COUNSEL ARE NOT EVIDENCE IN THE CASE. ANY EVIDENCE AS TO WHICH AN OBJECTION WAS SUSTAINED BY THE COURT, AND ANY EVIDENCE ORDERED STRICKEN BY THE COURT, MUST BE ENTIRELY DISREGARDED.

ANYTHING YOU MAY HAVE SEEN OR HEARD OUTSIDE THE COURTROOM IS NOT EVIDENCE, AND MUST BE ENTIRELY DISREGARDED.

YOU ARE TO CONSIDER ONLY THE EVIDENCE IN THE CASE. BUT IN YOUR CONSIDERATION OF THE EVIDENCE, YOU ARE NOT LIMITED TO THE

BALD STATEMENTS OF THE WITNESSES.  IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESSES TESTIFY.  YOU ARE PERMITTED TO DRAW, FROM FACTS WHICH YOU FIND HAVE BEEN PROVED, SUCH REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF EXPERIENCE.

AUTHORITY: Based on 1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 11.11 (3rd ed. 1977), and 3 Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions</u>, § 71.08 (4th ed. 1987).

JURY INSTRUCTION NO. __9__

## INFERENCES FROM THE EVIDENCE - CIVIL

INFERENCES ARE SIMPLY DEDUCTIONS OR CONCLUSIONS WHICH REASON AND COMMON SENSE LEAD THE JURY TO DRAW FROM THE EVIDENCE RECEIVED IN THE CASE.

AUTHORITY: Based on 1 Devitt and Blackmar, Federal Jury Practice and Instructions, § 12.05 (4th ed. 1992).

JURY INSTRUCTION NO. $10$

**DIRECT EVIDENCE -- CIRCUMSTANTIAL EVIDENCE - CIVIL**

THERE ARE TWO TYPES OF EVIDENCE FROM WHICH YOU MAY FIND THE TRUTH AS TO THE FACTS OF A CASE -- DIRECT AND CIRCUMSTANTIAL EVIDENCE.    DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL   KNOWLEDGE   OF   A   FACT,   SUCH   AS   AN   EYEWITNESS; CIRCUMSTANTIAL   EVIDENCE   IS   PROOF   OF   A   CHAIN   OF   FACTS   AND CIRCUMSTANCES  INDICATING A FACT.    THE  LAW  MAKES  NO  DISTINCTION BETWEEN   THE   WEIGHT   TO   BE   GIVEN   TO   EITHER   DIRECT   OR CIRCUMSTANTIAL  EVIDENCE.    NOR  IS  A  GREATER  DEGREE  OF  CERTAINTY REQUIRED OF CIRCUMSTANTIAL EVIDENCE IN THE CASE.

AUTHORITY: Based on 1 Devitt and Blackmar, Federal Jury Practice and Instructions, § 15.02 (3rd ed. 1977).

JURY INSTRUCTION NO. __||__

**JURY'S RECOLLECTION CONTROLS - CIVIL**

IF ANY REFERENCE BY THE COURT OR BY COUNSEL TO MATTERS OF EVIDENCE DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION, IT IS YOUR RECOLLECTION WHICH SHOULD CONTROL DURING YOUR DELIBERATIONS.

**AUTHORITY:** Based on Devitt and Blackmar, **Federal Jury Practice and Instructions**, § 15.05 (1977).

JURY INSTRUCTION NO. 12

**DEPOSITIONS**

SOME OF THE EVIDENCE YOU HEARD DURING THE TRIAL WAS BY WAY OF A DEPOSITION. SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THE WITNESS, WHO WAS UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY, AND THE TESTIMONY WAS VIDEOTAPED. THE WITNESS WHO WAS DEPOSED DID NOT TESTIFY FROM THE WITNESS STAND. ACCORDINGLY, THE TESTIMONY, OR PORTIONS OF TESTIMONY, FROM THAT WITNESS' DEPOSITION WERE READ INTO THE RECORD OR PLAYED ON VIDEOTAPE AND ADMITTED INTO EVIDENCE. YOU MUST GIVE THIS DEPOSITION TESTIMONY THE SAME CONSIDERATION YOU WOULD AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

**AUTHORITY**: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions §102.23 (5th ed. 2000).

JURY INSTRUCTION NO. 13

**INTERROGATORIES**

YOU ALSO HEARD TESTIMONY PRESENTED IN THE FORM OF WRITTEN ANSWERS OF ONE OF THE PARTIES TO WRITTEN INTERROGATORIES SUBMITTED BY THE OTHER SIDE.  THESE ANSWERS WERE GIVEN IN WRITING AND UNDER OATH BEFORE THIS TRIAL IN RESPONSE TO WRITTEN QUESTIONS.

YOU MAY CONSIDER A PARTY'S ANSWERS TO INTERROGATORIES AS EVIDENCE AGAINST A PARTY WHO MADE THE ANSWER, JUST AS YOU WOULD ANY OTHER EVIDENCE WHICH HAS BEEN ADMITTED IN THIS CASE.

YOU MUST GIVE THE ANSWERS THE SAME CONSIDERATION AS IF THE ANSWERS WERE MADE FROM THE WITNESS STAND.

AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 102.24 (5th ed. 2000).

## JURY INSTRUCTION NO. 14

**TRANSCRIPT OF TAPE RECORDING**

YOU ALSO HEARD RECORDINGS THAT WERE RECEIVED IN EVIDENCE. YOU WERE ALSO GIVEN A WRITTEN TRANSCRIPT OF THE RECORDING TO HELP YOU IDENTIFY SPEAKERS AND TO HELP UNDERSTAND AS YOU LISTEN TO THE RECORDING.

THE TRANSCRIPT WAS NOT EVIDENCE. THE TAPE RECORDING ITSELF IS THE PRIMARY EVIDENCE OF ITS OWN CONTENTS. IF THERE IS A DIFFERENCE BETWEEN THE TRANSCRIPT AND THE TAPE RECORDING, YOU MUST RELY ON WHAT YOU HEARD RATHER THAN WHAT YOU READ.

**AUTHORITY**: O'Malley, Grenig & Lee, **Federal Jury Practice and Instructions** § 102.21 (5th ed. 2000).

JURY INSTRUCTION NO. 15

## CHARTS AND SUMMARIES

CERTAIN CHARTS AND SUMMARIES HAVE BEEN SHOWN TO YOU IN ORDER TO HELP EXPLAIN FACTS DISCLOSED BY BOOKS, RECORDS, AND OTHER DOCUMENTS THAT ARE IN EVIDENCE IN THE CASE.    UNLESS SPECIFICALLY ADMITTED IN EVIDENCE, THESE CHARTS OR SUMMARIES ARE NOT THEMSELVES EVIDENCE OR PROOF OF ANY FACTS. IF THE CHARTS OR SUMMARIES DO NOT CORRECTLY REFLECT FACTS OR FIGURES SHOWN BY THE EVIDENCE IN THE CASE, YOU SHOULD DISREGARD THEM.

IN OTHER WORDS, THE CHARTS OR SUMMARIES ARE USED ONLY AS A MATTER OF CONVENIENCE.    TO THE EXTENT THAT YOU FIND THEY ARE NOT TRUTHFUL SUMMARIES OF FACTS OR FIGURES SHOWN BY THE EVIDENCE IN THE CASE, YOU ARE TO DISREGARD THEM ENTIRELY.

AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 104.50 (5th ed. 2000).

JURY INSTRUCTION NO. 16

## CREDIBILITY OF WITNESSES -- DISCREPANCIES IN TESTIMONY - CIVIL

YOU, AS JURORS, ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS IS WORTHY OF BELIEF.   CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE AND STATE OF MIND, AND DEMEANOR AND MANNER WHILE ON THE STAND.   CONSIDER THE WITNESS'S ABILITY TO OBSERVE THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED, AND WHETHER THE WITNESS IMPRESSES YOU AS HAVING AN ACCURATE RECOLLECTION OF THESE MATTERS.   CONSIDER ALSO ANY RELATION EACH WITNESS MAY BEAR TO EITHER SIDE OF THE CASE; THE MANNER IN WHICH EACH WITNESS MIGHT BE AFFECTED BY THE VERDICT; AND THE EXTENT TO WHICH, IF AT ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A WITNESS, OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES, MAY OR MAY NOT CAUSE THE JURY TO DISCREDIT SUCH TESTIMONY.   TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY; AND INNOCENT MISRECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN UNCOMMON EXPERIENCE.   IN WEIGHING THE EFFECT OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS TO

A MATTER OF IMPORTANCE OR AN UNIMPORTANT DETAIL, AND WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, YOU WILL GIVE THE TESTIMONY OF EACH WITNESS SUCH CREDIBILITY, IF ANY, AS YOU MAY THINK IT DESERVES.

AUTHORITY: 1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 17.01 (3rd ed. 1977).

JURY INSTRUCTION NO. 17

## CREDIBILITY OF WITNESSES -- INCONSISTENT STATEMENT (FALSUS IN UNO FALSUS IN OMNIBUS) - CIVIL

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED OR, AS WE SOMETIMES SAY, IMPEACHED BY SHOWING THAT HE OR SHE PREVIOUSLY MADE STATEMENTS WHICH ARE DIFFERENT THAN OR INCONSISTENT WITH HIS OR HER TESTIMONY HERE IN COURT.  AN EARLIER INCONSISTENT OR CONTRADICTORY STATEMENT MADE UNDER OATH (SUCH AS AT A DEPOSITION) MAY BE CONSIDERED BOTH TO IMEACH THE CREDIBILITY OF THE WITNESS AND TO ESTABLISH THE TRUTH OF THESE EARLIER STATEMENTS MADE SOMEWHERE OTHER THAN HERE DURING THIS TRIAL.  IT IS THE PROVINCE OF THE JURY TO DETERMINE THE CREDIBILITY, IF ANY, TO BE GIVEN THE TESTIMONY OF A WITNESS WHO HAS MADE PRIOR INCONSISTENT OR CONTRADICTORY STATEMENTS.

YOU MUST KEEP IN MIND THE OTHER INSTRUCTIONS GIVEN ON ASSESSING THE CREDIBILITY OF WITNESSES IN DECIDING WHAT EFFECT, IF ANY, YOU WILL GIVE THE TESTIMONY OF WITNESSES WHO HAVE MADE EARLIER INCONSISTENT OR CONTRADICTORY STATEMENTS.

AUTHORITY:  1 Devitt and Blackmar, _Federal Jury Practice and Instructions_, § 15.06 (4th ed. 1992).

JURY INSTRUCTION NO. 18

**OPINION EVIDENCE -- THE EXPERT WITNESS - CIVIL**

THE RULES OF EVIDENCE ORDINARILY DO NOT PERMIT WITNESSES TO TESTIFY AS TO THEIR OWN OPINIONS OR THEIR OWN CONCLUSIONS ABOUT ISSUES IN THE CASE.  AN EXCEPTION TO THIS RULE EXISTS AS TO THOSE WITNESSES WHO ARE DESCRIBED AS "EXPERT WITNESSES".  AN "EXPERT WITNESS" IS SOMEONE WHO, BY EDUCATION OR BY EXPERIENCE, MAY HAVE BECOME KNOWLEDGEABLE IN SOME TECHNICAL, SCIENTIFIC, OR VERY SPECIALIZED AREA.  IF SUCH KNOWLEDGE OR EXPERIENCE MAY BE OF ASSISTANCE TO YOU IN UNDERSTANDING SOME OF THE EVIDENCE OR IN DETERMINING A FACT, AN "EXPERT WITNESS" IN THAT AREA MAY STATE AN OPINION AS TO RELEVANT AND MATERIAL MATTER IN WHICH HE OR SHE CLAIMS TO BE AN EXPERT.

YOU SHOULD CONSIDER EACH EXPERT OPINION RECEIVED IN EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT AS YOU MAY THINK IT DESERVES.  YOU SHOULD CONSIDER THE TESTIMONY OF EXPERT WITNESSES JUST AS YOU CONSIDER OTHER EVIDENCE IN THIS CASE.  IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION ARE NOT SOUND, OR IF YOU SHOULD CONCLUDE THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, INCLUDING THAT OF OTHER EXPERT WITNESSES YOU MAY DISREGARD THE OPINION IN PART OR IN ITS ENTIRETY.

AS I HAVE TOLD YOU SEVERAL TIMES, YOU -- THE JURY -- ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE.

AUTHORITY: 1 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, § 14.01 (4th ed. 1992).

JURY INSTRUCTION NO. 19

**OPINION OF NON-EXPERT**

A NON-EXPERT WITNESS MAY ALSO GIVE AN OPINION IF IT IS BASED ON HIS OR HER PERSONAL KNOWLEDGE AND IS RATIONALLY BASED ON HIS OR HER PERCEPTION.  IF YOU FIND THAT AN OPINION OF A NON-EXPERT WITNESS IS BASED ON PERSONAL KNOWLEDGE AND IS RATIONALLY BASED ON THE WITNESS' PERCEPTION, YOU MAY CONSIDER IT AND GIVE IT SUCH WEIGHT AS YOU CONSIDER APPROPRIATE.

JURY INSTRUCTION NO. 20

**SPOLIATION INFERENCE**

YOU ARE INSTRUCTED THAT, AFTER LEARNING THAT DUPONT HAD FILED THIS CASE AGAINST KOLON, CERTAIN KOLON EXECUTIVES AND EMPLOYEES, KNOWING THAT DUPONT HAD SUED KOLON, DELETED EVIDENCE AND DOCUMENTS FROM THEIR COMPUTERS.  THE DELETION WAS UNDERTAKEN INTENTIONALLY FOR THE PURPOSE OF DEPRIVING DUPONT OF RELEVANT EVIDENCE.  THOSE PEOPLE WERE J.H. CHOI, IN SIK HAN, K.H. ROH, J.B. PARK, JUWAN KIM AND C.B. LEE.  AT THE TIME THOSE PEOPLE DELETED THOSE MATERIALS, KOLON HAD A DUTY UNDER THE LAW TO PRESERVE EVIDENCE THAT WAS OR WAS LIKELY TO BE RELEVANT TO THE ISSUES IN THE CASE.

IT HAS BEEN POSSIBLE WITH CONSIDERABLE DIFFICULTY TO RECOVER SOME OF THE DELETED INFORMATION.  SOME OF THE RECOVERED INFORMATION HAS BEEN SHOWN TO BE RELEVANT TO THE ISSUES IN THE CASE.  SOME OF THE DELETED INFORMATION WAS NOT RECOVERABLE.

UNDER THE LAW, IT IS PRESUMED THAT THIS PERMANENTLY LOST INFORMATION WAS RELEVANT TO THE ISSUES IN THE CASE.

YOU MAY, BUT ARE NOT REQUIRED, TO INFER THAT THE DELETED, UNRECOVERED INFORMATION WOULD HAVE BEEN UNFAVORABLE TO KOLON AND FAVORABLE TO DUPONT.  AND, WHEN YOU ARE ASSESSING KOLON'S INTENT OR KNOWLEDGE, YOU MAY CONSIDER THE FACT THAT THE IDENTIFIED KOLON EXECUTIVES AND EMPLOYEES, AFTER LEARNING THAT DUPONT HAD SUED KOLON, ACTED IN THE MANNER AND FOR THE REASONS I HAVE JUST OUTLINED.

ALSO, IT HAS BEEN DETERMINED THAT, AFTER DUPONT FILED THIS CASE, KOLON, ACTING AT THE DIRECTION OF ITS COUNSEL, PRESERVED MUCH INFORMATION RELEVANT TO THE ISSUES IN THE CASE AND THAT, AFTER EVIDENCE OF IMPROPER DELETION ACTIVITY WAS BROUGHT TO THE ATTENTION OF THE COURT, KOLON ENGAGED IN COURT-ORDERED MEASURES PURSUANT TO WHICH SOME OF THE DELETED INFORMATION WAS RECOVERED.

YOU MAY ALSO CONSIDER THAT IT HAS BEEN DETERMINED THAT KOLON DID NOT ENCOURAGE AND COUNTENANCE A POLICY OF WIDESPREAD DELETION BY EMPLOYEES.

JURY INSTRUCTION NO. 21

**SCHULZ INFERENCE**

YOU HAVE HEARD TESTIMONY FROM DR. EDWARD SCHULZ.  HIS TESTIMONY WAS PRESENTED THROUGH THE VIDEO RECORDING OF PARTS OF HIS DEPOSITION.  DURING THE COURSE OF HIS DEPOSITION, YOU HEARD DR. SCHULZ RESPOND TO SOME QUESTIONS BY STATING "I INVOKE" OR "INVOKE."

WHEN DR. SCHULZ MADE THOSE STATEMENTS, HE WAS INVOKING HIS FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION.  THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AFFORDS EVERY PERSON THE RIGHT TO DECLINE TO ANSWER ANY QUESTIONS IF HE OR SHE BELIEVES THAT THE ANSWERS MAY TEND TO INCRIMINATE THEM.

IN A CIVIL CASE, SUCH AS THIS, YOU ARE PERMITTED, BUT YOU ARE NOT REQUIRED, TO DRAW THE INFERENCE THAT THE WITHHELD INFORMATION, THAT IS THE INFORMATION THAT WAS NOT GIVEN IN RESPONSE TO THE QUESTION, WOULD HAVE BEEN ADVERSE – THAT IS JUST ANOTHER WAY OF SAYING UNFAVORABLE – TO DR. SCHULZ.  AND YOU ARE PERMITTED, BUT YOU ARE NOT REQUIRED, TO DRAW THE INFERENCE THAT THE WITHHELD INFORMATION WOULD ALSO HAVE BEEN ADVERSE OR UNFAVORABLE TO KOLON'S CASE AND FAVORABLE TO DUPONT'S CASE.

JURY INSTRUCTION NO. 22

## MITCHELL PLEA

THE GUILTY PLEA ENTERED BY MICHAEL MITCHELL AND THE STATEMENT OF FACTS ENTERED IN SUPPORT THEREOF HAVE BEEN ADMITTED INTO EVIDENCE.   THEY WERE ADMITTED FOR THE LIMITED PURPOSE OF ALLOWING YOU TO CONSIDER THEM AS PART OF THE EVIDENCE OFFERED BY DUPONT TO PROVE THAT KOLON MISAPPROPRIATED TRADE SECRETS.

YOU MAY NOT CONSIDER THAT EVIDENCE AS AN ADMISSION BY KOLON THAT TRADE SECRETS WERE MISAPPROPRIATED BY IT OR BY MR. MITCHELL.   KEEP IN MIND THAT MR. MITCHELL'S DECISION TO PLEAD GUILTY WAS PERSONAL AS TO HIS BELIEF OF HIS CULPABILITY AND THE FACT THAT HE PLED GUILTY DOES NOT ESTABLISH THAT KOLON MISAPPROPRIATED TRADE SECRETS.

AUTHORITY:  F.R.E. 803(22); United States ex rel. Miller v. Bill Harbert Int'l Const., Inc., 608 F.3d 871, 891-93 (D.C. Cir. 2010); United States ex rel. Miller v. Bill Harbert Int'l Const., Inc., 2007 WL 842079, at *2 (D.D.C. Mar. 16, 2007).

JURY INSTRUCTION NO. 23

**CONSIDERATION OF THE EVIDENCE -- CORPORATE PARTY'S AGENTS AND EMPLOYEES -- CIVIL**

WHEN A CORPORATION IS INVOLVED, OF COURSE, IT MAY ACT ONLY THROUGH NATURAL PERSONS SUCH AS ITS AGENTS OR EMPLOYEES, AND, IN GENERAL, ANY AGENT OR EMPLOYEE OF A CORPORATION MAY BIND THE CORPORATION BY HIS ACTS AND DECLARATIONS MADE WHILE ACTING WITHIN THE SCOPE OF HIS AUTHORITY DELEGATED TO HIM BY THE CORPORATION OR WITHIN THE SCOPE OF HIS DUTIES AS AN EMPLOYEE OF THE CORPORATION.

**AUTHORITY:** 3 Devitt, Blackmar & Wolff, **Federal Jury Practice and Instructions**, § 71.09 (4th ed. 1987).

JURY INSTRUCTION NO. $24$

## 30(b)(6) DEPOSITION TESTIMONY

SOME OF THE DEPOSITION TESTIMONY YOU HEARD DURING THE TRIAL WAS GIVEN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6). UNDER THAT RULE, A PARTY MAY TAKE THE DEPOSITION OF A CORPORATION OR OTHER BUSINESS ENTITY ABOUT CERTAIN MATTERS AT ISSUE IN THE CASE. THE NAMED CORPORATION DESIGNATES ONE OR MORE OFFICERS, DIRECTORS, MANAGING AGENTS, OR OTHER PERSONS WHO WILL SPEAK ON BEHALF OF THE CORPORATION ON THOSE MATTERS. TESTIMONY GIVEN UNDER THIS RULE IS ADMISSIBLE AGAINST THE CORPORATION AS EVIDENCE ABOUT ITS POSITION ON MATTERS AS TO WHICH THE TESTIMONY IS GIVEN.

AUTHORITY: Wright & Miller 8A Federal Practice & Procedure, § 2103 (2011)

JURY INSTRUCTION NO. *25*

**DUPONT'S ASSERTED CLAIMS**

DUPONT ALLEGES IN COUNT ONE A CLAIM FOR MISAPPROPRIATION OF TRADE SECRETS UNDER THE VIRGINIA TRADE SECRETS ACT.

I WILL NOW INSTRUCT YOU ON THE LAW THAT IS APPLICABLE TO THIS CLAIM.  AFTER I HAVE DONE THIS, I WILL INSTRUCT YOU ON THE LAW BY WHICH YOU ARE TO ASSESS DAMAGES, IF ANY, FOR THIS CLAIM.

YOU NEED NOT BE CONCERNED WHY THE OTHER THREE CLAIMS MENTIONED AT THE START OF THE CASE ARE NOT TO BE CONSIDERED BY YOU.

**AUTHORITY**: Complaint.

JURY INSTRUCTION NO. $\mathcal{26}$

## PREPONDERANCE OF THE EVIDENCE - CIVIL

DUPONT, THE PLAINTIFF, HAS THE BURDEN TO PROVE EACH ELEMENT OF ITS CLAIM BY A PREPONDERANCE OF THE EVIDENCE.

TO "ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE" MEANS TO PROVE THAT SOMETHING IS MORE LIKELY SO THAN NOT SO.   IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE IN THE CASE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE, AND PRODUCES IN YOUR MINDS BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE.   THIS RULE DOES NOT, OF COURSE, REQUIRE PROOF TO AN ABSOLUTE CERTAINTY, SINCE PROOF TO AN ABSOLUTE CERTAINTY IS SELDOM POSSIBLE IN ANY CASE.

AUTHORITY:   3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 72.01 (4th ed. 1987).

JURY INSTRUCTION NO. 27

## VIRGINIA UNIFORM TRADE SECRETS ACT: ELEMENTS

IN ORDER TO PREVAIL ON ITS CLAIM THAT KOLON MISAPPROPRIATED TRADE SECRETS IN VIOLATION OF THE VIRGINIA UNIFORM TRADE SECRETS ACT, DUPONT MUST PROVE, BY A PREPONDERANCE OF THE EVIDENCE:

(1)   THAT THE INFORMATION IN QUESTION CONSTITUTES A TRADE SECRET; AND

(2)   THAT KOLON MISAPPROPRIATED THE TRADE SECRETS.

AUTHORITY: Softech Worldwide, LLC v. Internet Tech. Broad. Corp., 2010 WL 4645791, at *4 (E.D. Va. Nov. 8, 2010); GTSI Corp. v. Wildflower Int'l, Inc. 2009 WL 1248114, at *3 (E.D. Va. Apr. 30, 2009); Ford v. Torres, 2009 WL 537563, at *9 (E.D. Va. Mar. 3, 2009); Microstrategy, Inc. v. Bus. Objects, S.A., 331 F. Supp. 2d 396, 416 (E.D. Va. 2004).

JURY INSTRUCTION NO. 28

## TRADE SECRET -- DEFINED

UNDER THE VIRGINIA UNIFORM TRADE SECRETS ACT, "TRADE SECRET" MEANS INFORMATION, INCLUDING,BUT NOT LIMITED TO, A FORMULA, PATTERN, COMPILATION, PROGRAM, DEVICE, METHOD, TECHNIQUE, OR PROCESS, THAT:

(1) DERIVES INDEPENDENT ECONOMIC VALUE, ACTUAL OR POTENTIAL, FROM NOT BEING GENERALLY KNOWN TO, AND NOT BEING READILY ASCERTAINABLE BY PROPER MEANS BY, OTHER PERSONS WHO CAN OBTAIN ECONOMIC VALUE FROM ITS DISCLOSURE OR USE, AND

(2) IS THE SUBJECT OF EFFORTS THAT ARE REASONABLE UNDER THE CIRCUMSTANCES TO MAINTAIN ITS SECRECY.

AUTHORITY: Va. Code Ann. § 59.1-336 (2006).

JURY INSTRUCTION NO. 29

## NOT GENERALLY KNOWN -- DEFINED

INFORMATION THAT IS GENERALLY KNOWN TO THE PUBLIC AT LARGE OR TO PEOPLE IN AN INDUSTRY CANNOT BE A TRADE SECRET.  IF THE PRINCIPAL PERSONS WHO CAN OBTAIN ECONOMIC BENEFIT FROM INFORMATION ARE AWARE OF IT, THERE IS NO TRADE SECRET.  NOR CAN INFORMATION BE CONSIDERED A TRADE SECRET IF IT WOULD BE ASCERTAINABLE WITH REASONABLE EASE BY OTHER PERSONS WHO CAN OBTAIN ECONOMIC VALUE FROM ITS DISCLOSURE OR USE BY PROPER MEANS, SUCH AS FROM PUBLICLY AVAILABLE INFORMATION SUCH AS TRADE JOURNALS, REFERENCE BOOKS, OR PUBLISHED MATERIALS.

AUTHORITY: U.T.S.A. § 1 cmt. (1985); American Bar Association, Business Torts Litigation Committee, Model Jury Instructions: Business Torts Litigation § 8.3.1 (4th ed. 2005); Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470, 475 (1974) ("The subject of a trade secret must be secret, and must not be of public knowledge or of a general knowledge in the trade or business."); Microstrategy, Inc. v. Bus. Objects, S.A., 331 F. Supp. 2d 396, 417 (E.D. Va. 2004) ("What constitutes readily ascertainable through proper means is heavily fact-dependent and simply boils down to assessing the ease with which a trade secret could have been independently discovered."  (emphasis in original)).

JURY INSTRUCTION NO. *30*

## INDEPENDENT ECONOMIC VALUE

A TRADE SECRET MUST DERIVE INDEPENDENT ECONOMIC VALUE FROM ITS NOT BEING GENERALLY KNOWN OR READILY ASCERTAINABLE BY PROPER MEANS.   STATED ANOTHER WAY, A TRADE SECRET MUST BE VALUABLE EITHER TO PLAINTIFF OR TO ITS BUSINESS RIVALS IN THE SENSE THAT, AS LONG AS IT IS SECRET, THE INFORMATION PROVIDES PLAINTIFF WITH AN ACTUAL OR POTENTIAL COMPETITIVE ADVANTAGE OVER ITS RIVALS.

AUTHORITY: American Bar Association, Business Torts Litigation Committee, Model Jury Instructions: Business Torts Litigation § 8.3.3 (4th ed. 2005).

JURY INSTRUCTION NO. 31

## TRADE SECRETS THAT CONTAIN PUBLIC INFORMATION

A TRADE SECRET MAY BE COMPRISED OF SEVERAL ELEMENTS. A TRADE SECRET MAY EXIST IF SOME, OR EVEN ALL, OF THE INDIVIDUAL ELEMENTS ARE PUBLIC, PROVIDED THE TRADE SECRET AS A WHOLE REMAINS CONFIDENTIAL.

SOME OF THE TRADE SECRETS ALLEGED BY DUPONT INCLUDE INDIVIDUAL COMPONENTS, SOME OR ALL OF WHICH MAY BE IN THE PUBLIC DOMAIN. IN THOSE CIRCUMSTANCES, THE TRADE SECRET CONSISTS OF THE INFORMATION AS A WHOLE, NOT THE INDIVIDUAL COMPONENTS. YOU MUST DETERMINE THAT DUPONT PROVED TRADE SECRET MISAPPROPRIATION WITH REGARD TO THE TRADE SECRET AS A WHOLE, NOT AS TO ITS INDIVIDUAL PARTS.

AUTHORITY: Microstrategy, Inc. v. Bus. Objects, S.A., 331 F. Supp. 2d 396, 417 (E.D. Va. 2004) ("[A] compilation of public facts can also constitute a trade secret if the compilation itself has remained confidential."); Decision Insights, Inc. v. Sentia Group, Inc., 311 F. App'x 586, 594 (4th Cir. 2009); Servo Corp. of Am. v. Gen. Elec. Co., 393 F.2d 551, 554 (4th Cir. 1968) (recognizing that plaintiff's trade secret "might consist of several discrete elements, any one of which could have been discovered by study of material available to the public . . . .").

JURY INSTRUCTION NO. 32

**REASONABLE EFFORTS TO MAINTAIN SECRECY -- EXPLAINED**

A TRADE SECRET MUST ALSO BE THE SUBJECT OF EFFORTS THAT ARE REASONABLE UNDER THE CIRCUMSTANCES TO MAINTAIN ITS SECRECY. THERE IS NO PRECISE DEFINITION OF WHAT "REASONABLE EFFORTS" ARE; WHAT IS REASONABLE DEPENDS ON THE SPECIFIC CIRCUMSTANCES PRESENTED IN THIS CASE.  IN THIS REGARD, YOU MAY CONSIDER (1) WHETHER PLAINTIFF MADE IT A PRACTICE TO INFORM ITS EMPLOYEES OR OTHERS INVOLVED WITH ITS BUSINESS THAT THE INFORMATION WAS A TRADE SECRET AND/OR WAS TO BE KEPT CONFIDENTIAL; (2) WHETHER PLAINTIFF REQUIRED EMPLOYEES OR OTHERS INVOLVED WITH ITS BUSINESS TO SIGN CONFIDENTIALITY AGREEMENTS REGARDING THE INFORMATION OR AGREEMENTS NOT TO COMPETE IN AREAS THAT COULD USE THE INFORMATION; (3) WHETHER PLAINTIFF RESTRICTED ACCESS TO THE INFORMATION ON A "NEED TO KNOW" BASIS; OR (4) WHETHER PLAINTIFF GENERALLY MAINTAINED REASONABLE SECURITY TO PROTECT THE ALLEGED TRADE SECRET AND DID NOT VOLUNTARILY DISCLOSE IT TO OTHERS, EXCEPT IN CONFIDENCE.

ABSOLUTE SECRECY IS NOT NECESSARY FOR INFORMATION TO QUALIFY AS A TRADE SECRET.  THERE IS NO REQUIREMENT THAT NO ONE ELSE IN THE WORLD POSSESS THE INFORMATION.  RATHER, A PLAINTIFF

MUST DEMONSTRATE THAT THE INFORMATION WAS KNOWN ONLY TO IT OR DISCLOSED TO OTHERS, IN CONFIDENCE, EITHER EXPRESS OR IMPLIED.

AUTHORITY: Va. Code § 59.1-336; American Bar Association, Business Torts Litigation Committee, Model Jury Instructions: Business Torts Litigation § 8.3.2 (4th ed. 2005); Microstrategy, Inc. v. Bus. Objects, S.A., 331 F. Supp. 2d 396, 416 (E.D. Va. 2004) ("Simply because information is disclosed outside of a company does not result in the loss of trade secret status."); id. ("The secrecy need not be absolute; the owner . . . may, without losing protection, disclose it to a [third party] . . . if the disclosure is made in confidence, express or implied.").

JURY INSTRUCTION NO. 33

## MISAPPROPRIATION -- DEFINED

THE SECOND ELEMENT OF TRADE SECRET MISAPPROPRIATION IS THAT THE DEFENDANT MISAPPROPRIATED THE TRADE SECRET.  DUPONT HAS THE BURDEN OF PROVING, BY A PREPONDERANCE OF THE EVIDENCE, THAT KOLON MISAPPROPRIATED THE TRADE SECRETS AT ISSUE IN THIS CASE. UNDER THE VIRGINIA UNIFORM TRADE SECRETS ACT, MISAPPROPRIATION MEANS:

(1)  ACQUISITION OF A TRADE SECRET OF ANOTHER BY A PERSON WHO KNOWS OR HAS REASON TO KNOW THAT THE TRADE SECRET WAS ACQUIRED BY IMPROPER MEANS; OR

(2)  USE OF A TRADE SECRET OF ANOTHER WITHOUT EXPRESS OR IMPLIED CONSENT BY A PERSON WHO

    A. USED IMPROPER MEANS TO ACQUIRE KNOWLEDGE OF THE TRADE SECRET; OR

    B. AT THE TIME OF USE, KNEW OR HAD REASON TO KNOW THAT HIS KNOWLEDGE OF THE TRADE SECRET WAS

        I. DERIVED FROM OR THROUGH A PERSON WHO HAD UTILIZED IMPROPER MEANS TO ACQUIRE IT;

        II. ACQUIRED UNDER CIRCUMSTANCES GIVING RISE TO A DUTY TO MAINTAIN ITS SECRECY OR LIMIT ITS USE; OR

III. DERIVED FROM OR THROUGH A PERSON WHO OWED A
     DUTY TO THE PERSON SEEKING RELIEF TO MAINTAIN
     ITS SECRECY OR LIMIT ITS USE.

AUTHORITY: Va. Code § 59.1-336 (2006).

## JURY INSTRUCTION NO. 34

KOLON CONTENDS THAT IT INDEPENDENTLY DEVELOPED WHAT DUPONT CLAIMS TO BE THE MISAPPROPRIATED TRADE SECRETS.   IF THAT IS SO, THEN KOLON DID NOT MISAPPROPRIATE TRADE SECRETS.   IT IS DUPONT'S RESPONSIBILITY TO PROVE THAT KOLON MISAPPROPRIATED THE TRADE SECRETS.

JURY INSTRUCTION NO. 35

**MISAPPROPRIATION:  WILLFUL AND MALICIOUS**

IF YOU FIND THAT KOLON MISAPPROPRIATED ONE OR MORE TRADE SECRETS OF DUPONT, YOU MUST ALSO DECIDE WHETHER SUCH MISAPPROPRIATION WAS WILLFUL AND MALICIOUS.  AN ACT IS DONE "WILLFULLY" IF IT IS VOLUNTARY AND INTENTIONAL, RATHER THAN BY MISTAKE OR ACCIDENT. AN ACT IS DONE "MALICIOUSLY" IF PROMPTED OR ACCOMPANIED BY SUCH GROSS INDIFFERENCE TO THE RIGHTS OF OTHERS AS WILL AMOUNT TO A WILLFUL ACT WITHOUT JUST CAUSE OR EXCUSE.

AUTHORITY: Modified version of the instruction submitted as agreed-on jury instruction 31; the parties cited V.M.J.I § 9.080 (2010) – General Punitive Damages – as authority, however, this instruction is different from that model instruction.

JURY INSTRUCTION NO. 36

**PERSON -- DEFINED**

UNDER THE VIRGINIA UNIFORM TRADE SECRETS ACT, "PERSON" MEANS A NATURAL PERSON, CORPORATION, BUSINESS TRUST, ESTATE, TRUST, PARTNERSHIP, ASSOCIATION, JOINT VENTURE, GOVERNMENT, GOVERNMENTAL SUBDIVISION OR AGENCY, OR ANY OTHER LEGAL OR COMMERCIAL ENTITY.

**AUTHORITY**: Va. Code § 59.1-336 (2006).

JURY INSTRUCTION NO. 37

**IMPROPER MEANS -- DEFINED**

UNDER THE VIRGINIA UNIFORM TRADE SECRETS ACT, "IMPROPER MEANS" INCLUDES, BUT IS NOT LIMITED TO, THEFT, BRIBERY, MISREPRESENTATION, BREACH OF A DUTY OR INDUCEMENT OF A BREACH OF A DUTY TO MAINTAIN SECRECY, OR ESPIONAGE THROUGH ELECTRONIC OR OTHER MEANS.

AUTHORITY: Va. Code § 59.1-336 (2006).

JURY INSTRUCTION NO. 41

## COMPENSATORY DAMAGES - GENERAL

IF YOU FIND YOUR VERDICT FOR DUPONT ON ITS CLAIM, YOU MUST THEN DETERMINE THE AMOUNT OF DAMAGES, IF ANY, THAT DUPONT IS ENTITLED TO RECEIVE. THE FACT THAT I AM INSTRUCTING YOU ON DAMAGES DOES NOT MEAN THAT DUPONT IS OR IS NOT ENTITLED TO RECOVER DAMAGES. I AM EXPRESSING NO OPINION ONE WAY OR THE OTHER ON THAT MATTER. THESE INSTRUCTIONS ARE ONLY TO GUIDE YOU IF YOU FIND KOLON LIABLE, IN WHICH EVENT YOU MUST CONSIDER THE ISSUE OF DAMAGES.

DUPONT HAS THE BURDEN OF ESTABLISHING BY THE PREPONDERANCE OF THE EVIDENCE THE AMOUNT OF DAMAGES, IF ANY. DAMAGES MUST BE DETERMINED WITH REASONABLE CERTAINTY FROM THE EVIDENCE PRESENTED. HOWEVER, MATHEMATICAL PRECISION NEED NOT BE SHOWN, BUT YOU ARE NOT TO GUESS OR SPECULATE AS TO DAMAGES. YOUR VERDICT SHOULD BE FOR SUCH SUM AS WILL FULLY AND FAIRLY COMPENSATE THE PLAINTIFF FOR THE DAMAGES SUSTAINED AS A RESULT OF THE DEFENDANT'S ACTIONS.

AUTHORITY: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 127.14 (5th ed. 2000)(modified).

JURY INSTRUCTION NO. 44

## DAMAGES FOR MISAPPROPRIATION OF TRADE SECRETS

IF YOU FIND THAT KOLON HAS MISAPPROPRIATED DUPONT'S TRADE SECRETS, YOU MAY AWARD DUPONT COMPENSATORY DAMAGES. THE VIRGINIA TRADE SECRETS ACT PROVIDES THAT COMPENSATORY DAMAGES FOR MISAPPROPRIATION CAN BE FOR ANY UNJUST ENRICHMENT CAUSED BY MISAPPROPRIATION. UNJUST ENRICHMENT CAN BE MEASURED BY THE BENEFIT KOLON HAS GAINED FROM THE MISAPPROPRIATION OF DUPONT'S TRADE SECRETS. IF YOU FIND THAT KOLON WAS UNJUSTLY ENRICHED AS A RESULT OF MISAPPROPRIATING ONE OR MORE TRADE SECRETS BELONGING TO DUPONT, YOU MAY AWARD THE MONETARY VALUE ATTRIBUTED TO THIS BENEFIT AS THE MEASURE OF DUPONT'S DAMAGES.

YOU SHOULD CONSIDER THE EVIDENCE OFFERED BY BOTH PARTIES IN ASSESSING WHETHER DUPONT HAS ADEQUATELY PROVED THE BENEFIT TO KOLON DERIVED FROM ANY PROVEN MISAPPROPRIATION.

AUTHORITY: Va. Code. Ann. § 59.1-338; American Bar Association, Business Torts Litigation Committee, Model Jury Instructions: Business Torts Litigation §§ 8.6.1 & 8.6.2 (4th ed. 2005).

JURY INSTRUCTION NO. 49

**VERDICT - ELECTION OF FOREPERSON - DUTY TO DELIBERATE - UNANIMITY - PUNISHMENT - FORM OF VERDICT - COMMUNICATION WITH THE COURT - CIVIL**

UPON RETIRING TO YOUR JURY ROOM TO BEGIN YOUR DELIBERATIONS, YOU WILL ELECT ONE OF YOUR MEMBERS TO ACT AS YOUR FOREPERSON. THE FOREPERSON WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT.

YOUR VERDICT MUST REPRESENT THE COLLECTIVE JUDGMENT OF THE JURY. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE TO IT. YOUR VERDICT, IN OTHER WORDS, MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH ONE ANOTHER WITH A VIEW TOWARDS REACHING AN AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR HIMSELF OR HERSELF, BUT DO SO ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN VIEWS AND TO CHANGE YOUR OPINION IF CONVINCED IT IS ERRONEOUS. DO NOT SURRENDER YOUR HONEST CONVICTION, HOWEVER, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS.  YOU ARE JUDGES - JUDGES OF THE FACTS OF THIS CASE.  YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE RECEIVED DURING THE TRIAL.

YOUR VERDICT MUST BE BASED SOLELY UPON THE EVIDENCE RECEIVED IN THE CASE.  NOTHING YOU HAVE SEEN OR READ OUTSIDE OF COURT MAY BE CONSIDERED.  NOTHING THAT I HAVE SAID OR DONE DURING THE COURSE OF THIS TRIAL IS INTENDED IN ANY WAY, TO SOMEHOW SUGGEST TO YOU WHAT I THINK YOUR VERDICT SHOULD BE. NOTHING SAID IN THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT PREPARED FOR YOUR CONVENIENCE IS TO SUGGEST OR CONVEY TO YOU IN ANY WAY OR MANNER ANY INTIMATION AS TO WHAT VERDICT I THINK YOU SHOULD RETURN.  WHAT THE VERDICT SHALL BE IS THE EXCLUSIVE DUTY AND RESPONSIBILITY OF THE JURY.  AS I HAVE TOLD YOU MANY TIMES, YOU ARE THE SOLE JUDGES OF THE FACTS.

A VERDICT FORM HAS BEEN PREPARED FOR YOUR CONVENIENCE.

YOU WILL TAKE THIS FORM TO THE JURY ROOM AND, WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL HAVE YOUR FOREPERSON WRITE YOUR VERDICT, DATE AND SIGN THE FORM, AND THEN RETURN WITH YOUR VERDICT TO THE COURTROOM.

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH THE COURT, YOU MAY SEND A NOTE, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE OF THE JURY, THROUGH THE BAILIFF. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH THE COURT BY ANY MEANS OTHER THAN A SIGNED WRITING AND THE COURT

WILL NEVER COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS OF THE CASE OTHER THAN IN WRITING OR ORALLY HERE IN OPEN COURT.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON - NOT EVEN TO THE COURT - HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF WHETHER OR NOT THE PLAINTIFF HAS SUSTAINED ITS BURDEN OF PROOF UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.

AUTHORITY: 3 Devitt and Blackmar, Federal Jury Practice and Instructions, §§ 74.01, 74.04, 20.01 (4th ed. 1987).