IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| E. I. du PONT de NEMOURS AND COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>KOLON INDUSTRIES, INC.,<br><br>*Defendant*. | Case No. 3:09-cv-0058 |

**PLAINTIFF'S FIRST POST-VERDICT REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT KOLON INTERNATIONAL, INC.**

Pursuant to Federal Rules of Civil Procedure 34 and 69(a)(2), Plaintiff E.I. du Pont de Nemours and Company ("DuPont"), by its undersigned attorneys, request that Defendant Kolon Industries, Inc. ("Kolon") produce the following documents and things for inspection and copying at the offices of McGuireWoods LLP, One James Center, 901 E. Cary Street, Richmond, Virginia, by October 3, 2011 or at such other place and time as may be agreed upon by counsel or ordered by the Court.

**DEFINITIONS AND INSTRUCTIONS**

1. The terms "Kolon," "Defendant," "you," and "your" means Defendant Kolon Industries, Inc.

2. The term "Kolon Affiliates" means Kolon's parents, subsidiaries, affiliates, predecessors-in-interest, holding companies, as well as any and all officers, directors, employees,

agents, representatives, or persons or entities acting on Kolon's behalf, including but not limited to Woong-Yeul Lee.

3. Unless otherwise stated in an individual Request, the relevant time period for each Request is January 1, 2008 through the date of your response, and continuing.

4. Unless otherwise stated in an individual Request, the geographic scope covered by these Requests is worldwide.

5. The term "communication(s)" means and includes any conversation(s), meeting(s), correspondence, electronic mail ("email"), facsimile(s), telephone call(s), and any other form of oral or written communication by which information may be conveyed.

6. The term "document" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation, any written or graphic matter or other medium of any kind or character, however produced, reproduced, or stored upon which intelligence or information is recorded or from which intelligence or information can be derived, which is or has been in the possession, control, or custody of Defendants.  The term "document" specifically includes information, data, and material produced, stored, or maintained in electronic, magnetic, and/or computerized media or devices. Any non-identical copies of a document (whether different from the original because of the inclusion of notes, comments, notations, interlineations, receipt stamps, or otherwise) are to be considered a separate "document."

7. The terms "relating to" and "relate to" shall mean "concerning, referring to, identifying, discussing, comprising, or describing," and includes any document, communication, or other exchange that constitutes, contains, embodies, comprises, reflects, identifies, states,

deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to the subject.

8. The term "person" or "entity" shall mean any natural person, corporation, firm, partnership, association or other business, governmental or legal entity, and includes anyone acting on behalf of any of the foregoing.

9. The term "including" shall mean "including but not limited to".

10. The terms "and" and "or" as used herein are both conjunctive and disjunctive.

11. The term "any" shall mean any or all and the term "all" shall mean any or all.

12. The use of the singular form of any word includes the plural and vice versa.

13. The use of the past or present tense in a Request includes both past and present tenses.

14. These Requests are continuing in nature. If, at any time prior to the full and complete payment or satisfaction of the Judgment entered on the jury's verdict of September 14, 2011, Kolon obtains or becomes aware of additional information responsive to these Requests, Kolon shall promptly supplement its production and provide DuPont with all responsive documents.

15. In the event that you contend that any document requested in these document requests is privileged or otherwise excludable from discovery, (i) identify each such document by date, author(s), signer(s) intended recipient(s), and addressee(s), (ii) identify each person to whom a copy was furnished or to whom the information or advice was conveyed, (iii) state the general subject matter of the document, and (iv) state the ground on which the claim of privilege or immunity from disclosure is based. Failure to do so will constitute a waiver of such a claim.

16. If you claim a privilege or immunity with regard to any document requested by a document request or any part thereof, you should nevertheless produce all portions of such document that contains information not appropriately subject to a claim of privilege or immunity.

17. If any documents responsive to these Requests that at one time were in your possession, custody, and/or control have since been lost, discarded, destroyed, deleted, relinquished, or disposed in some other manner, identify each such document and set forth:

    a. The date the document was lost, discarded, destroyed, deleted, relinquished, or disposed;

    b. The circumstances under which the document was lost, discarded, destroyed, deleted, relinquished, or disposed; and

    c. The identity of all persons who had knowledge of, or were present when, the document was lost, discarded, destroyed, deleted, relinquished, or disposed, as well as all persons who authorized such actions.

## REQUESTS FOR PRODUCTION

1. All financial statements, income statements, profit and loss statements, accountants' reports, balance sheets, cash flow statements, accounts receivable reports or other documents which relate to Kolon's assets or liabilities during the relevant time period.

2. Documents sufficient to show any and all banks or financial institutions which hold or have held any assets owned, controlled, or possessed by Kolon, or in which Kolon held any interest, during the relevant time period.

3. All documents relating to any accounts with any bank or financial institution, whether foreign or domestic, in which Kolon, either individually, solely, or jointly, maintained any interest during the relevant time period, including any account or assets held in Kolon's

name, on Kolon's behalf, for Kolon's benefit, or in Kolon's name as beneficiary, including but not limited to all statements, confirmations, deposit slips or records of activity relating to such accounts.

4.  All documents relating to any certificates of deposit, bankers' acceptances, commercial paper, treasury bills, bonds, or any interest in any money market account, in which Kolon, either individually, solely, or jointly, maintained any interest during the relevant time period, including any account or assets held on Kolon's behalf, for Kolon's benefit, or in Kolon's name as beneficiary, including but not limited to all statements, confirmations, deposit slips or records of activity relating to such accounts.

5.  All documents relating to any securities owned, controlled or possessed by Kolon, or in which Kolon held any interest, in whole or in part, during the relevant time period, including but not limited to all stock certificates, bonds, shareholders agreements, evidences of ownership, account statements, ledgers or other documents which relate to any stocks, bonds, mutual funds and/or other securities owned, controlled or possessed by Kolon, or in which Kolon held any interest, during the relevant time period.

6.  All documents, including, without limitation, stock certificates, shareholder agreements partnership agreements, joint venture agreements, or other evidence of ownership, relating to any ownership interest Kolon holds or has held in any corporation, limited liability company, partnership, limited partnership, joint venture, association or other business entity during the relevant time period.

7.  All documents relating to any debts, obligations, payments, accounts, judgments or moneys owed to Kolon by any person, entity or company during the relevant time period.

8. All documents relating to any accounts receivable due, or claimed to be due, to Kolon from any person, entity or company during the relevant time period.

9. All financing agreements relating to the manufacture, distribution or sale of Kolon products.

10. All documents relating to Kolon's ownership, possession, control, holding or interest in or of any real property, during the relevant time period, including, but not limited to:

   a. All documents identifying any such real property, including a description of the location of the property;

   b. All deeds, statements of titles or evidence of ownership for any such property;

   c. All documents relating to the ownership and/or financial structure of any such property; and

   d. All documents relating to any change in ownership, possession or control of any such property during the relevant time period.

11. All documents relating to Kolon's ownership, possession, control, or holding an interest in or of any personal property, during the relevant time period, including, but not limited to:

   a. All documents identifying any such property, including a description of the location of the property;

   b. All documents evidencing Kolon's ownership of any such property;

   c. All documents relating to any financing arrangement or security interest for such property; and

   d. All documents relating to any change in ownership, possession or control of any such property during the relevant time period.

12. All documents relating to Kolon's ownership, control, possession or holding an interest in or of any goods, merchandise, products or other property during the relevant time period.

13. All documents relating to any mortgage, loan, deed of trust, security interest, lien or encumbrance of any kind relating to any real or personal property in which Kolon has had an interest during the relevant time period.

14. All documents relating to any transfer or conveyance from Kolon to any Kolon Affiliate of any asset, cash, property or intangible property with a value of in excess of Fifty Thousand Dollars ($50,000), both individually and in the aggregate, during the relevant time period.

15. All documents relating to any change in control, reorganization, recapitalization or restructuring of Kolon, or of any parent, subsidiary or affiliate of Kolon, during the relevant time period.

16. All documents relating to any distribution, dividend, payment, transfer, sale or conveyance of any asset, cash, property or intangible property between Kolon and any Kolon Affiliate during the relevant time period.

17. Copies of all federal and state income tax returns, including all attachments, schedules and amended returns, filed by or on behalf of Kolon or any Kolon Affiliate in the United States or in any state of the United States for any taxable period from January 1, 2008 to the present, and continuing.

18. Copies of all tax returns, including all attachments, schedules and amended returns, filed by or on behalf of Kolon or any Kolon Affiliate in the Republic of Korea for any taxable period from January 1, 2008 to the present, and continuing.

19. All documents relating to communications between Kolon and any other person relating to Kolon's payment or satisfaction of any judgment in this action, or relating to the availability, location, transfer or disposition of any assets of Kolon relating to any judgment in this action or relating to the jury verdict rendered on September 14, 2011.

20. All documents relating to Kolon's investigation into and correspondence with Hyosung Corporation related to any attempted or actual acquisition of industrial fiber manufacturing technology by Hyosung Corporation from Kolon, including but not limited to the results of such investigation and correspondence.

21. All documents identified in Plaintiff's First Set of Post-Verdict Interrogatories to Defendant Kolon International, Inc.

Dated: September 15, 2011

Plaintiff E. I. du Pont de Nemours and Company

     /s/ Rodney A. Satterwhite
By Counsel

Rodney A. Satterwhite (VSB # 32907)
rsatterwhite@mcguirewoods.com
Brian C. Riopelle (VSB #36454)
briopelle@mcguirewoods.com
Thomas M. Beshere (VSB #41279)
tbeshere@mcguirewoods.com
Robyn Suzanne Gray (VSB #45418)
rgray@mcguirewoods.com
McGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Tel: 804-775-1000
Fax: 804-775-1061

- and –

        Kent A. Gardiner (*pro hac vice*)
        Michael J. Songer *(pro hac vice)*
        Terence P. Ross (VSB #26408)
        CROWELL & MORING LLP
        1001 Pennsylvania Avenue, N.W.
        Washington, D.C.  20004
        Tel:  202-624-2500
        Fax:  202-628-5116

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2011, I will electronically file the foregoing Plaintiff's First Post-Verdict Requests for Production of Documents to Defendant Kolon International, Inc. with the Clerk of Court using the CM/ECF system, which shall send notification of such filing (NEF) to the following:

Rhodes B. Ritenour (VSB # 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 916-7109
(804) 916-7219 (Fax)
dana.finberg@leclairryan.com
rhodes.ritenour@leclairryan.com

Dana J. Finberg (VSB # 34977)
**SONNENSCHEIN NATH & ROSENTHAL LLP**
1530 Page Mill Road
Suite 200
Palo Alto, California 94304
(650)-798-0375
(650)-798-0310 (Fax)
dfinberg@sonnenschein.com

Scott M. Flicker (*pro hac vice*)
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700
(202) 551-1705 (Fax)
scottflicker@paulhastings.com

Jeffrey G. Randall *(pro hac vice)*
Michael C. Hendershot *(pro hac vice)*
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
1117 S. California Avenue
Palo Alto, California  94304
(650) 320-1850
(650) 320-1950 (Fax)
jeffreyrandall@paulhastings.com
michaelhendershot@paulhastings.com

Victoria A. Cundiff *(pro hac vice)*
**PAUL, HASTINGS, JANOFSKY
& WALKER LLP**
Park Avenue Tower
75 E. 55th Street
New York, New York  10022
(212) 318-6000
(212) 319-4090 (Fax)
victoriacundiff@paulhastings.com

*Attorneys for Kolon Industries, Inc.*

        /s/ Terence P. Ross
        Terence P. Ross
        VSB #26408
        CROWELL & MORING LLP
        1001 Pennsylvania Avenue, N.W.
        Washington, DC  20004-2595
        Phone:  (202) 624-2645
        Fax:  (202) 628-5116