IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| E. I. du PONT de NEMOURS AND COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>KOLON INDUSTRIES, INC.,<br><br>*Defendant*. | Case No. 3:09-cv-0058 |

**PLAINTIFF'S FIRST SET OF POST-VERDICT INTERROGATORIES TO DEFENDANT KOLON INTERNATIONAL, INC.**

Pursuant to Federal Rules of Civil Procedure 33 and 69(a)(2), Plaintiff E.I. du Pont de Nemours and Company ("DuPont"), through its undersigned attorneys, requests that Defendant Kolon International, Inc. ("Kolon"), provide responses to the following Interrogatories, in writing and under oath, by October 3, 2011, or on such other date as may be agreed upon by counsel or ordered by the Court.

**DEFINITIONS AND INSTRUCTIONS**

1.  The terms "Kolon," "Defendant," "you," and "your" means Defendant Kolon Industries, Inc.

2.  The term "Kolon Affiliates" means Kolon's parents, subsidiaries, affiliates, predecessors-in-interest, holding companies, as well as any and all officers, directors, employees, agents, representatives, or persons or entities acting on Kolon's behalf, including but not limited to Woong-Yeul Lee.

3. Unless otherwise stated, the relevant time period for each Interrogatory is January 1, 2008 through the date of your response, and continuing.

4. Unless otherwise stated, the geographic scope covered by these Interrogatories is worldwide.

5. The term "communication(s)" means and includes any conversation(s), meeting(s), correspondence, electronic mail ("email"), facsimile(s), telephone call(s), and any other form of oral or written communication by which information may be conveyed.

6. The term "document" is used in the broadest sense permissible under the Federal Rules of Civil Procedure and shall include, without limitation, any written or graphic matter or other medium of any kind or character, however produced, reproduced, or stored upon which intelligence or information is recorded or from which intelligence or information can be derived, which is or has been in the possession, control, or custody of Defendants. The term "document" specifically includes information, data, and material produced, stored, or maintained in electronic, magnetic, and/or computerized media or devices. Any non-identical copies of a document (whether different from the original because of the inclusion of notes, comments, notations, interlineations, receipt stamps, or otherwise) are to be considered a separate "document."

7. The terms "relating to" and "relate to" shall mean "concerning, referring to, identifying, discussing, comprising, or describing," and includes any document, communication, or other exchange that constitutes, contains, embodies, comprises, reflects, identifies, states, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to the subject.

8.     The term "person" or "entity" shall mean any natural person, corporation, firm, partnership, association or other business, governmental or legal entity, and includes anyone acting on behalf of any of the foregoing.

9.     The term "including" shall mean "including but not limited to".

10.    The terms "and" and "or" as used herein are both conjunctive and disjunctive.

11.    The term "any" shall mean any or all and the term "all" shall mean any or all.

12.    The term "Identify" means:

>   (a)   With respect to a person, to provide that person's full name, title, responsibilities with respect to the subject matter of the interrogatory, and the periods of time that person had such responsibilities, and, if not a current Kolon employee, last known home telephone number and home and business address;
>
>   (b)   With respect to a corporation, partnership or other business entity, to provide that entity's full name including any "dba" names, form of organization, and telephone number and address of principal place of business; and
>
>   (c)   With respect to a document or thing, to provide a description sufficient in specificity such that the document or thing can be unambiguously obtained by means of such description in a request for production pursuant to Rule 34 of the Federal Rules of Civil

3

>Procedure, which will include, where applicable, the document's or thing's title, date, author(s) or creator(s), recipient(s), Bates number, and present location;

13. The use of the singular form of any word includes the plural and vice versa.

14. The use of the past or present tense in an Interrogatory includes both past and present tenses.

15. These Interrogatories are continuing in nature. If, at any time prior to the full and complete payment or satisfaction of the Judgment entered on the jury's verdict of September 14, 2011, you obtain or become aware of additional information responsive to these Interrogatories, Kolon shall promptly supplement its responses to provide such information to DuPont.

16. In the event that you contend that any information requested in these Interrogatories is privileged or otherwise excludable from discovery, (i) identify each such document by date, author(s), signer(s) intended recipient(s), and addressee(s), (ii) identify each person to whom a copy was furnished or to whom the information or advice was conveyed, (iii) state the general subject matter of the document, and (iv) state the ground on which the claim of privilege or immunity from disclosure is based. Failure to do so will constitute a waiver of such a claim.

17. If you claim a privilege or immunity with regard to any information requested by an Interrogatory or any part thereof, you should nevertheless produce all portions of such document that contains information not appropriately subject to a claim of privilege or immunity.

18. If you claim that any information responsive to these Interrogatories was once in your possession, custody, and/or control and has since been lost, discarded, destroyed, deleted, relinquished, or disposed in some other manner, identify each such document and set forth:

a. The date the document was lost, discarded, destroyed, deleted, relinquished, or disposed;

b. The circumstances under which the document was lost, discarded, destroyed, deleted, relinquished, or disposed; and

c. The identity of all persons who had knowledge of, or were present when, the document was lost, discarded, destroyed, deleted, relinquished, or disposed, as well as all persons who authorized such actions.

## INTERROGATORIES

1. Identify all accounts maintained with any bank or financial institution in which Kolon, either individually, solely, or jointly, hold or have held any interest during the relevant time period, including any account or assets held in Kolon's name, on Kolon's behalf, for Kolon's benefit, or in Kolon's name as beneficiary. For each such bank or financial institution, provide: (a) the complete name and address for such bank or financial institution, (b) a description of the assets of Kolon maintained by such bank or financial institution, (c) a statement of the value of the assets, and (d) the dates during which such assets were maintained at such bank or financial institution.

2. Identify all banks or financial institutions which held any assets owned, controlled, or possessed by Kolon, or in which Kolon held any interest, during the relevant time period. For each such bank or financial institution, provide: (a) the complete name and address for same, (b) a description of the assets of Kolon maintained by such bank or financial

institution, (c) a statement of the value of the assets, and (d) the dates during which such assets were maintained at such bank or financial institution.

3. Identify all certificates of deposit, bankers' acceptances, commercial paper, treasury bills, bonds, or any interest in any money market account, in which Kolon, either individually, solely, or jointly, maintained any interest during the relevant time period, including any account or assets held on Kolon's behalf, for Kolon's benefit, or in Kolon's name as beneficiary.

4. Identify all securities owned, controlled or possessed by Kolon, or in which Kolon held any interest, in whole or in part, during the relevant time period, and for each such security, identify: (a) the name of the company or entity issuing such security, (b) the amount and fair market value of the security, and your basis for determination of fair market value, (c) all other persons owning an interest in such security, and (d) the location of the security or of your evidence of ownership of such security.

5. Identify all limited partnerships, partnerships, limited liability companies, associations, joint ventures or other business entities in which Kolon had an ownership interest during the relevant time period, and for each such entity identify: (a) the name and location of such entity, (b) the amount or extent of Kolon ownership interest in such entity, (c) the fair market value of Kolon's ownership interest in such entity and your basis for determination of fair market value, and (d) the location of any documents evidencing or constituting Kolon's ownership interest in such entity.

6. Identify all real property which Kolon owned, possessed, controlled, or in which Kolon held any interest, during the relevant time period, and for each such parcel of property, provide: (a) a description of the property, including its location and address, (b) the present fair

market value of such property, and your basis for determining such value, (c) the extent of Kolon's interest in such property, (d) an identification of any person or entity having an ownership interest in such property, (e) all sales, transfers or change in ownership, possession or control of such property, (f) all mortgages, leases, liens or encumbrances on such property, and (g) the location of all deeds, statements of titles or evidence of ownership for any such property.

7. Identify all personal and intangible property with a value in excess of $50,000.00 which Kolon owned, possessed, controlled, or in which Kolon held any interest, during the relevant time period, and for each such property, provide: (a) a description of the property, including its present location, (b) the present fair market value of such property, and your basis for determining such value, (c) the extent of Kolon's interest in such property, (d) an identification of any person or entity having an ownership interest in such property, (e) all sales, transfers or change in ownership, possession or control of such property, (f) all security interests, liens, or encumbrances on such property, and (g) the location of all documents of titles or evidence of ownership for any such property.

8. State the value of Kolon's net assets as of each of the following dates: (a) January 1, 2008, (b) July 1, 2008, (c) January 1, 2009, (d) July 1, 2009, (e) January 1, 2010, (f) July 1, 2010, (g) January 1, 2011, (h) July 1, 2011, and (i) the date of your response.

9. State the value of Kolon's net assets located within the United States as of each of the following dates: (a) January 1, 2008, (b) July 1, 2008, (c) January 1, 2009, (d) July 1, 2009, (e) January 1, 2010, (f) July 1, 2010, (g) January 1, 2011, (h) July 1, 2011, and (i) the date of your response.

10.     Identify all debts, obligations, payments, accounts, judgments or moneys owed to Kolon by any person, entity or company in excess of $50,000, individually and in the aggregate, during the relevant time period.

11.     Identify Kolon's accounts receivables as of each of the following dates: (a) January 1, 2008, (b) July 1, 2008, (c) January 1, 2009, (d) July 1, 2009, (e) January 1, 2010, (f) July 1, 2010, (g) January 1, 2011, (h) July 1, 2011, and (i) the date of your response.

12.     Identify Kolon's accounts receivables from entities located within the United States as of each of the following dates: (a) January 1, 2008, (b) July 1, 2008, (c) January 1, 2009, (d) July 1, 2009, (e) January 1, 2010, (f) July 1, 2010, (g) January 1, 2011, (h) July 1, 2011, and (i) the date of your response.

13.     Identify Kolon's twenty-five largest customers in the United States and your twenty-five largest customers in the rest of the world on the basis of the amount of revenue Kolon received from such customer during each year of the relevant time period, providing the name, address, nature of the customer relationship, and all payments, revenue or anything of value received from each such customer during each year of the relevant time period.

14.     Identify all transfers or conveyances from Kolon to any Kolon Affiliate of any asset, cash, property or intangible property with a value of in excess of Fifty Thousand Dollars ($50,000), both individually and in the aggregate, during the relevant time period.

15.     Identify Kolon's corporate structure, including any parents, subsidiaries, affiliates, holding companies, controlling shareholder(s), and for each such person or entity, provide the name and address, and describe the exact relationship between Kolon and such person or entity.

16.     Identify any change in control, reorganization, recapitalization or restructuring of Kolon, or of any Kolon Affiliate during the relevant time period.

17. Identify all names under which Kolon conducted any business activities, or held any asset or investment, during the relevant time period, and, in all instances involving the conduct of such business activity of the holding of such asset or investment in any name other than Kolon International, Inc., identify such business activity, asset or investment, the name under which Kolon conducted such activity or held such asset or investment, and the dates, amount and fair market value of such business activity, asset or investment, and your basis for determining such value.

18. Identify all distributions, dividends, payments, transfers, sales or conveyances of any asset, cash, property or intangible property between Kolon and the Kolon Affiliates during the relevant time period.

19. Identify all distributions, dividends, payments, transfers, sales or conveyances of any asset, cash, property or intangible property, directly or indirectly, between Kolon and Mr. Woong-Yeul Lee during the relevant time period.

20. Describe Kolon's investigation into and correspondence with Hyosung Corporation related to any attempted or actual acquisition of industrial fiber manufacturing technology by Hyosung Corporation from Kolon, including but not limited to the results of such investigation and correspondence.

Date:  September 15, 2011

                                         Respectfully submitted,

                                         E. I. du Pont de Nemours and Company

                                             /s/ Rodney A. Satterwhite
                                        By Counsel

                                         Rodney A. Satterwhite (VSB # 32907)

        rsatterwhite@mcguirewoods.com
        Brian C. Riopelle (VSB #36454)
        briopelle@mcguirewoods.com
        Thomas M. Beshere (VSB #41279)
        tbeshere@mcguirewoods.com
        Robyn Suzanne Gray (VSB #45418)
        rgray@mcguirewoods.com
        McGUIREWOODS LLP
        One James Center
        901 E. Cary Street
        Richmond, VA 23219
        Tel:  804-775-1000
        Fax:  804-775-1061

- and –

Kent A. Gardiner (*pro hac vice*)
Michael J. Songer *(pro hac vice)*
Terence P. Ross (VSB #26408)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  202-624-2500
Fax:  202-628-5116

## CERTIFICATE OF SERVICE

      I hereby certify that on September 15, 2011, I will electronically file the foregoing Plaintiff's First Set of Post-Verdict Interrogatories to Defendant Kolon International, Inc. with the Clerk of Court using the CM/ECF system, which shall send notification of such filing (NEF) to the following:

Rhodes B. Ritenour (VSB # 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 916-7109
(804) 916-7219 (Fax)
dana.finberg@leclairryan.com
rhodes.ritenour@leclairryan.com

Dana J. Finberg (VSB # 34977)
**SONNENSCHEIN NATH & ROSENTHAL LLP**
1530 Page Mill Road
Suite 200
Palo Alto, California 94304
(650)-798-0375
(650)-798-0310 (Fax)
dfinberg@sonnenschein.com


Scott M. Flicker (*pro hac vice*)
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700
(202) 551-1705 (Fax)
scottflicker@paulhastings.com

Jeffrey G. Randall *(pro hac vice)*
Michael C. Hendershot *(pro hac vice)*
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
1117 S. California Avenue
Palo Alto, California  94304
(650) 320-1850
(650) 320-1950 (Fax)
jeffreyrandall@paulhastings.com
michaelhendershot@paulhastings.com

2

Victoria A. Cundiff *(pro hac vice)*
**PAUL, HASTINGS, JANOFSKY
& WALKER LLP**
Park Avenue Tower
75 E. 55th Street
New York, New York  10022
(212) 318-6000
(212) 319-4090 (Fax)
victoriacundiff@paulhastings.com

***Attorneys for Kolon Industries, Inc.***

/s/ Terence P. Ross
Terence P. Ross
VSB #26408
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004-2595
Phone:  (202) 624-2645
Fax:  (202) 628-5116

2

DCACTIVE-16090831.1