IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| E.I. du PONT de NEMOURS AND COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Civil Action No. 3:09CV00058 |
| KOLON INDUSTRIES, INC., | ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF E. I. DU PONT DE NEMOURS AND COMPANY'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION FOR ASSET FREEZE**

Plaintiff E.I. du Pont de Nemours and Company ("DuPont"), by counsel, respectfully submits this memorandum in support of its Motion for an Asset Freeze.

## INTRODUCTION

Following a seven-week trial, the jury returned a verdict in favor of DuPont finding that Kolon Industries, Inc. ("Kolon") misappropriated and used at least 149 trade secrets relating to Kevlar® (the "DuPont Trade Secrets"). (Jury Verdict, D.I. 1514.) The jury found that Kolon misappropriated each of those 149 trade secrets *willfully* and *with malice*. (*Id.*) The jury awarded damages in the amount of $919.9 million. (*Id.*) The Court has entered judgment on the jury's verdict in favor of DuPont and against Kolon. (D.I. 1515.)

Given Kolon's malicious theft of the DuPont Trade Secrets and its conduct in this litigation (*e.g.*, spoliation of evidence and game playing with witnesses), DuPont is justifiably concerned that Kolon will take action to thwart the verdict. Therefore, DuPont seeks to enjoin Kolon's transfer or dissipation of any of its assets, regardless of where those assets may be

located or what form they may take. Absent this injunction, Kolon – a Korean company with the vast majority of its assets located outside the United States – could essentially render the judgment meaningless by hiding its global assets.[1]

DuPont seeks the following relief:

- An order limiting Kolon's ability to transfer assets or funds in excess of $50,000 without prior written approval of the Court; and

- Establishing a process by which Kolon can obtain Court approval for a transfer of assets or funds.

## ARGUMENT

### I. THE COURT IS AUTHORIZED TO ENJOIN KOLON'S DISSIPATION OR TRANSFER OF ASSETS.

Based on its inherent equity power and under the All Writs Act, 28 U.S.C. § 1651(a), the Court may enter an order to preserve Kolon's assets and prevent Kolon from frustrating the Court's judgment. *See In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1259-61 (7th Cir. 1980). In *Uranium Antitrust*, the Seventh Circuit affirmed a district court's asset-freeze injunction against various defendants following the district court's entry of a default judgment in favor of plaintiffs on liability, but before a hearing on the amount of damages had occurred. *Id.* at 1252, 1259-61. The district court's injunction prohibited the defendants from transferring assets without prior approval of the Court. *Id.* at 1258-59 (citing *United States v. First National City Bank*, 379 U.S. 378 (1965)). *See also United States ex rel. Rahman v. Oncology Associates, P.C.*, 198 F.3d 489, 496 (4th Cir. 1999).

Although the injunction in *Uranium Antitrust* did not freeze assets outside the United States, the court explained that it "was empowered to enter all equitable orders necessary to

---

[1] The injunction would remain in effect until such time as the Court deems it appropriate, for example, if and when Kolon posts a supersedeas bond.

preserve [its] judgment." 617 F.2d at 1259. Indeed, the United States Supreme Court has held that district courts have the authority to issue injunctions relating to foreign property owned or controlled by the parties over which it has jurisdiction. As the Supreme Court observed:

> [o]nce personal jurisdiction of a party is obtained, the District Court has authority to order it to "freeze" property under its control, whether the property be within or without the United States.

*First National City Bank*, 379 U.S. at 384-85. Indeed, other district courts have compelled defendants to bring international assets into the United States or have frozen international assets in cases in which such relief was necessary. *See, e.g., Fed. Trade Comm'n v. Affordable Media, LLC*, 179 F.3d 1228, 1233, 1239 (9th Cir. 1999) (affirming enforcement of a district court's injunction requiring defendants to transfer assets in foreign countries into the United States); *Fed. Trade Comm'n v. SlimAmerica, Inc.*, 77 F.Supp.2d 1263, 1276-77 (S.D. Fla. 1999) (same). In this case, to give any effect to this Court's judgment and to preserve it, the Court should not only freeze Kolon's United States assets and funds, but also its assets and funds outside the United States.

In particular, Kolon should be enjoined from transferring or dissipating assets that relate specifically to its theft of the DuPont Trade Secrets. When a party seeks equitable relief in relation to specific assets, an injunction restricting the defendant's alienation of those assets is warranted even if those assets are located outside the United States. *See Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363-64 (9th Cir. 1988) (enjoining the transfer of certain

assets "wherever they are located"); *Reebok Int'l Ltd. v. Marnatech Enter., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (affirming extraterritorial asset freeze).[2]

Here, DuPont seeks both monetary and equitable remedies related to Kolon's theft of the DuPont Trade Secrets. Accordingly, Kolon should be enjoined from transferring or dissipating assets that relate specifically to the subject of DuPont's claims for misappropriation and theft of trade secrets. Kolon's misappropriation of the DuPont Trade Secrets has tainted those assets. For example, Kolon's para-aramid plant in Korea was built based on the DuPont Trade Secrets and is therefore permeated by the DuPont Trade Secrets. Likewise, the assets derived or associated with the plant's production are permeated by Kolon's trade secret theft. Kolon should be enjoined from transferring ownership of the plant and the other assets associated with its para-aramid business. Moreover, should Kolon transfer its para-aramid plant before DuPont can enforce the anticipated injunctive relief, DuPont would not be able to ensure against further disclosure of its trade secrets, including by any potential new owner of the plant. Moreover, any revenue generated by the sale of Heracron® should be frozen as it is a direct product of Kolon's misappropriation.

---

[2] DuPont anticipates that Kolon will cite *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) ("*GMD*"), in arguing that this injunction is beyond the Court's authority. *GMD* does not apply. In *GMD*, the Supreme Court held that an unsecured creditor was not entitled to a preliminary injunction prohibiting defendant's dissipation of assets as a provisional remedy at the outset of the litigation and prior to entry of judgment in a case where there were no equitable claims, but only claims at law for money damages. Here, the Court has already entered judgment and the case includes equitable claims. *GMD* is particularly inapplicable to the equitable relief that DuPont seeks regarding assets tainted with its stolen trade secrets because, as the Fourth Circuit observed in *United States ex rel. Rahman v. Oncology Associates, P.C.*, 198 F.3d 489, 496 (4th Cir. 1999), *GMD* only applies to freezing injunctions on claims seeking solely monetary damages.

II. **AN ASSET FREEZE INJUNCTION IS NECESSARY TO PREVENT KOLON FROM DISSIPATING IT ASSETS OR SECRETING THEM OUTSIDE OF THE UNITED STATES.**

In determining whether an asset-freeze injunction was appropriate, the *Uranium Antitrust* court applied the traditional prerequisites for a preliminary injunction:

(1) The plaintiffs have no adequate remedy at law and will be irreparably harmed if the injunction does not issue;

(2) The threatened injury to the plaintiffs outweighs the threatened harm the injunction may inflict on the defendant;

(3) The plaintiffs have at least a reasonable likelihood of success on the merits; and

(4) The granting of a preliminary injunction will not disserve the public interest.

617 F.2d at 1260-61. *See also U.S. Dept. of Labor v. Wolf Run Mining Co., Inc.*, 452 F.3d 275, 280 (4th Cir. 2006) (articulating the same test for preliminary injunctions in the Fourth Circuit).

If Kolon is permitted to divest or transfer assets, DuPont would suffer an irreparable harm without legal remedy. *See Uranium Antitrust*, 617 F.2d at 1261 ("There is no remedy at law which could effectively prevent the removal of the defaulter's assets from the jurisdiction of the United States Courts…With regard to the requisite threat of irreparable harm, it is evident that without the Court's use of injunctive powers the plaintiffs' ability to satisfy the judgment would be seriously jeopardized.") Here, where (i) the jury found that Kolon willfully and maliciously misappropriated DuPont's trade secrets, (Jury Verdict, D.I. 1514), and (ii) the Court found that Kolon intentionally spoliated evidence, (Memorandum Opinion, D.I. 1249), Kolon's hiding of assets is no mere threat.

Moreover, the proposed injunction also would not place an onerous burden on Kolon. The injunction simply requires prior approval of transfers or divestment of assets in excess of

$50,000.  All Kolon need do to avoid this reasonable restriction is to post a supersedeas bond.  In contrast, the threatened injury to DuPont is substantial.

The last two factors are also satisfied.  DuPont has already prevailed on the merits.  A freeze of Kolon's assets would not disserve any cognizable public interest.  To the contrary, entry of the injunction "serves a strong national interest in effective and meaningful enforcement" of trade secrets law.  *See Uranium Antitrust*, 617 F.2d at 1261.

## CONCLUSION

For the foregoing reasons, DuPont respectfully requests that its Motion for Asset Freeze be granted.

Respectfully submitted,

E. I. du Pont de Nemours and Company

Dated: September 16, 2011

/s/ Rodney A. Satterwhite
By Counsel

Rodney A. Satterwhite (VSB # 32907)
rsatterwhite@mcguirewoods.com
Brian C. Riopelle (VSB #36454)
briopelle@mcguirewoods.com
Thomas M. Beshere (VSB #41279)
tbeshere@mcguirewoods.com
Robyn Suzanne Gray (VSB #45418)
rgray@mcguirewoods.com
McGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Tel:  804-775-1000
Fax:  804-775-1061

- and –

Kent A. Gardiner (*pro hac vice*)
Michael J. Songer *(pro hac vice)*
Terence P. Ross (VSB #26408)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.

Washington, D.C. 20004
Tel: 202-624-2500
Fax: 202-628-5116

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2011, I served the foregoing via the Court's CM/ECF System on:

Rhodes B. Ritenour (VSB # 71406)
**LECLAIRRYAN**
Riverfront Plaza, East Tower
951 East Byrd Street, Eighth Floor
Richmond, Virginia 23219
(804) 916-7109
(804) 916-7219 (Fax)
rhodes.ritenour@leclairryan.com

Dana J. Finberg (VSB # 34977)
**SNR DENTON US LLP**
1530 Page Mill Road, Suite 200
Palo Alto, California 94304-1125
(650) 798-0375
(650) 798-0310 (Fax)
dfinberg@snrdenton.com

Scott M. Flicker (*pro hac vice*)
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700
(202) 551-1705 (Fax)
scottflicker@paulhastings.com

Jeffrey G. Randall *(pro hac vice)*
Michael C. Hendershot *(pro hac vice)*
**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
1117 S. California Avenue
Palo Alto, California 94304
(650) 320-1850
(650) 320-1950 (Fax)
jeffreyrandall@paulhastings.com
michaelhendershot@paulhastings.com

*Attorneys for Kolon Industries, Inc.*

                                                  /s/ Rodney A. Satterwhite
Rodney A. Satterwhite (VSB # 32907)
rsatterwhite@mcguirewoods.com
Brian C. Riopelle (VSB #36454)
briopelle@mcguirewoods.com
Howard Feller (VSB #18248)
hfeller@mcguirewoods.com
Thomas M. Beshere (VSB #41279)
tbeshere@mcguirewoods.com
Robyn Suzanne Gray (VSB #45418)
rgray@mcguirewoods.com
McGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Tel:  804-775-1000
Fax:  804-775-1061