

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

E.I. DU PONT DE NEMOURS
AND COMPANY,

      Plaintiff,

v.                                    Civil Action No. 3:09cv58

KOLON INDUSTRIES, INC.,

      Defendant.

### MEMORANDUM OPINION
### REDACTED VERSION

This matter is before the Court on the MOTION FOR PROTECTIVE ORDER TO BAR E.I. DU PONT DE NEMOURS AND COMPANY FROM TAKING THE DEPOSITIONS OF HEE SEUNG CHOI, DAE SIK KANG, AND YOUNG SOO SEO IN RICHMOND, VIRGINIA (Docket No. 1399) filed by Kolon Industries, Inc.  For the reasons that follow, the motion will be denied.

### FACTUAL BACKGROUND

DuPont has noticed the depositions of three Kolon employees, Young Soo Seo, Dae Sik Kang and Hee Seung Choi. Local Rule 30(a), which requires that depositions of "representative[s] of a party (e.g. officer[s], director[s], or managing agent[s])" must ordinarily be taken in this district if the party files an action in this district.[1]  A counterclaim

---

[1] Local Rule 30(a) in its entirety provides:

plaintiff is such a party and ordinarily its representative must be deposed in the district. According to Kolon, Mr. Kang and Ms. Choi do not have enough authority to qualify as "party representatives," which, according to Kolon, can only be officers, directors or managing agents. Kolon acknowledges that previously, the Court has held that Mr. Seo is a managing agent, but argues that now there are "special circumstances" which dictate that his deposition take place in Korea, notwithstanding the finding that on the trade secrets component of the case he was deposed here as a managing agent. Those "special circumstances" are that [ . Kolon also asserts that Mr. Kang [ ] and that, therefore, the "special circumstances" exception to Local Rule 30(a) also requires that he be deposed in Korea. Kolon also notes that [ ]

DuPont contends that it and Kolon agreed to the deposition of Ms. Choi in Washington D.C. And, DuPont argues that the

---

"Any party, or representative of a party (e.g., officer, director or managing agent), filing a civil action in the proper division of this Court must ordinarily be required upon request, to submit to a deposition at a place designated within the division. Exceptions to this general rule may be made on order of the Court when the party, or representative of a party, is of such age or physical condition, or special circumstances exist, as may reasonably interfere with the orderly taking of a deposition at a place or time within the division. A defendant, who becomes a counterclaimant, cross-claimant, or third-party plaintiff, shall be considered as having filed an action in this Court for the purposes of this Local Rule. This subsection shall not apply to an involuntary plaintiff or an interpleader plaintiff."

2

depositions of Mr. Kang, Mr. Seo, and Ms. Choi should all take place in Virginia under Local Rule 30(a) because they are all "managing agents." But, in the event that they are not to be "managing agents," DuPont asserts that they at least qualify as "representatives of a party." Id. at 9-14.

DuPont has provided [ ] "special circumstances" exception of Local Rule 30(a) is no longer an issue. Id. at 6-7. Finally, DuPont argues that the U.S. State Department's written guidance on deposing witnesses in South Korea suggests that taking depositions in Korea is prohibited. Id. at 16. Thus, according to Kolon, these witnesses must be deposed in the United States or not at all. Id.

## DISCUSSION

The issues will be discussed in turn.

## A. Qualification As A Managing Agent

The Court previously considered the factors that determine managing agent status in E.I. DuPont de Nemours and Co. v. Kolon Indus., Inc., 268 F.R.D. 45 (E.D. Va. 2010). Those factors include: "(1) the discretionary authority vested in the person by the corporation; (2) the employee's dependability in following the employer's directions; (3) whether the individual is more likely to identify with the corporation or the other adverse party in the litigation; and (4) the degree of [the individual's] supervisory authority in areas pertinent to the

3

litigation." Kolon Indus., 268 F.R.D. at 48-49. The third factor is the individual's identification of interests. Id. at 49. And, as explained in Kolon Indus., when managing agent status is "debatable" or uncertain, "doubts should be resolved in favor of the examining party." Id. Managing agent status is generally determined at the time of the deposition, but there are exceptions to this rule. Id.

**B. Mr. Seo**

The Court previously ruled that Mr. Seo was a managing agent, "at least for purposes of compelling his deposition testimony." Id. at 52. The "special circumstances" which Kolon relies to seek an exception under Local Rule 30(a) do not come into play [ ]. Thus, Mr. Seo's deposition must be taken in Virginia.

**C. Mr. Kang**

In Kolon Indus., 268 F.R.D. at 53, the Court held that DuPont had not "set forth any evidence that Kang was *managing* anything" and that there was not yet sufficient evidence to demonstrate that Kang was a managing agent. However, the Court also held that the "issue c[ould] be fleshed out in further discovery and [Kang's] status [could] be revisited later." Id.

In a September 3, 2011 email, Kolon responded to DuPont's request for a more detailed description of Mr. Kang's responsibilities. Pl. Opp. Def. Motion for Protective Order,

Exhibit F.    From that email and other discovery materials produced by Kolon, it now is quite evident that Mr. Kang has managing authority.    Although he is ranked at the third-lowest of eleven levels, he has worked for Kolon for approximately ten years.    He has a great deal of discretion, as evidenced by his authority to approve, negotiate, and direct contracts that bind the company.    The emails that he sent and received show that he had authority to negotiate prices without first seeking approval from higher authority.    Furthermore, he was clearly in a supervisory position, having supervised five regional sales managers and two secretaries all of whom he had the authority to discipline without approval from higher authorities.    In his emails, Mr. Kang referred to himself as "regional manager," "staples manager," and "pulp manager."    Finally, Mr. Kang clearly is aligned with Kolon. He still works for Kolon.  Kolon provides counsel for him; and Kolon has acknowledged that, if Mr. Kang did seek his own independent counsel, it would indemnify him for the associated expenditures.

Applying the test previously enunciated, Mr. Kang is a managing agent.    [ ] special circumstances warrant an exception to Rule 30(a), and Mr. Kang must be deposed in Virginia.

C.    **Ms. Choi**

Ms. Choi has worked for Kolon for three years.  She is 28 years old and is on the second-lowest rung of Kolon's eleven

5

rankings.    However, she recently took over some of Mr. Kang's responsibilities.    In fact, DuPont has shown that Kolon has placed Ms. Choi "in charge of the American biz," referring to American sales of Kolon's para-aramid product, Heracron.    Of course, the sale of Heracron in the United States lies at the core of this case.    And, in her capacity, Ms. Choi has the ability to terminate the contracts of third-party marketers of Heracron.    She also can approve and negotiate contracts that bind the company, and she occupies a position of trust within the company.    Ms. Choi is far from the minor functionary that Kolon describes her to be.

Like Mr. Kang, Ms. Choi's interests are clearly aligned with Kolon.    Kolon's counsel serves as counsel for her in this matter, and Kolon has indicated that Ms. Choi would be indemnified if she sought independent counsel.

In sum, Ms. Choi is, in fact, Kolon's representative on a central issue in this case: the sale of Heracron in the United States.    Or, as Mr. Kang put it she is "in charge of the American biz."    Thus, even though there is less compelling evidence than that which pertains to Messrs. Seo and Kang, doubts respecting managing agent status are to be resolved in favor of the examining party.    And, it is an important consideration in the analysis that Ms. Choi occupies a very responsible position on a central issue in this case.

6

Therefore, on balance Ms. Choi is also a managing agent and must be deposed within the district.[2]

## CONCLUSION

For the reasons outlined above, the Court finds that the depositions of Mr. Kang, Mr. Seo and Ms. Choi must be taken within the district pursuant to Local Rule 30(a). Therefore, the Defendant's MOTION FOR PROTECTIVE ORDER TO BAR E.I. DU PONT DE NEMOURS AND COMPANY FROM TAKING THE DEPOSITIONS OF HEE SEUNG CHOI, DAE SIK KANG, AND YOUNG SOO SEO IN RICHMOND, VIRGINIA (Docket No. 1399) will be denied.[3]

It is so ORDERED.

_____/s/_____ _R E P_

Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date: September _23_, 2011
_____ _nunc pro tunc September 20, 2011_

[2] No special circumstances are presented as to Ms. Choi.

[3] It is not necessary to resolve the issues briefed respecting the existence of an agreement to have the depositions in Washington, D.C. where both parties have counsel. But, the rule on which DuPont relies specifies that the site is to be within the district. And, during the trial of the trade secrets case, it was obvious from reviewing deposition testimony that Kolon witnesses often disregarded questions and made speeches they thought helpful to their cause. That was wasteful of judicial and jury time and created confusion. To assure that that circumstance does not recur, the depositions will be taken in the Robinson-Merhige Courthouse so that judicial supervision is readily available. And, the depositions of any witnesses designated as "managing agents" who have "special circumstances" [ ] will be taken between now and September 30, 2011.