

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

E.I. du PONT de NEMOURS
AND COMPANY,

     Plaintiff,

v.                         Civil Action No. 3:09-CV-58

KOLON INDUSTRIES, INC.,

     Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff E.I. du PONT de NEMOURS AND COMPANY'S ("DuPont") MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 876). The motion seeks to strike errata sheets that make changes to the deposition testimony of two of Kolon's witnesses, Su-Yong Noh ("Noh") and Jong Tae Park ("Park"), who testified pursuant to Fed.R. Civ.P.30 (b)(6), and to the depositions of other witnesses including In-Sik Han ("Han"), Oh-Hwan Kim ("Kim"), and Young-Soo Seo ("Seo") (sometimes collectively referred to as "deponents").[1] For the reasons set forth below, the motion will be granted.

---

[1] See MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON INDUSTRIES, INC.'S DEPONENTS (Docket No. 876) at 1.

## BACKGROUND FACTS

Kolon submitted corrections for each deponent on forms that, for each page and line to be corrected, sets forth:   (i) the word or phrase used in the deposition (indicated by the heading "NOW READS;" (ii) the proposed corrections (indicated by the heading "SHOULD READ;" and (iii) a reason for this change. For example, an excerpt from the errata sheet of Kim's October 19, 2010 deposition reads:[2]

| Page | Line | Now Reads | Should Read | Reason Therefore |
|------|------|-----------|-------------|------------------|
| 3 | 2 | LEE | Kim | Typo |

DuPont has challenged forty errata sheets tendered by Kolon.   Each sheet contains approximately twenty-two lines of changes.   So altogether, DuPont attached around nine hundred line-by-line corrections for the witnesses identified in the motion.[3]

---

[2] See DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 877) at Exhibit K.

[3] DuPont attached the following number of errata sheets for each deponent on the specified deposition day:   (1) six and a half pages for Noh's July 27 deposition; (2) four pages for Noh's July 28 deposition; (3) one and a half pages for Noh's July 29 deposition; (4) two and a half pages for Park's July 28 deposition; (5) two pages for Park's July 29 deposition; (6) two pages of testimony for Park's July 30 deposition; (7) five pages for Han's October 28 deposition; (8) five pages for Kim's October 19 deposition; (9) seven pages for Kim's October 21 deposition; and (10) four pages for Seo's October 26 deposition. See DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE

In response to DuPont's motion, Kolon served additional
errata sheets.  First, Kolon served seven more pages of errata
for Park's July 29 deposition.[4]  The errata sheets for the July
20 deposition that DuPont challenges were signed by Park on
September 9.  Kolon provided thirty-three pages of modified
errata ("modified errata sheets") to DuPont for Seo's October 28
deposition, Noh's July 27-29 deposition, and Park's July 28-30
deposition days.[5]

After DuPont filed this motion and pointed out that the
errata for the aforementioned dates lacked explanations for the
change, thereby violating Rule 30(e) (for example every line for
Noh and Park lacked a reason, while only two lines in Seo's
errata failed to provide a reason), Kolon sent DuPont errata
filings that did set forth reasons for the changes.  DuPont
supplied those to the Court.[6]  All thirty-three of the latest

---

ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 877) at
Exhibits D-M.

[4] See KOLON INDUSTRIES, INC.'S OPPOSITION TO DUPONT'S MOTION TO
STRIKE ERRRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No.
895) at Exhibit 6.

[5] See DUPONT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO
STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 900)
at Exhibit 1.

[6] Kolon explains that the modified errata sheets were submitted
in a "line-by-line format" with reasons to "obviate the need for
any additional remedy."  KOLON INDUSTRIES, INC.'S OPPOSITION TO
DUPONT'S MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON
DEPONENTS (Docket No. 895) at 18.

3

round of errata sheets were signed on March 1, 2011.  Id.  The

March submission reproduced approximately twenty-one pages of

errata for Seo, Noh, and Park to which DuPont already had

objected, but this time, those errata set out line-by-line

reasons.  Id.  Seven additional pages relate to Park's July 29

testimony with an original signature date on August 30, 2010.

The other five pages make changes to Park's July 30 deposition.

There remains some ambiguity about the exact relief that

DuPont requests, namely, whether it seeks to strike the nine

hundred changes attached to its brief, some portion of that

universe, or whether DuPont seeks to exclude any errata sheet

made by the five deponents for their October and July testimony.

DuPont initially states:

> Specifically, the following **errata sheets
> should be stricken:**  (1) Su-Yong Noh's July
> 27-29,  2010  30(b)(6)  deposition  errata
> sheets; (2) Jong Tae Park's July 28-30, 2010
> 30(b)(6) deposition errata sheets; (3) In-
> Sik Han's October 28, 2010 errata sheets;
> (4)  Oh-Hwan  Kim's  October  19,  2010  and
> October 21, 2010 deposition errata sheets;
> and  (5)  Young-Soo  Seo's  October  26,  2010
> deposition errata sheets.[7]

That language by itself certainly seems to indicate that DuPont

aims to strike every errata sheet made by the deponents for all

ten days of testimony.  DuPont reaffirmed the initial request:

---

[7] DUPONT'S  MOTION  TO  STRIKE  ERRATA  SHEETS  OF  CERTAIN  KOLON
INDUSTRIES,  INC.'S  DEPONENTS  (Docket  No.  876)  at  1  (emphasis
added).

"DuPont respectfully requests that the Court strike the **Errata Sheet changes for all witnesses identified herein.**[8]"   All of the "witnesses identified herein" consist of (1) Noh, (2) Park, (3) Han, (4) Kim, (5) Seo, and the "errata sheet changes" for these witnesses would certainly include all nine hundred or so changes attached to DuPont's memorandum, the additional testimony presented by Kolon in the modified errata sheets, seven pages for Park's July 29 testimony, and the five pages for Park's July 30 testimony and any other errata filings that alter the deponents' testimony for these dates that the Court has not seen.

Notwithstanding the foregoing broad language, in DUPONT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 900), DuPont specifies the relief sought and "requests that this Court strike only the Errata Sheet changes listed in **Exhibit A** attached to its Memorandum in Support of its Motion to Strike Errata Sheets of Certain Kolon Deponents."   Id. at 16 (emphasis added). Exhibit A contains four columns:  (1) Question from Counsel, (2) Witnesses' Original Response, (3) Witnesses' Response after Errata Changes, and (4) Reason for Change.  EXHIBIT A TO DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE ERRATA SHEETS OF

---

[8] DUPONT'S MEMORADUM IN SUPPORT OF ITS MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONEENTS (Docket No. 877) at 12 (emphasis added).

CERTAIN KOLON DEPONENTS (Docket No. 877) ("Exhibit A (Docket No. 877).") Here DuPont identifies forty-seven responses that have been altered by the errata (seventeen by Noh, nineteen by Park, six by Han [five of Han's corrections actually appear to be corrections to the questions rather than his own responses] and four by Seo) that allegedly violate the procedural and substantive requirements of Rule 30(e). Id. One example of these forty-seven responses takes the following form:

| Question from Counsel | Park's Original Response | Park's Response after Errata changes | Reason for change |
|---|---|---|---|
| "Did Kolon receive a CD from Dr. Shultz?" | *"I don't know."* | *"No."* | No reason provided |

Exhibit A (Docket No. 877) at 5 (emphasis in original). Like Park's response here, the majority of responses in Exhibit A correlate with only one specific line item from the accompanying errata sheet, but in a few instances one must piece together two or three errata line changes to decipher the new response. Accordingly, the forty-seven responses outlined in Exhibit A implicate eighty-seven specific line-by-line errata changes. The following table summarizes the information presented by both parties that relates to the Deponents' errata changes:

| Party Presenting Errata Sheet to the Court | Deposition Date Altered by Errata | Notice Date | Signature Date |
|---|---|---|---|
| DuPont—Exs. D-M (Docket No. 877) | (1)(2)(3) Noh: 7/27-29/10 | 8/5/10 | 8/30/10 |
| | (4) Park: 7/28/10—2.5 pgs. | 8/5/10 | 8/30/10 |
| | (5) Park: 7/29/10—2 pgs. | 8/5/10 | 9/7/10 |
| | (6) Park: 7/30/10 | 8/6/10 | 9/7/10 |
| | (7) Han:   10/28/10 | 11/1/10 | 12/2/10 |
| | (8) Kim:   10/19/10 | 10/27/10 | 11/26/10 |
| | (9) Kim:   10/21/10 | 10/27/10 | 11/26/10 |
| | (10) Seo: 10/26/10 | 10/28/10 | 11/27/10 |
| DuPont—Ex. A (Docket No. 877) | Consolidates deposition with relevant errata portions in (1)-(10) | | |
| Kolon—Ex. 6 (Docket No. 895) | (11) Park: 7/29/10—7 pgs. | 8/5/10 | 8/30/10 |
| Modified Errata DuPont—Ex. 1 (Docket No. 900) | (1)-(6), (10)-(11) reproduced with reasons | Same | 3/1/11 |
| | (12) Park: 7/30/10—5 pgs. | 8/6/10 | 3/1/11 |
| *The seven pages in (11) do not include any of the changes made by Park in (5). The five pages in (12) do not include any of the changes made by Park in (4). | | | |
| **Reasons were not included in (1)-(6), three lines in (10), and (11). The Court cannot tell if (12) initially included reasons. | | | |

DuPont contends that the errata sheets violate the procedural and substantive requirements of Rule 30(e). DuPont objects to the submissions procedurally based on two grounds: (1) the deponent did not provide a reason for his change, and if

a reason was provided, it did not truly explain the change; and (2) some of the reasons provided were untimely submitted.[9]

## A.  Scope of Inquiry for Rule 30(e) Procedural Requirements

### 1.  Alleged Untimeliness Of The Modified Errata Sheets

DuPont argues that the modified errata sheets signed on March 1, 2011 violate the procedural thirty day time limitation set out in Rule 30(e).  See DUPONT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE ERRATA SHEEETS OF CERTAIN KOLON DEPONENTS (Docket No. 900) at 3.  In the modified errata sheets, Noh, Park, and Seo provided line-by-line reasons for their original changes.  Seo was given notice on October 28, 2010 and made changes on March 1, 2011.  Id. at EXHIBIT 1.  Noh was given notice on August 5, 2010 and made changes on March 1, 2011.  Park was given notice on August 5 and 6 and made changes on March 1, 2011.  Id.

---

[9] The relevant procedural requirements of Rule 30(e) are discussed thoroughly below; the requirements include: (1) the request for review must be made by a party or the deponent before completion of the deposition; (2) the changes must be made within 30 days of notification that the transcript is available for review; (3) the deponent must sign a statement reciting the changes and the reasons for making them; and (d) the changes must be appended to the transcript during the period allowed.  Fed. R. Civ. P. 30(e).

2.    The Asserted Insufficiency of Noh's, Park's, And Seo's
      Stated Reasons In The Changes

DuPont objects to the errata sheets signed by Noh that make

changes to his July 27-29, 2010 testimony.    DuPont argues that

Noh's errata entries do not satisfy the procedural requirements

of Rule 30(e) because there are no specific reasons stated for

these changes.    Kolon's Errata Sheet Template contains a column

next to each change that reads "Reason Therefore," yet Noh left

this column blank for the all twelve pages of errata attached to

DuPont's Memorandum. DUPONT'S MEMORANDUM IN SUPPORT OF ITS

MOTION TO STIRKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS

(Docket No. 877) at Exhibit D.

Kolon argues that Rule 30(e) is satisfied by the signed

statement provided by each deponent at the end of the deposition

transcript:

> I    hereby   certify   that   I   have   read   and
> examined   the   foregoing   transcript,   and   the
> same   is   a   true   and   accurate   record   of   the
> testimony   given   by   me.    Any   additions   or
> corrections   that   I   feel   are   necessary,   I
> will   attach   on   a   separate   sheet   of   paper   to
> the original transcript.[10]

Alternatively, Kolon contends that, if this statement does not

satisfy the statement of reasons requirement in Rule 30(e), the

reasons set out in the modified errata sheet should suffice.

---

[10]  KOLON   INDUSTRIES,   INC.'S   OPPOSITION   TO   DUPONT'S   MOTION   TO
STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 895)
at Exhibits 16-20 (certificates of deponent for Noh, Park, Han,
Kim, and Seo).

Id. at 15.   In assessing the allegation that Noh failed to provide sufficient reasons under Rule 30(e), the Court will examine all errata sheets submitted by Noh for the relevant deposition dates and will not limit the inquiry to Exhibit A. Thus, the Court will examine the following errata filings for insufficient reasons:  Noh's July 27, 2010 errata (signed August 30, 2010), Noh's July 28, 2010 errata (signed August 30, 2010), and Noh's July 29, 2010 errata (signed August 30, 2010).

DuPont claims that Seo's failure to give reasons for three of his changes also violates the procedural requirements of Rule 30(e).   Again, Kolon points to the signed statement at the deposition and the modified errata reasons as defenses to DuPont's allegation for See—Kolon also uses these defenses for Park.   The Court will examine all of Seo's October 26, 2010 errata (signed November 27, 2010).

The errata sheets for Park have been presented to the Court in three separate filings.  First, DuPont presented two and half pages of Park's July 28, 2010 errata changes (signed on August 30, 2010); two pages of Park's July 29, 2010 errata changes (signed on September 7, 2010); and two pages of Park's July 30, 2010 errata changes (signed September 7, 2010).   See DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE ERRATA SHEETS OF

10

CERTAIN KOLON DEPONENTS (Docket No. 877) at Exhibit H.[11]   Next, Kolon presented seven pages of additional errata for Park's July 29, 2010 testimony (this sheet, however, was signed on August 30, 2010).[12]   Park made seven pages of corrections on this date, which is five more than he made on September 7, 2010 to the same testimony; furthermore, all of the corrections signed on August 30, 2010 and September 7 make unique changes to the original July 29, 2010 deposition.   See, e.g., id.; KOLON INDUSTRIES, INC.'S OPPOSITION TO DUPONT'S MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 895) at Exhibit 6. Finally, the modified errata sheets sent to DuPont on March 1, 2011 included five additional pages of testimony relating to Park's July 28, 2010 deposition.   None of the changes in these five pages were included in Park's two and half page previously filed errata sheet that made changes to this same July 28, 2010 deposition (signed August 30, 2010).   See e.g., DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE ERRATA SHEETS OF

---

[11] DuPont has not objected to the timeliness of these filings even though Park was given notice for his July 29, 2010 testimony on August 5, 2010 but the signature date reads September 7, 2010.   Furthermore, he was given notice for his July 30, 2010 deposition on August 6, 2010 but the signature date reads September 7, 2010.

[12] Unlike, the July 29, 2010 changes by Park that DuPont presented (signed on September 7, 2010), the July 29, 2010 that Kolon presents were signed by Park on August 30, 2010.   See KOLON INDUSTRIES, INC.'S OPPOSITION TO DUPONT'S MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS at Exhibit 6.

CERTAIN KOLON DEPONENTS (Docket No. 877) at Exhibit H; DUPONT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 900) at Exhibit 1. Because the five pages of additional errata altering Park's July 28, 2010 testimony only appears in the consolidated modified errata sheets that were signed on March 1, 2011, there is no way for the Court to tell whether the errata sheets for this testimony originally included reasons. Given that Park did not include any reasons for his other errata filings and considering the purpose of the modified errata sheets (to provide reasons for the errata changes by Noh, Park, and Seo), it certainly seems likely that these five pages originally lacked statements of reasons.

However, because it is not possible to make that determination, the Court will examine only the two and half pages of Park's July 28, 2010 errata (signed August 30, 2010); the two pages of Park's July 29, 2010 errata (signed September 7, 2010); the seven pages of Park's July 29, 2010 errata (signed August 30, 2010); and the two pages of Park's July 30, 2010 errata (signed September 7, 2010).

DuPont has not alleged any procedural failures by Han or Kim. Hence, the errata sheets that they filed will not be assessed for procedural failures.

12

B.    Scope Of Inquiry For Rule 30(e) Substantive Requirements

DuPont also argues that some errata sheets violate Rule 30(e) by making improper substantive changes to Kolon Deponents' testimony. See DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 877) at 2. DuPont argues that these changes are not simply grammatical corrections; rather DuPont alleges that some errata filings make material changes in an effort to conform the deposition testimony to Kolon's theory of the case. Id.

The Court will only examine the errata changes related to the forty-seven responses in Exhibit A. EXHIBIT A (Docket No. 877) in assessing this ground of objection. DuPont unequivocally makes this request in its Reply Memorandum; and although some of the text of DuPont's motion and its supporting memorandum seems to indicate otherwise, the reasoning in DuPont's brief only supports an examination of the substantive changes listed in Exhibit A.[13]

Moreover, it is not feasible for the Court to determine if certain line item errata changes substantively alter the original testimony, because the Court does not have the

---

[13]   Every example cited in the body of DuPont's briefs comes from Exhibit A, for DuPont does not once mention any specific change that cannot be found in Exhibit A.

deposition testimony for the deponents.   The Court needs to understand the context of the question, the question itself, the original   response,   and   the   altered   response   (which   may consolidate multiple line-by-line errata changes into a cohesive answer).   All of these elements are necessary before the Court can determine if a change substantively alters the original testimony.   The burden falls on the DuPont to present this information, and DuPont has only carried this burden in the forty-seven responses outlined in Exhibit A.

### 1.   The Alleged Substantive Violations In Noh's Errata Sheets

Exhibit A contains seventeen responses altered by twenty-three errata lines from Noh's July 27-29, 2010 sheets.   <u>See</u> EXHIBIT A (Docket No. 877) at 1-3; <u>see also</u> DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STIRKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 877) at Exhibit D (deposition page: line)   15:13,   24:15,   54:22,   67:8,   69:16,   69:22,   76:23,   76:23 (second  line),   78:1,   78:1  (second  line),   78:5,   78:19,   78:19 (second  line),   79:11,   158:3,   158:6,   225:12,   323:5,   323:17, 323:19, 324:22, 334:17, 334:18.

Most, if not all, of these responses and errata changes relate   to   information   about   former   DuPont   employee   Michael Mitchell and a CD (the "Mitchell CD").   Testimony about Mr. Mitchell and the CD address central issues in this case.   In

14

some instances, the errata sheets alter dates, for example, from "December" to "March of 2007." EXHIBIT A (Docket No. 877) at 1. In other cases, Noh adds sentences to his original testimony. For example, as DuPont correctly points out, the original testimony of Noh paints a scenario wherein Mitchell affirmatively tendered a CD to Kolon, while the errata testimony indicates that Mitchell did not affirmatively deliver the CD to Kolon. The original July deposition, in pertinent part, reads as follows:

> Q.    Where was Mr. Seo when Mr. Mitchell gave the CD?
>
> A.    It doesn't seem like important thing, but in Seoul.
>       EXHIBIT A (Docket No. 877) at 3.
>
>                      . . .
>
> Q.    Did Kolon, as part of this visit in 2007 that Mr. Mitchell made, ever obtain his permission to copy documents from his computer?
>
> A.    Mitchell did a presentation.  He gave us a CD and then told us that we will be able to make duplication.

Id. at 2.  Noh's errata sheet adds two additional sentences to his original testimony: "And Mitchell gave Kolon a presentation of materials on the CD, indicating that Kolon could be provided with copies of the materials.  Kolon made a copy of the CD during a break, I don't think that Mitchell gave the CD to Mr.

15

Seo."   Id. at 3.   DuPont points to the latter testimony, and
argues that Noh again attempts to change his original response
so that it no longer conveys an affirmatively relinquishment of
the CD by Mitchell to Kolon.[14]   Kolon, on the other hand, does
not take the position that Noh's changes are mere typographical
or transcription errors; rather Kolon asserts that Rule 30(e)
permits errata corrections that substantively alter the original
testimony.[15]

### 2.   The Alleged Substantive Violations In Park's Errata Sheets

In Exhibit A, Park identifies nineteen responses that
implicate approximately twenty-four line-by-line errata changes.
See Exhibit A (Docket No. 877) at 4-6; see also DUPONT'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO STIRKE ERRATA SHEETS OF
CERTAIN   KOLON   DEPONENTS   (Docket   No.   877)   at   Exhibit   H
(deposition page: line) 18:17, 20:18, 20:20, 82:22, 82:24, 85:8,
85:18, 89:22, 91:18, 133:1, 133:1 (second line), 133:1 (third
line), 133:6, 229:12, 266:9, 277:25, 278:2, 291:12, 338:21,
374:21, 380:9, 381:22, 422:11, 430:9.   Like Noh, Park changes
dates, for example he changes "February of 2007" to "March of

---

[14]   The amended errata response to the second question reads:
"Mitchell did a presentation of materials from a CD and then
told us that we will be able to have a duplication of the
materials, which were on the CD in his computer." EXHIBIT A
(Docket No. 877) at 2.

[15]   As   discussed   below,   many   Court's   interpreted   Rule   30(e)
expansively to allow any type of substantive change.

2007." Exhibit A (Docket No. 877) at 4.   Park also removes testimony establishing that Mitchell voluntarily gave the CD to Kolon.   Park originally testified:   "[a]s for Mr. Mitchell, I believe I recall receiving a CD during a meeting Mr. Mitchell presented."   Park's errata sheet reads:   "[a]s for Mr. Mitchell, I believe I recall receiving files that were on a CD that contained materials presented during a meeting that Mr. Mitchell present."   Id.   Kolon argues that these changes are not material.   It also argues that that case law interpreting Rule 30(e) allows the kind of changes made by Park.   See KOLON INDUSTRIES, INC.'S OPPOSITION TO DUPONT'S MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 895) at 13.

   3.   **The Alleged Substantive Violations In Han's Errata Sheets**

   The two responses that have been altered by Han's October 28, 2010 testimony correspond to two errata lines.   See Exhibit A (Docket No. 877) at 6; see also DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STIRKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 877) at Exhibit I (deposition page: line) 39:20, 102:25.   Han changes his original response from "Yes, that is right" to "Yes, that is right based on the K-2 project." Exhibit A (Docket No. 877) at 6.   In the other response, DuPont identifies that the word "survival" is changed to the word "enhancement"   Id.   DuPont argues that this change in

terminology substantively changes information relating to Kolon's state of business. See DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 877) at 5. Again, Kolon contends that the rule permits changes of that kind, and they also argue that viewed in context this change is not material and does not alter the substance of testimony. See KOLON INDUSTRIES, INC.'S OPPOSITION TO DUPONT'S MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 895) at 13-14. Finally, DuPont points out four questions by Han that alter language from the Counsel's Questions. See Exhibit A (Docket No. 877) at 7-8; see also DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STIRKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 877) at Exhibit I (deposition page: line) 104:20, 104:24, 107:8, 107:10, 110:3, 110:6. Han cites "translation" as the reason for changing the counsel's question.

### 4. The Alleged Substantive Violations In Kim's Errata Sheets

DuPont identifies five responses by Kim that use ten errata lines from Kim's October 19 and October 21, 2010 errata sheets. See Exhibit A (Docket No. 877) at 9-10; see also DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STIRKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 877) at Exhibit K (deposition page: line) 63:7, 136:6, 136:10, 144:23, 317:5,

338:16, 338:19, 338:20, 338:21, 338:22.   DuPont contends that
that Kim's testimony attempts materially to alter testimony
regarding Kolon's position on securing confidential information.
See DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE
ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 877) at 5.
Kolon argues, notwithstanding their contention that Rule 30(e)
permits these changes, that these changes viewed in context are
simply not material.   See KOLON INDUSTRIES, INC.'S OPPOSITION TO
DUPONT'S MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON
DEPONENTS (Docket No. 895) at 14-15.

     **5.   The Alleged Substantive Violations In Seo's Errata
     Sheets**

DuPont identifies one response by Seo that is altered by
three lines of errata.   See Exhibit A (Docket No. 877) at 10;
see also DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STIRKE
ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 877) at
Exhibit M (deposition page: line) 85:5, 85:7, 85:8.   The three
lines are also challenged procedurally due to the lack of stated
reasons.   DuPont contends that this is a substantive change,
while Kolon argues that the change is merely grammatical.   See
KOLON INDUSTRIES, INC.'S OPPOSITION TO DUPONT'S MOTION TO STRIKE
ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 895) at 15.

## DISCUSSION

**A.  Procedural Requirements Of Rule 30(e)**

Rule 30(e)(1) explains when and how a deponent may alter

his deposition testimony.  It provides that:

> On request by the deponent or a party
> before the deposition is completed, the
> deponent must <u>be allowed 30 days</u> after being
> notified by the officer that the transcript
> or recording is available in which:
>
> (A) to review the transcript or recording;
> and
>
> (B) if there are changes in form or
> substance, <u>to sign a statement listing the</u>
> <u>changes and the reasons for making them.</u>

Fed. R. Civ. P. 30(e)(1)(emphasis added).  To effectuate Rule

30's policy of accuracy, courts generally insist on strict

adherence to the technical requirements of this provision.  <u>See,</u>

<u>e.g.</u>, <u>Holland v. Cedar Creek Min., Inc.</u>, 198 F.R.D. 651, 652-53

(S.D.W. Va. 2001) ("this court, like most courts, will insist on

strict adherence to the technical requirements of Rule 30(e)");

<u>see also</u> <u>EBC, Inc. v. Clark Bldg. Sys.</u>, 618 F.3d 253,265(3d

Cir.2010) ("procedural requirements of Rule 30(e) are clear and

mandatory").

The first relevant procedural requirement at issue here is

found in Rule 30(e)(1)(B) which requires the deponent to "sign a

statement listing the changes and reasons for making them."  It

is, of course, clear that, if the deponent does not provide any

reasons for a change, then the rule is violated and that procedural defect alone renders the errata sheet improper.  <u>See</u> <u>Wyeth v. Lupin Ltd.</u>, 252 F.R.D. 295, 296 (D. Md. 2008).

But, the mere statement of some reason does not alone satisfy the rule.  That is because courts require that each proffered change be accompanied by a specific reason that explains the nature of, and the need to make, the change.  <u>See</u> <u>Lugtig v. Thomas</u>, 89 F.R.D. 639, 641 (N.D. Ill. 1981) ("after <u>each</u> change, the deponent must state the specific reason for that <u>particular change</u>")(emphasis added).  These precepts inform the ensuing analysis.

### 1.   Whether The Errata Sheets Offered By Noh, Park, and Seo Comply With Rule 30(e)(1)

Kolon's Errata Sheet Template contains a column next to each change that reads "Reason Therefore," yet the column remains blank in many instances.  <u>See, e.g.</u>, DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 877) at Exhibit D.   Noh, Park, and Seo (in three lines of his errata) failed to provide a single reason for their changes.  This is a clear procedural failure under the plain language of Rule 30(e)(1) and the relevant case law.   That failure alone ends the inquiry as to the errata sheets tendered by Noh and Park and the three lines at issue in Exhibit A tendered by Seo.

21

Kolon seeks to escape that consequence by relying on the fact that each deponent reserved the right to review the transcript pursuant to Rule 30(e). Kolon argues that the statement reserving this right should serve as a reason for the deponents' changes.

That argument is without merit. The statement only reserves the right for a deponent to create changes with accompanying reasons. The Rule states: **"On request by the deponent or a party before the deposition** is complete, the deponent must be allowed 30 days . . . ." Fed. R. Civ. P. 30(e)(1)(emphasis added). The deponents were merely expressing the request to review the transcript. That does not satisfy the statement of reasons requirement. Indeed, if Kolon's interpretation were correct, then errata sheets would never be necessary and the requirements of Rule 30(e) would be superfluous because every deponent could merely sign a general statement of "truth and accuracy" and that alone would authorize all future changes to their testimony. That simply is not the rule.

Also, as to Noh, Kolon asserts that Noh was only designated as a Rule 30(b)(6) witness to testify on the use of Mitchell materials rather than the acquisition of Mitchell materials. See KOLON INDUSTRIES, INC.'S OPPOSITION TO DUPONT'S MOTION TO

COMPEL FOR FAILURE TO PRODUCE (Docket No. 435) at 7.  That conclusory reason, even if true, does not serve as a specific reason for the hundreds of changes submitted by Noh.

For the foregoing reasons the Court will strike all of Noh's July 27, 2010 errata (signed August 30, 2010), Noh's July 28, 2010 errata (signed August 30, 2010), and Noh's July 29, 2010 errata (signed August 30, 2010).  The Court will also strike Park's July 28, 2010 errata (signed August 30, 2010), Park's July 29, 2010 errata (signed August 30 and September 7), and Park's July 30, 2010 errata (signed September 7, 2010).  The three lines of Seo's errata that contain no reasons will also be stricken.  See DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STIRKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 877) at Exhibit M (deposition page: line) 85:5, 85:7, 85:8.

## 2.  Untimeliness Of The Modified Errata Sheets

Kolon apparently recognized the procedural errors in relation to Noh, Park, and Seo's errata and, on March 1, 2011, Kolon submitted another set of "modified" errata sheets that provided line-by-line reasons, but this action violates a second Rule 30(e) procedural requisite.[16]  The plain language of this part of Rule 30(e) is strictly applied.  See Hambleton Bros.

---

[16] Fed. R. Civ. P. 30(e) grants a deponent 30 days from receipt of the original transcript within which to make changes to the original testimony.

Lumber Co. v. Balkin Enters, 397 F.3d 1217, 1224 (9th Cir. 2005); Holland, 198 F.R.D. at 653; Workman v. Chinchinian, 807 F. Supp. 634, 644-45 (E.D. Wash. 1992); EBC Inc., 618 F.3d at 270; Calloway v. Marvel Entm't Group, div. of Cadence Indus. Corp., 110 F.R.D. 45, 52 (S.D.N.Y. 1986).

Corrections to previous errata submissions must fall within this thirty day window. A deponent cannot submit a defective errata sheet initially to satisfy the time requirement and then submit a corrected sheet after the thirty day time limit. See Calloway, 110 F.R.D at 52 ("the delay should be deemed a waiver of the right to object to alleged errors"). Thus, the Court will completely strike the modified errata submissions made on March 1, 2011.

**B.   The Requirements Of Rule 30(e) Respecting Changes In Substance**

It is generally accepted that one purpose of Rule 30(e) is to "permit . . . transcription corrections,"[17] i.e. the reporter recorded the answer: "yes" but [the deponent] actually said "no." That, of course, is a substantive change, and changes of that sort are permitted by the plain text of the rule. The

---

[17] Christopher Macchiaroli, Danielle Tarin, Rewriting the Record: A Federal Court Split on the Scope of Permissible Changes to a Deposition Transcript, 3 Fed. Cts. L. Rev. 1, 4 (2009); see also Deposition Dilemmas: Vexatious Scheduling and Errata Sheets, 12 Geo. J. Legal Ethics 1, 54-55 (1998) ("in interpreting Rule 30(e), most courts agree that the deponent can, and indeed should, change all necessary form and transcription errors.")

crucial question, however, is whether there are any limits to the types of substantive changes that a deponent may make to a transcript. Courts are divided respecting the leeway to be given to deponents under Rule 30(e) to alter the substance of prior testimony. There is no controlling authority on point in the Fourth Circuit. There are two basic approaches reflected in the decisional law.

First, there is a line of authority that interprets Rule 30(e) broadly to allow the deponent to make any changes as long as the changes strictly conform to the procedural requirements of the rule. Under this approach, if the procedural requirements of the rule are met, any substantive change will be deemed permissible, even those that create inconsistencies or that directly contradict prior testimony.

Under this approach, changes are not limited to transcription errors. However, both versions of the testimony must remain in evidence. Many courts also order that the deposition be reopened to allow further examination about the altered testimony. See Podell v Citicorp Diners Club, 112 F.3d 98, 103 (2d Cir. 1997); Lutig, 89 F.R.D. at 641; see also Foutz v. Town of Vinton, Virginia, 211 F.R.D. 293, 295 (W.D. Va. 2002)

(requiring the amending party to "admit into evidence both the original and correction answers" and to reopen the deposition).[18]

Second, there is a line of authority that interprets Rule 30(e) strictly, allowing only the correction of demonstrated errors made by the court reporter, whether in form or in substance.  See Garcia v. Pueblo Country Club, 299 F.3d 1233, 1242 (10th Cir. 2002); Greenway v. Int'l Paper Co., 144 F.R.D. 322, 325 (W.D. La. 1992).  The decision in Greenway is noted for this oft cited quotation:

> The Rule cannot be interpreted to allow one
> to alter what was said under oath. If that
> were the case, one could merely answer the
> questions with no thought at all then return
> home and plan artful responses. Depositions
> differ from interrogatories in that regard.
> A deposition is not a take home examination.

Greenway, 144 F.R.D. at 325.  Two district courts in the Fourth Circuit also have concluded that transcriptional or typographical errors are the only types of corrections permitted under Rule 30(e).  See Wyeth v. Lupin Ltd., 252 F.R.D. 295, 296-97 (D. Md.

---

[18] There also are decisions that address errata changes made in response to a motion for summary judgment.  Even jurisdictions that permit broad substantive changes usually disallow changes tendered after a motion for summary judgment has been filed. See, Hambleton Bros. Lumber Co., 397 F.3d at 1223 (disallowing substantive changes that "bear on an essential element of a claim or defense" in the context of a summary judgment motion); Rios v. Bigler, 847 F. Supp. 1538, 1546-47 (D. Kan. 1994) aff'd, 67 F.3d 1543 (10th Cir. 1995); EBC, Inc., 618 F.3d at 268.  Those decisions are of no real import in resolving DuPont's motion because the putative changes were not tendered after the filing of a motion for summary judgment.

2008); see also, Lee v. Zom Clarendon, L.P., 689 F. Supp. 2d 814, 819 (E.D. Va. 2010). This line of authority forecloses substantive changes in what was said at a deposition unless they are shown to be necessary to correct a court reporter's error in reporting what was said.

Recently, in this district, Judge Cacheris took this approach in Touchcom, Inc. v. Bereskin & Parr, 2011 U.S. Dist. LEXIS 72905 *9 (E.D. Va. July 7, 2011) wherein the proposed changes struck "this Court as a bit too convenient." Id. Touchskin continues:

> '[T]he purpose of an errata sheet is to correct *alleged inaccuracies* in what the deponent *said* at his deposition, not to modify what he wishes that he had said.' Crowe v. Marchand, No. 05-98T, 2006 U.S. Dist. LEXIS 98142, 2006 WL 5230014, *1 (D.R.I. 2006) (emphasis in original). Rule 30(e) (allowing the submission of errata sheets), 'cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.' Burns v. Bd. of County Com'rs of Jackson Cnty., 330 F.3d 1275, 1282 (10th Cir. 2003 (citations ommited).

Id.

This approach to the use of errata sheets serves to allow the correction of demonstrated court reporter errors while preserving the fundamental concept that a deponent must give honest and

complete answers at the deposition.  It makes no sense to allow a deponent to change sworn testimony merely because after the deposition he wishes that he had said something other than what was said.  Indeed, to adopt such an approach would be to set at naught the efficacy of the deposition process.

Nor can the errata process permitted by Rule 30(e) be used to allow post-deposition revision of testimony to conform a witness' testimony to enhance a party's case.  That too would undermine the purpose for which depositions are allowed under the federal rule.

The purpose of a deposition is to memorialize testimony or to obtain information that can be used at trial or that eliminates the pursuit of issues or that inform decisions as to the future course of the litigation.  One of the main purposes of the discovery rules, and the deposition rules in particular, is to elicit the facts before the trial and to memorialize witness testimony before the recollection of events fade or "it has been altered by . . . helpful suggestions of lawyers."  Hall v. Clifton Precision, 150 F.R.D. 525, 528 (E.D. Pa. 1993).  Those purposes are disserved by allowing deponents to "answer questions [at a deposition] with no thought at all" and later to craft answers that better serve the deponent's cause.  Indeed, to allow such conduct makes a mockery of the serious and important role that depositions play in the litigation process.

Moreover, allowing the "make any changes you want" approach would lead to substantial additional litigation expenses by making it necessary to reopen the deposition to explore the altered testimony.   And, the approach inevitably will lead to longer trials as counsel pursue the reasons for the changes on cross-examination.   The result would be to inject significant confusion and delay into the trial itself.   That also would cause trials to be longer and more costly.   The rules may not be interpreted to that end.   Indeed, Fed. R. Civ. P. 1 directs that the rules are to be "construed and administered to secure the just, speedy and inexpensive determination in every action. . . ."   Taking the more restrictive approach to applying Rule 30(e) serves that directive.

Hence, the Court elects to follow the approach reflected in the decisions in Garcia, Greenway, Wyeth and Lee.   The errata sheets at issue will be judged by the precepts set forth in those decisions.

### 1.   Substantive Changes For The Deponents Listed In Exhibit A

#### a.   Substantive Changes For Noh, Park, And Seo

None of the changes made by Noh, Park, and Seo in Exhibit A result from transcriptional or typographical errors that are alleged to have been made by the court reporter.   Kolon's current position about the Mitchell CD is that the documents were copied from the CD in Mitchell's computer while Mitchell

29

was at lunch, but "no express conversation occurred between Mr. Mitchell and Kolon employees regarding the copying of the CD." DUPONT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 900) at 12. However, the original testimony of Noh and Park creates an alternative scenario wherein Mitchell intentionally handed over the CD. See Exhibit A (Docket No. 877) at 1-6.

Obviously, those are two contradictory positions. Both Noh and Park have altered their deposition testimony to ameliorate the contradictions. These changes certainly seem to be the product of lawyerly fixing and do not satisfy the proper interpretation of Rule 30(e). Thus, even if the errata sheets for the Noh, Park, and Seo depositions had not been stricken for procedural violations of Rule 30(e), they would be disallowed because they exceed the limits allowed for substantive changes.

### b. Substantive Changes For Han And Kim

The six errata lines used by Han to alter four questions by the opposing counsel also will be stricken. See Exhibit A (Docket No. 877) at 7-8; see also DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STIRKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 877) at Exhibit I (deposition page: line) 104:20, 104:24, 107:8, 107:10, 110:3, 110:6. The plain language of Rule 30(e) does not even contemplate deponents altering questions

30

from the opposing counsel, and, predictably, not a single case out of the hundreds of cases interpreting Rule 30(e) even addresses the absurd proposition.

The two errata lines identified in Exhibit A used to alter two responses by Han during his October 28, 2010 testimony will also be stricken. See EXHIBIT A (Docket No. 877) at 6; DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STIRKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 877) at Exhibit I (deposition page: line) 39:20, 102:25. Han changes his original response from "Yes, that is right" to "Yes, that is right based on the K-2 project." Exhibit A (Docket No. 877) at 6. That is a substantive addition to the assigned answers and thus exceeds the permissible bounds for errata changes. It is not an error made by the court reporter. In the other response to which DuPont objects, the word "survival" is changed to "enhancement" Id. That substantively changes information relating to Kolon's state of business without any showing that the court reporter erred in recording the original answer. See DUPONT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 877) at 5. The alleged error is not attributed to the court reporter.

The ten errata lines that Kim uses to change the five responses from his October 19 and October 21, 2010 testimony

31

identified in Exhibit A will be stricken.   See EXHIBIT A (Docket
No. 877) at 9-10; see also DUPONT'S MEMORANDUM IN SUPPORT OF ITS
MOTION  TO  STIRKE  ERRATA  SHEETS  OF  CERTAIN  KOLON  DEPONENTS
(Docket No. 877) at Exhibit K (deposition page: line)   63:7,
136:6,  136:10,  144:23,  317:5,  338:16,  338:19,  338:20,  338:21,
338:22.    Absent a showing that there was a transcription or
typographical errors by the court reporter, the rule does not
allow deponents to augment deposition testimony.    There is no
such showing as to the changes prepared by Kim.[19]

**CONCLUSION**

For the foregoing reasons, the Plaintiff's MOTION TO STRIKE
ERRATA SHEETS OF CERTAIN KOLON DEPONENTS (Docket No. 876) will
be granted.

/s/          $\mathcal{REP}$

Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date: October  2, 2011

---

[19] Striking the errata sheets, of course, does not preclude Kolon
from having the witnesses explain their deposition testimony at
trial.