IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



E.I. DUPONT DE NEMOURS
AND COMPANY,

    Plaintiff,

v.                                          Civil Action No. 3:09cv58

KOLON INDUSTRIES, INC.,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANT KOLON INDUSTRIES, INC.'S MOTION TO STAY EXECUTION OF FINAL JUDGMENT UNDER RULE 62 (Docket No. 1730). For the reasons set forth below, DEFENDANT KOLON INDUSTRIES, INC.'S MOTION TO STAY EXECUTION OF FINAL JUDGMENT UNDER RULE 62 (Docket No. 1730) will be denied as moot to the extent that it is based on Rule 62(b) and will be denied on the merits to the extent that it is based on Rule 62(d).

**BACKGROUND**

On September 14, 2011, a jury returned a verdict in favor of the Plaintiff, E.I. du Pont de Nemours and Company ("DuPont"), and against the Defendant, Kolon Industries, Inc. ("Kolon"), in the amount of $919.9 million in compensatory damages, pursuant to Va. Code Ann. § 59.1-338A, the damages provision of the Virginia Uniform Trade Secrets Act. The day after the jury verdict, DuPont began to seek

discovery to aid execution of its judgment. See Docket Nos. 1517, 1518, 1519 & 1521. On that same day, the Court granted DuPont leave to conduct discovery of Kolon respecting enforcement of the judgment and to conduct certain non-party discovery to ascertain information about Kolon's assets. (Docket No. 1520). Various post-trial motions were filed by both parties and, on November 16, 2011, a hearing was held on DuPont's motion for the imposition of punitive damages, DuPont's motion for asset freeze, and DuPont's motion for a permanent injunction. DuPont's motion to compel asset discovery was granted by the Court (Docket No. 1587), DuPont's motion for punitive damages was granted in part and denied in part (Docket Nos. 1696 & 1697), and DuPont's motion for asset freeze was amended to seek advance notification of asset transfer and, as amended, it was granted to the extent set forth in the Order issued on December 2, 2011 (Docket No. 1714) and later modified by the Corrected Consent Order entered on January 9, 2012 (Docket No. 1838).[1]

A hearing on Kolon's motions[2] for a new trial or remittitur and its motions for judgment as a matter of law was held on January 24,

---

[1] These orders later were vacated pursuant to the parties' Consent Motion to Vacate (Docket No. 1957) and Revised Order Requiring an Advance Notification of Asset Transfers (Docket No. 1965) on March 19, 2012.

[2] Kolon filed two motions for new trial or remittitur and two motions for judgment as a matter of law. (Docket Nos. 1671 & 1768 and Docket Nos. 1667 & 1767).

2012; and, on January 27, 2012, the Court issued orders (Docket Nos. 1871 & 1872) denying those motions. Thereafter, also on January 27, 2012, Kolon filed a motion for recusal and disqualification (Docket No. 1875) that was denied by Memorandum Opinion and Order issued on February 21, 2012. On February 24, 2012, Kolon filed a notice of appeal. Kolon noted that it believed "that there is not a final and appealable judgment under 28 U.S.C. § 1291 until this Court resolves [DuPont's] motion for permanent injunction," but it nonetheless filed the appeal "in an abundance of caution . . . as a protective measure within 30 days of the denial of its motions under Federal Rules of Civil Procedure 50(b) and 59." The notice also stated that Kolon was appealing the Final Judgment on Count One (Docket No. 1698) dated November 22, 2011, all prior orders and judgments including but not limited to the Partial Judgment on Count One entered on October 3, 2011 (Docket No. 1604), and the orders denying Kolon's motions for a new trial or remittitur and its motions for judgment as a matter of law (Docket Nos. 1871 and 1872).

**DISCUSSION**

Kolon seeks to stay execution of the $920,250,000 final judgment entered on November 22, 2011 (1) pending resolution of Kolon's post-trial motions, pursuant to Rule 62(b), and (2) pending appeal, without requiring Kolon to post a bond, pursuant to Rule 62(d).

3

A. Fed. R. Civ. P. 62(b)

Fed. R. Civ. P. 62(b) provides: "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment - or proceedings to enforce it - pending disposition of any of the following motions," including motions under Rules 50, 52(b), 59, and 60. Fed. R. Civ. P. 62(b)(2011). Given that the Court ruled on the post-trial motions on January 27, 2012, the motion to stay execution of the final judgment pursuant to Rule 62(b) will be denied as moot.

B. Fed. R. Civ. P. 62(d)

Kolon also argues that the Court should stay execution of the $920,250,000 final judgment pending appeal, pursuant to Rule 62(d), and should not require Kolon to post a bond because: (1) Kolon is likely to maintain the same level of solvency during the pendency of any appeal; and (2) posting a full bond would impose an undue financial burden on Kolon. A party can obtain a stay as a matter of right under Rule 62(d) by posting a supersedeas bond in the full amount of the judgment, but district courts have the discretion to grant a stay without a bond or with a reduced bond. Id. at 7 (citing Alexander v. Chesapeake, Potomac & Tidewater Books, Inc., 190 F.R.D. 190, 192 (E.D. Va. 1999)(citing Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755,759 (D.C. Cir. 1980)).

4

Kolon lists four factors that the Court must consider in exercising its discretion under Rule 62(d): (1) whether the applicant has made a strong showing that it is likely succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Kolon argues that the four factors militate in favor of a stay and, first, that it is likely to prevail on the merits of its appeal, based on the test that is has presented a "substantial case on the merits," if the other factors support the stay. Morgan Guar. Trust Co. v. Republic of Palau, 702 F. Supp. 60, 65 (S.D.N.Y. 1988). Kolon argues that it is likely to prevail on numerous issues raised in its JMOL and motion for new trial. Id. at 8-13. Second, Kolon argues that absent a stay, it will be irreparably injured. According to Kolon, the cost of a bond would be approximately $46 million. Also, says Kolon, requiring it to post a bond would "assist DuPont's anticompetitive objectives while penalizing Kolon for vindicating its rights on appeal." Id. at 13. Third, Kolon argues that DuPont will not suffer substantial injury if a stay is granted because Kolon will not do anything to compromise DuPont's interest in the judgment. If the judgment is affirmed on appeal, DuPont will be entitled to

recover post-judgment interest, so staying execution of the judgment would benefit Kolon, DuPont, and customers. Fourth, the public interest militates in favor of a stay so that third-parties can continue to purchase aramid fibers from Kolon.

Once the Court determines that a stay is warranted, Kolon argues, the Court must then determine whether it should issue a stay on less than a full bond securing the entire judgment. Relying on Alexander, Kolon notes that the purpose of the bond is to "preserve the status quo while protecting the non-appealing party's rights pending appeal." 190 F.R.D. at 193 (internal citations omitted). Again citing Alexander, Kolon argues that a bond is not necessary "(i) when the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal, and (ii) when 'the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial hardship.'" Id. In its brief, Kolon argues that posting a full supersedeas bond would impose an undue financial hardship on Kolon and that it has not yet been able to obtain a bond.[3]

DuPont opposes the motion to stay execution of the final judgment. It argues first that Kolon is not entitled to a stay,

---

[3] Kolon also argues that, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the duration of which is uncertain, it would be too costly to pay the bond during the pendency of any ▮▮▮▮ ▮▮▮▮▮▮▮. Id. at 14-16.

6

relying on the same four factors from Hilton cited by Kolon and noting that, as the party requesting the stay, Kolon bears the burden of persuasion on these four factors. Richardson v. North Carolina, 5:07HC2099-FL, 2008 U.S. Dist. LEXIS 46155 (E.D.N.C. June 12, 2008)(citing Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970)). DuPont, however, disagrees with the standard that Kolon urges from Morgan (that of a "substantial case on the merits"), and contends instead that Kolon must make a "strong showing" that it is likely to succeed on the merits of its post-trial motions or appeal, relying on the text of Hilton v. Braunskill.

To support its view that Kolon cannot show any likelihood of success, DuPont incorporates the arguments it made in opposition to Kolon's JMOL and new trial motions and also notes the Court's findings in the punitive damages opinion, including the Court's statement that the evidence "fully supported" the jury's finding that Kolon willfully and maliciously misappropriated all 149 of the trade secrets at issue. DuPont also asserts that Kolon's list of the Court's purported errors and its other arguments are insufficient to meet its burden to establish a "strong showing" of likely success on appeal, and it asks that the motion be denied. DuPont's Opp'n at 1-6.

DuPont next argues that Kolon has not demonstrated that it will be irreparably harmed without the stay and that Kolon can reduce any

hardship by posting a bond. Even if the bond costs $46 million per year, DuPont argues that such an amount is only one-fourth of Kolon's annual net income and that paying for the bond could not possibly cause irreparable injury to Kolon. Id. at 7.

DuPont next argues that it will be substantially injured by an an unsecured stay. DuPont asserts that Kolon is trying to evade and delay DuPont's execution of the judgment while dissipating cash and assets. Relatedly, DuPont contends that Kolon continues to resist reporting on its assets and asset transfers. For example, DuPont claims that Kolon waited ten days after entry of the Court's Asset Transfer Notification Order (Docket No. 1714) before beginning to provide notifications of transactions, one of which was a $1.5 million "management fee" between Kolon and its parent, Kolon Corporation, for a golf tournament, for which Kolon provided only four days' notice, the abbreviated period for "exigent circumstances." DuPont also notes that Kolon is seeking to stay the Asset Transfer Notification Order pending appeal and that DuPont has been "required" to file a motion to compel, seeking the Court's intervention with regard to asset-related discovery. DuPont lists examples which demonstrate that Kolon is deliberately moving assets out of Kolon Industries, Inc. for the benefit of other Kolon entities, Kolon's Chairman, and other creditors of Kolon. Id. at 7-10.

8

DuPont is also concerned that Kolon could lose more money in the coming weeks and months, to DuPont's detriment. Whether it is losing money because of the "draining of liquid assets, or the market's negative reaction to Kolon's misconduct, or some combination of both - DuPont will be worse off at the conclusion of the post-trial motions or an appeal because Kolon will have fewer assets with which to satisfy the judgment." Id. at 11.

DuPont also argues that the public interest weighs against a stay because the public interest is not served by denying a victim's "security during a protracted appeals process while the wrongdoer's assets dwindle away." Id. at 13.

Finally, DuPont argues that Kolon should be required to post a full bond as a condition of the issuance of a stay pending appeal. It argues that it is Kolon's burden to demonstrate that posting a full bond is not possible and to propose a plan that will provide adequate security for DuPont. Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979) ("[i]f the court chooses to depart from its usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure."). DuPont also points out that, although Kolon claims that posting a full bond (of $46 million) would be "extremely

9

difficult, if not impossible," in a recent article, Kolon is cited as claiming that it began setting aside approximately $175 million in the fourth quarter of 2011 to satisfy the judgment.

DuPont notes that Kolon has also claimed that ████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████. If Kolon cannot obtain a bond sufficient to cover the full judgment, then DuPont argues Kolon must show the amount that it can obtain, and that it has not made such a showing. Id. at 14-17.

Rule 62(d) provides, in pertinent part, that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . ."[4] As noted in the Alexander case, the "plain meaning of the language is unmistakable: A judgment debtor wishing to appeal a judgment is entitled to a stay of the judgment if the debtor provides a supersedeas bond." Alexander, 190 F.R.D. at 192.

> Significantly, Rule 62(d) does not address, and hence does not preclude, issuance of a stay on the basis of some lesser bond, or indeed, no bond. It follows, logically, that this Rule leaves unimpaired a district court's inherent, discretionary power to stay judgments pending appeal on terms other than a full supersedeas bond.

---

[4] A stay obtained pursuant to Rule 62(d) is subject to certain exceptions not relevant here.

10

Id. Concluding that the Rule establishes "only the narrow proposition that a full supersedeas bond entitles an appellant to the issuance of a stay pending disposition of the appeal, Alexander then considers "what principle guides a district court's exercise of discretion to issue a stay of the judgment on less than a full bond securing the entire judgment." Id. Citing the Fifth Circuit's statement of the governing principle, "[i]n determining whether to issue a stay pending appeal on the basis of less than a full bond, a district court should act to 'preserve the status quo while protecting the non-appealing party's rights pending appeal,'" Alexander also notes that "[i]n the typical case, of course, this principle is best served by requiring a full supersedeas bond as a condition to the issuance of a stay of judgment pending appeal." Id. at 193 (citing Poplar Grove, 600 F.2d at 1190-91). The Alexander decision does not address the four Hilton factors discussed by DuPont and Kolon, but a more recent district court opinion within the Fourth Circuit cites the Hilton factors, noting that those four factors are relevant in exercising the Court's discretion. ABT, Inc. v. Juszczyk, 2012 WL 117142, at *1 (W.D.N.C. Jan. 13, 2012)(collecting cases that applied the Hilton factors). "With respect to these factors, the applicant bears the burden of persuasion," and "the Court is to be mindful of the purpose for requiring a bond on appeal, namely 'to preserve the status quo while protecting the non-appealing

11

party's rights pending appeal.'" Id. at *1-2 (internal citations omitted).

In this case, Kolon has not demonstrated that a stay is warranted. It has not made a strong showing that it is likely to succeed on the merits. Even applying the standard espoused by Kolon - that it must show a "substantial case on the merits" along with one or more other factors - and giving due consideration to Kolon's discussion of the many purportedly erroneous rulings by the Court, the Court cannot find that Kolon has shown a substantial case on the merits. To the contrary, the record provides extensive and persuasive evidentiary support for the jury's conclusions that Kolon misappropriated DuPont's trade secrets willfully and maliciously and that Kolon has used the misappropriated trade secrets throughout its manufacturing process. The alleged errors made by the Court have been the subject of extensive briefing and argument (before, during and after trial), and the Court has concluded that Kolon's contentions are without merit. In sum, Kolon has not shown any real likelihood that it will prevail on appeal.

As to public interest, arguments can be made in favor of both parties. DuPont argues that the public interest is best served by denying a stay because "the public interest is served neither by a court system clogged with meritless appeals nor by the waste of property which could otherwise be placed into the stream of commerce

12

and put to use by a new owner." Bank of Nova Scotia v. Pemberton, 964 F. Supp. 189, 191 (D.V.I. 1997). Kolon argues that the public interest is best served by a stay because the denial of a stay may harm Kolon's business and, in turn, third parties that purchase aramid fibers from Kolon. Kolon also argues that competition is best served if Kolon continues to serve as a viable producer of aramid fibers. Both arguments have some appeal, but the most compelling consideration is found in the time-honored tradition requiring a losing party to post a bond sufficient to secure the prevailing party's judgment or to demonstrate a valid reason why a lesser bond (or no bond) ought to be required. Kolon has shown no reason why departure from the general rule serves the public interest.

DuPont will be substantially injured if the stay is issued. DuPont has shown concern that Kolon has transferred liquid assets. Also, Kolon's reluctance to make reasonable discovery respecting the quantum, location and transfer of assets is of rightful concern. Further, it must be remembered that Kolon's assets are not readily accessible for a post-appeal levy ███████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████. On this record, the only meaningful way to secure to DuPont the benefit of its judgment is to require

13

Kolon to post bond in the full amount pending appeal. Of course, if Kolon were to prevail on appeal, it can recover the cost of the bond from DuPont, and Kolon makes no claim that DuPont will be unable to discharge that obligation.

The next factor is whether the applicant, Kolon, will be irreparably injured absent a stay. Kolon argues that requiring it to post a full supersedeas bond, ███████████████████ █████████████ would "assist DuPont's anti-competitive objectives while penalizing Kolon for vindicating its rights on appeal." Kolon asserts that the cost of a full supersedeas bond, anticipated to be approximately $46 million, would be a hardship to the company. DuPont argues that, even if the bond costs $46 million, paying for the bond could not cause irreparable injury to Kolon.

Kolon's argument that requiring it to post a bond would assist DuPont's allegedly anticompetitive activity is difficult to fathom. It appears that Kolon's premise for the contention is that, in its severed antitrust counterclaim against DuPont, Kolon has shown anticompetitive activity on the part of DuPont. That argument fails because summary judgment has been granted in DuPont's favor in that case.

Applying the principles of <u>Hilton v. Braunskill</u>, it is rather clear that the execution of judgment should not be stayed. And, applying the principles applicable to the posting of bond, it is also

14

clear that Kolon's request to be allowed to appeal without posting bond sufficient to secure the full judgment is without merit.

### CONCLUSION

For the foregoing reasons, DEFENDANT KOLON INDUSTRIES, INC.'S MOTION TO STAY EXECUTION OF FINAL JUDGMENT UNDER RULE 62 (Docket No. 1730) will be denied as moot as to Rule 62(b) and denied as to Rule 62(d).

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 10, 2012

15