IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



E.I. DU PONT DE NEMOURS
AND COMPANY,

    Plaintiff,

v.                                 Civil Action No. 3:09cv058

KOLON INDUSTRIES, INC.,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the MOTION FOR LEAVE TO REGISTER THE JUDGMENT PURSUANT TO 28 U.S.C. § 1963 (Docket No. 1869) filed by E.I. Du Pont de Nemours and Company ("DuPont"). For the reasons below, the motion is granted.

DuPont seeks an order permitting it to register the Judgment (Docket No. 1698) entered in its favor and against Kolon Industries, Inc. ("Kolon") on November 22, 2011 in the United States District Courts outside of the Eastern District of Virginia.

Title 28, United States Code, § 1963 provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered

> the judgment for good cause shown. . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

28 U.S.C. § 1963. The Judgment in this case is not yet final by appeal or by expiration of the time for appeal. Thus, DuPont seeks an order from the Court based on "good cause shown." Citing Hoffman v. O'Brien, No. WDQ-06-3447, 2009 WL 3216814 (D. Md. Sept. 28, 2009), DuPont argues that it has shown good cause.

> Although "improper transfers or other activity designed to deprive plaintiff of the benefits of the judgment are sufficient to satisfy the requirement of good cause, they are not necessary." A plaintiff need only show that (1) no supersedeas bond has been filed and (2) the absence of assets where judgment was rendered and the presence of assets where registration is sought.

Id. at *3 (internal citations omitted).

With regard to the first requirement, DuPont correctly states that Kolon has not posted a supersedeas bond but has, instead, sought an unsecured stay of execution by its Motion to Stay Execution of Final Judgment under Rule 62 (Docket No. 1730). By Memorandum Opinion and Order issued on April 10, 2012, Kolon's Motion to Stay Execution of Final Judgment was denied as moot as to Rule 62(b) and was denied as to Rule 62(d).

"When a defendant has moved to stay judgment without posting a supersedeas bond, the § 1963 requirement is satisfied if the defendant has not indicated that [it] will file a bond." Hoffman at *3 n.4 (comparing Cheminova A/S v. Griffin, LLC, 182

2

F. Supp. 2d 68, 80 (D.D.C. 2002)(denying the motion to register when debtor made a "good faith offer" to pay judgment or post bond if ordered) and Spray Drift Task Force v. Burlington Bio-Med Corp., 429 F. Supp. 2d 49, 50-51 (D.D.C. 2006)(granting motion to register when debtor offered no assurances that it would pay the judgment or post a bond)). In its memorandum in support of its Motion to Stay Execution of Final Judgment, which Kolon incorporates by reference in its Opposition to DuPont's Motion for Leave to Register the Judgment, Kolon states that the cost of a bond is more expensive than it can afford. In a recent article, Kolon is reported to have said that it has set aside a judgment reserve (or at least started to do so) in an amount of almost four times what Kolon represents the cost of the bond to be. Kolon does not contend that it was misquoted in the article. It is difficult to reconcile these rather different assertions. However, neither statement by Kolon offers assurance that Kolon can, or will, post a bond. Nor does Kolon assert in its Opposition that it intends to post a bond.

The second requirement is met when the party seeking to register the judgment demonstrates the absence of assets where the judgment was rendered and the presence of assets where registration is sought. The exhibits submitted with DuPont's motion demonstrate that Kolon has no significant assets in this district and that it has assets in foreign locations. (Docket

3

Nos. 1870 & 1882). In its opposition, Kolon does not deny that it has no significant assets in this district and that it has assets in other states and abroad, but it does argue that allowing DuPont "to pursue partial execution . . . would embroil not only Kolon but also third parties in a multiplicity of proceedings across the country" and that "the execution proceedings may jeopardize Kolon's customer relationships" and "cause unnecessary hardship." Those arguments are not relevant to the good cause analysis.

The United States Court of Appeals for the Fourth Circuit has defined "good cause shown" under § 1963. According to the Fourth Circuit, "when an appeal is pending, a plaintiff may register a judgment for good cause shown. Good cause exists when the defendant has substantial property in the foreign district and insufficient property in the rendering district to satisfy the judgment." United States v. D'Elegance Mgmt. Ltd., Inc., Nos. 92-2758, 98-2852, 99-1437, 217 F.3d 843, 2000 WL 966034, at *8 (4th Cir. July 13, 2000)(unpublished)(citing David D. Siegel, Commentary on 1988 Revision, 28 U.S.C.A. § 1963 (West 1994)).

The Fourth Circuit has not addressed the scenario in which there is not yet an appeal. However, the statute itself contains no requirement that an appeal be pending. And, it has been held that "[t]he statute's plain meaning is that a judgment

4

may be registered when it has become final or, at any other time, for good cause shown." Spray Drift Task Force, 429 F. Supp. 2d at 51. Spray Drift Task Force recognizes that, nonetheless, other decisions have imposed the requirement that an appeal must be pending. Rejecting decisional law to the contrary as "not binding" and because those decisions offered "no rationale for such a rule" that a court can only authorize registration if an appeal is pending, the Spray Drift Task Force decision holds that "the 'good cause' provision prevents debtors from utilizing the delay in execution of the judgment to remove property from another district, thus frustrating potential enforcement," and it declines to require that an appeal be pending. Id. (citing Associated Bus. Tel. Sys., Inc. v. Greater Capital Corp., 128 F.R.D. 63 (D.N.J. 1989)). The decision in Spray Drift Task Force is consonant with the Fourth Circuit's definition of "good cause." Moreover, considering that the text of the statute does not require the pendency of an appeal as a condition to allowing registration and recognizing that the statute permits registration "when the judgment has become final by appeal . . . or when ordered . . . for good cause shown," it is sensible to conclude that the statute seems to contemplate registration apart from the process of appeal.

Kolon seems to claim, without explanation, that DuPont's motion for registration is premature, citing Educ. Employees

Credit Union v. Mut. Guar. Corp., 154 F.R.D. 233 (E.D. Mo. 1994)(denying leave to register judgment as premature regardless of whether good cause existed). DuPont argues that "[t]his authority does not apply here given that this Court has already decided Kolon's post-trial motions under Federal Rules of Civil Procedure . . . 50 and 59," implying incorrectly that the Missouri court based its decision to deny the motion for leave to register judgment on the fact that there were pending post-judgment motions. In fact, that opinion clearly states that, having just ruled on the defendant's motions, "there are no longer any post-judgment motions pending which affect the finality of the judgment." 154 F.R.D. at 234. And, the Missouri court states clearly that ["s]ince no appeal is pending, this Court would be acting prematurely in granting the plaintiff's request, whether or not good cause exists," noting that, as of 1994, most of the courts that had considered § 1963 had "done so in the context of a pending appeal." Id. at 235 (collecting cases).

DuPont did correctly note, however, that Kolon failed to cite, or to distinguish, several decisions that have rejected the Educ. Employees decision, including Spray Drift Task Force, discussed supra, Garden State Tanning, Inc. v. Mitchell Mfg. Group, Inc., 2000 WL 1201372, at *1 (E.D. Pa. Aug. 4, 2000), and Great American Ins. Co., v. Stephens, 2006 WL 2349991, at *1-2

(E.D. Pa. Aug. 11, 2006)(citing legislative history of § 1963 and other case law and concluding that § 1963 does not require that an appeal be pending). Other decisions also support the position that § 1963 does not require that an appeal be pending in order for the Court to authorize registration of a judgment. See, e.g., Haldeman ex rel. Haldeman v. Golden, 2010 WL 3423130, at *3 (D. Hawaii 2010) (rejecting the Educ. Employees decision); Associated Bus. Tel. Sys., Inc. v. Greater Capital Corp., 128 F.R.D. 63 (D.N.J. 1989).

Having considered the statute, its legislative history, and the applicable decisional law, the Court holds that there is no requirement that an appeal be pending in order for the Court to authorize registration of a judgment under § 1963.[1] Accordingly, good cause having been shown, the Court grants DuPont's MOTION FOR LEAVE TO REGISTER THE JUDGMENT PURSUANT TO 28 U.S.C. § 1963 (Docket No. 1869).

It is so ORDERED.

/s/ REP

Date: April 10, 2012
Richmond, Virginia

Robert E. Payne
Senior United States District Judge

---

[1] Kolon has now filed a notice of appeal (Docket No. 1953). The notice of appeal states that, because the issue of injunctive relief is still pending, Kolon does not consider that there is an appealable order under 28 U.S.C. § 1291. Nonetheless, there is an appeal of record. But, that does not affect the analysis of the good cause provision in § 1963.

7