

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

E.I. DU PONT DE NEMOURS
AND COMPANY,

     Plaintiff,

v.                                    Civil Action No. 3:09cv058

KOLON INDUSTRIES, INC.,

     Defendant.


### MEMORANDUM OPINION

This matter is before the Court on the MOTION TO UNSEAL FILINGS (Docket No. 1845) filed by E.I. Du Pont de Nemours and Company ("DuPont").  For the reasons below, the motion will be granted in part and denied in part.

### BACKGROUND

On December 22, 2011, Kolon Industries, Inc. ("Kolon") filed a MOTION TO FILE DOCUMENTS UNDER SEAL (Docket No. 1801) and MEMORANDUM IN SUPPORT OF MOTION TO FILE DOCUMENTS UNDER SEAL (Docket No. 1802), seeking to file under seal its MOTION TO STAY INJUNCTION PROCEEDINGS and the MEMORANDUM IN SUPPORT.  Under the impression that it was appropriate to seal the MOTION TO STAY INJUNCTION PROCEEDINGS and MEMORANDUM IN SUPPORT under a previously entered Protective Order, the Court granted the MOTION TO FILE DOCUMENTS UNDER SEAL by Order filed on December

23, 2011 (Docket No. 1811), and the Clerk filed the MOTION TO STAY INJUNCTION PROCEEDINGS and MEMORANDUM IN SUPPORT OF MOTION TO STAY INJUNCTION PROCEEDINGS (Docket Nos. 1812 & 1813 respectively) under seal. Contrary to protocol required by Court directive (and previously followed by the parties), Kolon did not file the MOTION TO STAY INJUNCTION PROCEEDINGS or MEMORANDUM IN SUPPORT in redacted form.

On January 3, 2012, DuPont filed a redacted version of its OPPOSITION TO KOLON'S MOTION TO STAY INJUNCTION PROCEEDINGS as Docket No. 1826, while also filing a MOTION TO SEAL and MEMORANDUM IN SUPPORT the unredacted version of its OPPOSITION TO KOLON'S MOTION TO STAY. Kolon objected to the filing of the redacted version, arguing that it contained confidential information, and the redacted version was removed from the public docket pending resolution by the Court. On January 4, 2012, the Court held a conference call to consider Kolon's objection. By Order following the conference call (Docket No. 1828), the Court ordered that the parties brief the appropriateness of sealing the documents related to Kolon's MOTION TO STAY INJUNCTION PROCEEDINGS (Docket No. 1812), including the supporting memorandum (Docket No. 1813), and DuPont's OPPOSITION (Docket No. 1826). The Clerk was directed to file both the redacted and unredacted versions of DuPont's OPPOSITION TO KOLON'S MOTION TO STAY INJUNCTION PROCEEDINGS

under seal pending resolution by the Court, and they were filed as Docket Nos. 1829 and 1830 respectively.

On January 11, 2012, DuPont filed, under seal, a MOTION TO UNSEAL FILINGS (Docket No. 1845), requesting that the Court unseal the MOTION TO STAY INJUNCTION PROCEEDINGS and supporting MEMORANDUM (Docket Nos. 1812 & 1813), including correspondence from the Department of Justice attached as an exhibit to the MEMORANDUM, the unredacted version of DuPont's OPPOSITION (Docket No. 1830), and Kolon's REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY INJUNCTION PROCEEDINGS (Docket No. 1843), which also was filed under seal.

## LEGAL STANDARD

There is a general presumption in favor of "public access" to documents in the files of the courts.  In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984).  However, a district court has discretion to seal documents when the "public's right of access is outweighed by competing interests." Id.; see also Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) ("[The] presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access."). Before sealing documents, district courts must: "(1) provide public notice of the request to seal and allow interested parties a reasonable

3

opportunity to object; (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting [the] decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000) (citations omitted).

## DISCUSSION

### A.   The Threshold Requirements

Public notice of Kolon's request to seal was provided on December 22, 2011, when Kolon filed its MOTION TO FILE DOCUMENTS UNDER SEAL (Docket No. 1801) and supporting memorandum (Docket No. 1802), seeking to file under seal its MOTION TO STAY INJUNCTION PROCEEDINGS (Docket No. 1812) and its memorandum in support thereof (Docket No. 1813).   Kolon argued that the information was highly confidential and that it was required to file the Motion to Stay Injunction Proceedings under seal because of the August 26, 2009 Protective Order.   Kolon also argued that it would hinder the resolution of the litigation if its motion were not granted (¶ 5) and that the release of the information would not enhance "public understanding of any issues of public concern."   Mem. Supp. Motion to Seal ¶ 3.   The Court granted the Motion to Seal based on this memorandum. (Docket No. 1811).   Because the Court was under the impression that the documents to be sealed fell within the reach of the

4

Protective Order, the entry of which was preceded by an analysis of less drastic alternatives, that analysis was not made as to the motion.  However, the Court erred in approving the sealing without awaiting a response by DuPont.  The propriety of sealing the MOTION TO STAY INJUNCTION PROCEEDINGS and the related documents must now be determined anew.

## B.    Protective Order

DuPont argues that the scope of the Protective Order does not extend to any of the information in the MOTION TO STAY INJUNCTION PROCEEDINGS.  DuPont also challenges the designation of "Confidential – Attorney's Eyes Only Information" given by Kolon to the MOTION TO STAY INJUNCTION PROCEEDINGS under the Protective Order.

Kolon argues that the Protective Order is not so limited, and that, even under DuPont's interpretation, the commercial harm that would result if the information in the MOTION TO STAY INJUNCTION PROCEEDINGS and related papers was revealed would be sufficiently severe to warrant sealing the information.  Mem. Opp. Motion to Unseal at 16–17.

The applicable Protective Order[1] was filed on August 26, 2009 (Docket No. 53).  It provides in relevant part:

> It is stipulated and agreed by the parties

---

[1] The Protective Order (Docket No. 53) in this case, the Trade Secrets Case, is very similar to the Protective Order (Docket No. 8) in the Antitrust Case.

> to this action, and ORDERED by the Court,
> that in connection with discovery in this
> action, absent a Court Order to the contrary
> or written stipulation by the parties, this
> Order shall <u>govern all discovery</u> in the
> above-captioned case.

AGREED PROTECTIVE ORDER (Docket No. 53) (emphasis added).

The purpose of the Protective Order was to facilitate discovery. It does not govern documents that are produced outside of discovery. Nor does the Protective Order apply to pleadings or briefs except to the extent that they quote, contain, or make reference to documents that are themselves produced in the discovery process.

The briefs and supporting exhibits respecting the MOTION TO STAY INJUNCTION PROCEEDINGS were not the products of discovery, nor do they quote, contain, or make reference to documents that were produced during discovery. The simple fact is that neither the motion, nor the briefs, nor the exhibits qualify for protection.

Kolon points out that, in addition to protecting "trade secrets [and] proprietary business information," the Protective Order (¶¶ 2 and 3) covers "information invasive of an individual's legitimate privacy interests" (¶ 2) and information that is "so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage to the designating party or significant competitive

or commercial advantage to the recovering party" (¶ 3). Those paragraphs do permit such documents, if produced in response to discovery requests, to be given certain protective designations. And, of course, the Protective Order continues that protection if the documents produced in discovery are quoted in, referred to, or attached to briefs filed herein. But, the cited paragraphs do not broaden the scope of the Protective Order to extend its reach to documents not produced in discovery.

For the foregoing reasons, the MOTION TO STAY INJUNCTION PROCEEDINGS, the briefs and the related exhibits, may not be sealed under the Protective Order.

## C.   Criminal Rule 6(e)(2)

In its briefs opposing DuPont's MOTION TO UNSEAL, Kolon relies on Fed. R. Crim. P. 6 as support for its request to seal the MOTION TO STAY INJUNCTION PROCEEDINGS and related papers. Kolon did not originally rely on Rule 6 and, indeed, in a telephone conference, Kolon eschewed its applicability. DuPont contends that Rule 6 is inapplicable here because it is intended to protect the secrecy of the events taking place in the grand jury hearings themselves, not the events that take place before or after those hearings. And, DuPont emphasizes that Kolon never mentioned Rule 6 in its initial memorandum in support of its Motion to Seal. (Docket No. 1802). Kolon argues that the purpose of Rule 6(e) and the spirit of the law is served by non-

disclosure here.

Rule 6(e)(2)(a-b) provides:

> (a) No obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B).
> (b) Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: (i) a grand juror; (ii) an interpreter; (iii) a court reporter; (iv) an operator of a recording device; (v) a person who transcribes recorded testimony; (vi) an attorney for the government; or (vii) a person to whom disclosure is made under Rule 6(e)(3)(A)(ii).

The Rule prohibits certain persons involved in grand jury proceedings from disclosing the details of those proceedings. Here, disclosures by the enumerated persons about information covered by Rule 6 are not at issue.

Kolon argues that the "spirit" or "purposes" of Rule 6 protect the information at issue even if the actual language of the Rule does not, citing to Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979), in which the Supreme Court discussed the various purposes of Rule 6.  In Douglas Oil, the disclosure of grand jury transcripts involving a previous criminal investigation was at issue.  Unlike in this case, the language of Rule 6(e)(2) clearly protected the information. That is not to say that the purposes and spirit of Rule 6 are unimportant, but Rule 6 cannot be read so broadly as to destroy its meaning and create a new, entirely different rule.  The

Court declines Kolon's invitation to take that course.

**D.    The Common Law**

Under the common law standard, which applies to all
judicial documents, the public interest favoring access must be
"heavily outweighed" by the other asserted interests to overcome
the presumption in favor of public access.    Ashcraft v. Conoco,
Inc., 218 F.3d 288, 302 (4th Cir. 2000) (citations omitted); see
also Stone v. Univ. of Maryland Medical Sys. Corp., 855 F.2d
178, 180-81 (4th Cir. 1988).    Here, DuPont argues:   (1) that the
public has an interest in knowing why Kolon wants to shut down
these proceedings after having been adjudged liable for trade
secret theft; and (2) ████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
████████████   Mem. Supp. Motion to Unseal at 14.   And, according to
DuPont, there is no countervailing interest to speak of because
the information in Kolon's briefing is already public.   Id. at
15.

Kolon contends that disclosure of the information would
promote ████████████████  and give DuPont a business advantage.
Mem. Opp. Motion to Unseal at 10.   ████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████   And, Kolon contends that any disclosures thus far have been

minor and inadvertent and that the specific information it now
seeks to protect has not been disclosed. Id. at 11.

It is first appropriate to note that proceedings have not
been delayed in this case on account of the MOTION TO STAY
INJUNCTION PROCEEDINGS. In fact, the Antitrust Case now has
been resolved because the Court granted Dupont's motion for
summary judgment. There is thus little public interest in
knowing that, at one time, the proceedings in the Antitrust Case
might have been delayed, that there might have been a delay in
this case, or why that might have happened. Any public interest

██████████████████████████████████████████████████████

██████████████████████████████████████ is heavily outweighed ██████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████ If DuPont's

MOTION TO UNSEAL is granted, Kolon might suffer irreparable harm

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████

Recognizing these interests, throughout this case and the Antitrust Case, the Court has sealed documents and transcripts to protect the identity of the Kolon executives and employees who received target or subject letters who were likely to be witnesses in future criminal proceedings.[2]   In fact, in keeping with the Court's and parties' practice, DuPont initially filed a brief in Opposition to Kolon's Motion to Stay, in which it redacted much information of that sort.  See Mem. Supp. Motion to Unseal (Docket No. 1846) at 4.  The Fourth Circuit also has recognized the importance of the privacy and investigative interests at stake, ████████████████████████████

████████████████████████████  See also In re Grand

---

[2] See Aug. 17, 2011 Trade Secrets Tr. 2596:7-2597:22 (sealing the courtroom during discussion of safe passage); Aug. 23, 2011 Trade Secrets Tr. 3188:25-3189:20 (sealing the courtroom before discussing target letters); Aug. 24, 2011 Trade Secrets Tr. 3563:8-14 (agreeing to seal target and subject letter information); Memorandum Opinion (Docket No. 31 in Antitrust Case)(redacting the details ███████████████████████ concerning the investigation ███████████████████████).

Jury Subpoena, Docket No. 82 in Case No. 10-4815 (4th Cir. Mar. 21, 2011) (granting Kolon's motion to close the courtroom for oral argument based in part on the ongoing investigation).

The Court concluded long ago that the public interest in having access to ██████████████████████████████ in this case was heavily outweighed by countervailing interests. And, this conclusion is no less true now than it was in 2010, ███████████████████████████████████████████████████

Nevertheless, while sealing some of the details included in Kolon's MOTION TO STAY INJUNCTION PROCEEDINGS and the briefs concerning it is appropriate, there are less drastic alternatives than the wholesale sealing proposed by Kolon.[3]

The fact that there is an investigation against Kolon already is public knowledge. See, e.g., June 21, 2010 Tr. 7:24-25 (3:09cv58, Docket No. 264) ("The mere fact that there's an investigation going on doesn't change how you treat documents."). Kolon does not argue otherwise. And, it is also public knowledge that certain individuals were guaranteed safe passage, that Kolon wanted some of its witnesses to be deposed

---

[3] See In re § 2703(d) Order, 787 F. Supp. 2d 430, 442 (E.D. Va. 2011) (finding that there is a "significant difference between revealing the existence of an investigation, and exposing critical aspects of its nature and scope," and holding that certain documents should remain sealed because they "set forth sensitive nonpublic facts, including the identity of targets and witnesses in an ongoing criminal investigation").

in the United States for "criminal reasons," and that target and subject letters were issued to Kolon employees.[4]

Kolon cannot expect that information that already has been made public will now be sealed. To that extent, its request that the Court seal the entire memorandum in support of its MOTION TO STAY INJUNCTION PROCEEDINGS, the exhibits, the opposing memorandum, and the reply is too broad.

**D.   First Amendment**

DuPont invokes the First Amendment in support of its MOTION TO UNSEAL, arguing that the First Amendment standard should apply in this case rather than the common law standard. DuPont relies primarily on Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249 (4th Cir. 1988). In Rushford, a judge issued a protective order during discovery to facilitate the production of certain documents. The defendant then filed a motion for summary judgment, and the judge ordered the motion and its accompanying exhibits sealed. Id. at 251. The judge then granted the motion. Id. at 251-52. A third-party intervenor requested access to the sealed documents that were not covered by the protective order. Id. at 252. The defendant granted such access with respect to all documents not covered by the

---

[4] See Memorandum Opinion (3:11cv622, Docket No. 31); July 9, 2010 Hrg. Tr. (3:09cv58, Docket No. 279); Opp. Motion to Strike at 12 (3:09cv58, Docket No. 1360); Opp. Protective Order Motion at 7 n. 3 (3:09cv58, Docket No. 1480).

protective order, and the Fourth Circuit remanded the case to determine whether the documents covered by the protective order, which were attached to the summary judgment documents, should also be unsealed. <u>Id.</u> at 251.

The Fourth Circuit provided some guidance to the district court, explaining that there is a difference between pretrial discovery protective orders and a trial situation. <u>Id.</u> at 252. Because deciding the summary judgment motion was akin to having a trial (it was a "dispositive motion"), the sealed documents would have been unsealed if there had been a trial, and the sealing order was made solely to facilitate pre-trial discovery, the Court found that the First Amendment standard applied. <u>Id.</u> The Court noted that, under the First Amendment, "denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." <u>Id.</u> at 253 (citations omitted).

Here, the First Amendment standard does not apply. The MOTION TO STAY INJUNCTION PROCEEDINGS is not a "dispositive motion" akin to a trial. It is not even a discovery-related motion. ███████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ would not be revealed with regard to the injunction proceedings in this case and did not play a part in the Court's decision on summary

judgment in the Antitrust Case.   Thus, unlike in <u>Rushford</u>, the First Amendment standard does not apply.[5]

## CONCLUSION

For the reasons stated herein, DuPont's MOTION TO UNSEAL FILINGS (Docket No. 1845) will be granted in part and denied in part.   In like fashion, Kolon's MOTION TO SEAL THE MOTION TO STAY (Docket No. 1801) will also be granted in part and denied in part.   To that end, the ORDER (Docket No. 1811) permitting sealing in its entirety will be vacated.   Kolon, therefore, will be ORDERED to file a redacted version of its MOTION TO STAY INJUNCTION PROCEEDINGS, the supporting memorandum (and exhibits) and its reply, redacting only specific details that reveal ███ ████████████████████ or the ███████████ details of the investigation or the potential charges under consideration. DuPont is ORDERED to file a redacted version of its opposition, redacting the same kind of information.

It is so ORDERED.

/s/   *RЄP*
_____
Robert E. Payne
Senior United States District Judge

Date: April **20**, 2012
Richmond, Virginia

---

[5] Even if it did, there is a compelling government interest in not revealing information ██████████████████████████████████████