

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

E.I. DUPONT DE NEMOURS
AND COMPANY,

        Plaintiff,

v.                                      Civil Action No. 3:09cv58

KOLON INDUSTRIES, INC.,

        Defendant.


## MEMORANDUM OPINION

This matter is before the Court on DEFENDANT KOLON INDUSTRIES, INC.'S CONDITIONAL MOTION TO STAY THE REVISED ORDER REQUIRING AN ADVANCE NOTIFICATION OF ASSET TRANSFERS (Docket No. 1960).  For the reasons set forth below, DEFENDANT KOLON INDUSTRIES, INC.'S CONDITIONAL[1] MOTION TO STAY THE REVISED ORDER REQUIRING AN ADVANCE NOTIFICATION OF ASSET TRANSFERS (Docket No. 1960) will be denied.

## BACKGROUND

On September 14, 2011, a jury returned a verdict in favor of the Plaintiff, E.I. du Pont de Nemours and Company ("DuPont"), and against the Defendant, Kolon Industries, Inc. ("Kolon"), in the amount of $919.9 million in compensatory damages, pursuant to Va. Code Ann. § 59.1-338A, the damages provision of the Virginia Uniform Trade

---

[1] The motion was referred to as "conditional" because, at the time it was filed, the Court had not yet entered the Revised Order.  Mem. Supp. Mot. Stay Revised Order at 1 n.1.

Secrets Act.  The day after the jury verdict, DuPont began to seek discovery to aid execution of its judgment.  See Docket Nos. 1517, 1518, 1519 & 1521.  On that same day, the Court granted DuPont leave to conduct discovery of Kolon respecting enforcement of the judgment and to conduct certain non-party discovery to ascertain information about Kolon's assets. (Docket No. 1520).  Various motions were filed by both parties and, on November 16, 2011, a hearing was held on several motions, including DuPont's motion for asset freeze.  The motion seeking an asset freeze was amended to seek only an advance notification of asset transfer and, as amended, it was granted to the extent set forth in the Order issued on December 2, 2011 (Docket No. 1714) and later modified by the Corrected Consent Order entered on January 9, 2012 (Docket No. 1838).[2]

Previously, on December 12, 2011, Kolon filed a motion to stay the December 2, 2011 Order pending Kolon's interlocutory appeal to the United States Court of Appeals for the Fourth Circuit.  On January 20, 2012, Kolon filed a consent motion to dismiss its appeal, given "jurisdictional uncertainty" concerning the Corrected Consent Order entered on January 9, 2012.  The Fourth Circuit granted the motion and dismissed the appeal.  On February 15, 2012, after the

---

[2]  Later, these orders were vacated pursuant to the parties' Consent Motion to Vacate (Docket No. 1957) and Revised Order Requiring an Advance Notification of Asset Transfers (Docket No. 1965) ("Revised Order") on March 19, 2012.

dismissal of the appeal, the Court denied Kolon's motion to stay as moot (Docket No. 1945).

In the present motion, Kolon requests a temporary stay pending appeal of the Revised Order.  It argues that the stay is necessary to enable it "to seek meaningful interlocutory review of that order pursuant to 28 U.S.C. § 1292(a)."  Mot. Stay Revised Order at 2.

## DISCUSSION

Kolon's Position:

Kolon seeks a stay of the Revised Order pending appeal pursuant to Fed. R. Civ. P. 62(c).  It argues that the Revised Order is immediately appealable under 28 U.S.C. § 1292(a)(1) because it "effectively enjoins Kolon, with some limited exceptions, from transferring assets to any third party in excess of $250,000 (U.S.), and from conducting multiple transfers exceeding $250,000 in the aggregate during a three-month period, without first giving notice to DuPont so that DuPont may, if it so chooses, seek judicial intervention to block the contemplated transfers."  Mem. Supp. Mot. Stay Revised Order at 1 (Docket Nos. 1961 (Redacted) & 1963 (Sealed)). Kolon also argues that "[u]nder peril of contempt, the [Revised Order] prohibits Kolon from engaging in countless transactions that will arise in the ordinary course of business . . . without first providing notice to DuPont."  Id. at 1-2.  It describes the Revised Order as "unnecessary and punitive" and argues that it "creates an

3

excessive burden on Kolon which threatens to seriously disrupt Kolon's ability to conduct its business." Id. at 2.

Kolon argues that the Revised Order is immediately appealable to the Fourth Circuit because (1) it is an injunction and (2) § 1292(a)(1) gives the Fourth Circuit "jurisdiction over this Court's interlocutory orders granting, continuing, modifying, refusing, or dissolving injunctions." Id. at 3 (citing NationsBank Corp. v. Herman, 174 F.3d 424, 427 (4th Cir. 1999)). Kolon contends that, although the Revised Order does not use the term "injunction," it operates as a temporal injunction, because it "enjoins Kolon from making certain transfers without advance notification of at least ten business days to DuPont, four under exigent circumstances." Kolon's Reply at 2.

Relying on Carson v. American Brands, Inc., 450 U.S. 79, 83 (1981), Kolon argues that the appellate court has jurisdiction under § 1292(a)(1) where an order has "the practical effect" of granting or denying an injunction. In Carson, the Supreme Court noted that "[b]ecause § 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule, we have construed the statute narrowly to ensure that appeal as of right under § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of 'permit[ting] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable,

4

consequence.'" Id. at 84. "Unless a litigant can show that an interlocutory order of the district court might have a 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." Id. Kolon also relies on NationsBank v. Herman for the proposition that Carson "set[s] forth the standard governing appeals of interlocutory orders that have effects similar to those of injunctions, but that technically are not injunctions." 174 F.3d at 427 n.1.

Kolon contends that the Revised Order prevents Kolon from carrying out its normal business operations and that it "effectively strips Kolon of full control over its own assets." Id. at 5. Kolon also takes the view that the Revised Order is not a discovery order but, instead, compels Kolon to create a new system to evaluate its business transactions in advance, and that "[a]s a general rule, courts do not permit discovery requests that require a party to "create" or "prepare" documents that do not already exist." Id. See Alexander v. Fed. Bureau of Investigation, 194 F.R.D. 305, 310 (D.D.C. 2000)("Rule 34 only requires a party to produce documents that are already in existence. . . . A party is not required 'to prepare, or cause to be prepared,' new documents solely for their production.").

5

In sum, Kolon argues that the Revised Order operates and has the same effect as an injunction. It asserts that it needs to promptly appeal the Revised Order "so as not to suffer serious and irreparable harm to its business." Mem. Supp. Mot. Stay Revised Order at 4. A stay, says Kolon, is authorized by Fed. R. Civ. P. 62(c), which provides that a court may grant a stay pending the outcome of an appeal from an interlocutory order that grants an injunction. Rule 62(c) states in relevant part: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Kolon argues that the four factors addressed in Hilton v. Braunskill, 481 U.S. 770, 776 (1987), support its argument for a stay.

DuPont's Position:

DuPont asserts that the Revised Order is not an appealable injunction under 28 U.S.C. § 1292(a)(1).[3] DuPont argues that § 1292(a)(1) has been construed narrowly, as it "was intended to carve out only a limited exception to the final-judgment rule." Carson, 450 U.S. at 84. It argues that the Revised Order is an order compelling discovery that does not have an injunctive effect because

---

[3] DuPont's Opposition is found in four pleadings, Docket Nos. 1970 (Redacted) & 1978 (Sealed), and in earlier pleadings, Docket Nos. 1806 (Redacted) & 1816 (Sealed).

it does not grant or withhold the substantive relief sought in the underlying action. "[A] non-final order generally is not subject to interlocutory appeal under § 1291(a)(1) if it is not directed to the merits of the underlying action." In re Braxton, 258 F.3d 250, 257 (4th Cir. 2001)(citing Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 279 (1988)("An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)."); Lewis v. Bloomsburg Mills, Inc., 608 F.2d 971, 973 (4th Cir. 1979)("[O]rders that in no way touch on the merits of the claim" are not proper for interlocutory appeal under § 1292(a)(1))(quoting Switzerland Cheese Ass'n v. E. Horne's Market, Inc., 385 U.S. 23, 25 (1966))). In Lewis, the Fourth Circuit analyzed an order that prohibited counsel-initiated communications with potential class members:

> The district court's order . . . regulates the conduct of discovery. The order is merely a step in the litigation process and is in no way directed to the merits of the underlying action. Therefore, the order is not appealable under § 1292(a)(1).

608 F.2d at 973.

DuPont also contends that the fact that the Revised Order is enforceable by contempt is not relevant to the analysis. In re Braxton, 258 F.3d at 257 ("It is irrelevant to this analysis that a violator of the order may be held in contempt.")(citing United

States ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 507 (4th Cir. 1999)("[A]n order compelling discovery involves an interlocutory command that may be subject to the contempt power of the court, yet such an order is not thought to be cognizable under § 1292(a)(1).")).[4]

DuPont also argues that, under any weight or combination used, Kolon has failed to satisfy the four Hilton factors.

Analysis

The Revised Order is not an injunction within the meaning of § 1292(a)(1). As the Supreme Court stated in Carson, "§ 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule," and it is construed "narrowly to ensure that appeal as of right under § 1292(a)(1) will be available only in circumstances where an appeal will further the statutory purpose of 'permit[ting] litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence.'" 450 U.S. at 84. The Revised Order does not enjoin Kolon from doing anything, and it is not the equivalent of an injunction. It requires Kolon to take certain action to notify DuPont of certain asset transfers. The Revised Order is also tempered with an "exigent circumstance" provision. As in Lewis, the Revised Order "regulates the conduct

---

[4] DuPont correctly notes that the Court stated in a December 2011 conference call with the parties: "That's a discovery order. How are you appealing that?" Dec. 15, 2011 Transcript at 4:15-16.

of discovery" and "is merely a step in the litigation process and is in no way directed to the merits of the underlying action." 608 F.2d at 973. The Revised Order does not provide "some or all of the substantive relief sought" by DuPont. And, even though it may require Kolon to create documents to reflect the information sought, that fact does not make the Revised Order an injunction within the meaning of § 1292(a)(1). Moreover, even if the Revised Order were an injunction within the meaning of § 1292(a)(1), Kolon is not suffering and will not suffer any "'serious, perhaps irreparable, consequence' that is a prerequisite to appealability under § 1292(a)(1)." Carson, 450 U.S. at 84-85.

The parties agree that there are four factors that the Court must consider in exercising its discretion under Rule 62(c): (1) whether the applicant has made a strong showing that it is likely succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

Kolon argues that the four factors militate in favor of a stay and, first, that it is likely to prevail on the merits of its appeal, based on, it argues, it having raised a "substantial legal question." Microstrategy, Inc. v. Business Objects, S.A., 661 F. Supp. 2d 548,

558 (E.D. Va. 2009) (internal citations omitted). Kolon argues that the Court granted the original order requiring asset transfer notification without DuPont demonstrating the need for such an order, that the Revised Order is a "dramatic restraint," that such an order is not authorized under Virginia law, and that such an order is beyond the Court's jurisdiction. Mem. Supp. Mot. Stay Revised Order at 7-8.

Second, Kolon argues that the balance of equities favors Kolon because it will suffer irreparable injury if it is forced to comply with the Revised Order. It asserts that it is incurring significant business disruption resulting in losses, and that DuPont was not required to post any security to compensate Kolon for any losses that it may incur from being wrongfully enjoined. Mem. Supp. Mot. Stay Revised Order at 9. In its Reply, it argues that the Revised Order "prevents Kolon from accepting orders exceeding a quarter of a million dollars that must be consummated in less than four business days," and that "[t]he money from these lost sales is unrecoverable." Kolon's Reply at 5.

Third, Kolon argues that DuPont cannot claim that it would suffer irreparable harm if the stay were granted. In fact, it argues, by disrupting Kolon's ability to conduct business transactions, the Revised Order jeopardizes DuPont's ability to collect its judgment. Kolon argues that the balance of hardships "clearly favors Kolon." Mem. Supp. Mot. Stay Revised Order at 10-13.

And, as to the last factor, it argues that the public interest favors a temporary stay because a stay would suspend the disruption to Kolon's business.   Mem. Supp. Mot. Stay Revised Order at 14.

DuPont argues that, even if the Revised Order is determined to be an appealable injunction, a stay is inappropriate.   It argues that Kolon is not entitled to a stay, relying on the same four factors from Hilton cited by Kolon, and asserting that "under any weight or combination employed, . . . Kolon has failed to satisfy these four factors."  Pl.'s Opp'n (Docket Nos. 1806 & 1816) at 7.

To support its view that Kolon cannot show any likelihood of success, DuPont contends that the Revised Order is not an injunction but a discovery order, and thus it was required only to prove the need for a discovery order, which need was shown by the briefing and oral argument that took place before the Court entered the original December 2, 2011 Order.   DuPont contends that Kolon's other arguments cite decisions that involved injunctions that explicitly froze assets, which it asserts the Revised Order and its predecessors did not do.

DuPont also contends that Kolon's claim of irreparable harm is illusory because the Revised Order does not prevent Kolon from transferring assets and does not restrain its ability to conduct business.   DuPont argues that Kolon's loss of time, money, and energy spent complying with the Revised Order does not rise to the level

of irreparable injury.    Friendship Edison Public Charter Sch.
Collegiate Campus v. Nesbitt, 704 F. Supp. 2d 50, 52 (D.D.C.
2010)("Mere injuries, however substantial, in terms of money, time
and energy necessarily expended in the absence of a stay are not
enough" to qualify as irreparable injury.).

DuPont next argues that it would be substantially injured by
a stay.   DuPont asserts that Kolon's "efforts to obstruct the
prosecution of this case, and its questionable financial history
since DuPont filed its Complaint in this action, are direct evidence
that a stay of the [Revised Order] would substantially and
irreparably harm DuPont."   Pl.'s Opp'n (Docket Nos. 1806 & 1816)
at 10.   DuPont makes other specific arguments with regard to Kolon's
assets and its ability to satisfy the money judgment entered against
it.   Id. at 10-11.   Some of these issues were addressed in the April
10, 2012 Memorandum Opinion that denied Kolon's Motion to Stay
Execution of Final Judgment (Docket Nos. 1982 (Redacted) & 1983
(Sealed)), and the Court will not repeat them here.

DuPont also argues that the public interest weighs against a
stay because there is a strong public interest in (1) ensuring the
viability and enforceability of a jury verdict and judgment by the
Court and (2) deterring piecemeal litigation.   Pl.'s Opp'n (Docket
Nos. 1970 & 1978) at 4.

Having considered the parties' arguments and Kolon's Declaration (Exhibit A), the Court concludes that Kolon has not demonstrated that a stay of the Revised Order is warranted. It has not made a strong showing that it is likely to succeed on the merits. Even applying the standard espoused by Kolon and giving due consideration to Kolon's arguments, the Court cannot find that Kolon has raised a "substantial legal question" or shown any real likelihood that it will prevail on appeal. As to public interest, while arguments can be made in favor of both parties, the most compelling consideration is ensuring the viability and enforceability of a jury verdict and judgment by the Court.

DuPont would be substantially injured if the stay is issued. For virtually all of the same reasons the Court cited denying Kolon's Motion to Stay Execution of Final Judgment, the Court finds that DuPont would be substantially injured if the Revised Order was stayed. <u>See</u> Docket Nos. 1982 & 1983 at 13-14. Thus, that part of the Opinion is incorporated here.

Finally, Kolon has not shown that it will be irreparably injured absent a stay. Kolon correctly notes that the district court in <u>Nesbitt</u> found that a party could show irreparable harm if it showed that the harm "would threaten the existence of its business or that the moneys lost as a result of the lack of stay would be unrecoverable." 704 F. Supp. 2d at 52. While complying with the

13

Revised Order is a burden on Kolon, it is not an undue burden and it does not rise to the level of irreparable injury.

Applying the principles of <u>Hilton v. Braunskill</u>, it is clear that the Revised Order should not be stayed pending appeal.

## CONCLUSION

For the foregoing reasons, DEFENDANT KOLON INDUSTRIES, INC.'S CONDITIONAL MOTION TO STAY THE REVISED ORDER REQUIRING AN ADVANCE NOTIFICATION OF ASSET TRANSFERS (Docket No. 1960) will be denied.

It is so ORDERED.

Richmond, Virginia
Date: May  *ll* , 2012

/s/    *R E P*
_____
Robert E. Payne
Senior United States District Judge

14