

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

E.I. DU PONT DE NEMOURS
AND COMPANY,

    Plaintiff,

v.                                Civil Action No. 3:09cv058

KOLON INDUSTRIES, INC.,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the MOTION TO COMPEL ASSET-RELATED DISCOVERY (Docket Nos. 1718 & 1722) filed by E.I. DuPont de Nemours and Company ("DuPont"). For the reasons below, the motion is granted in part and denied in part.

**BACKGROUND**

DuPont sought certain information from Kolon in aid of execution of the Judgment entered against Kolon and on behalf of DuPont. Kolon objected to providing much of the requested discovery. The parties were instructed to attempt to resolve their differences. On February 10, 2012, the Court directed the parties to participate in another meet and confer proceeding to attempt to resolve the remaining disputes over the information sought by DuPont in its MOTION TO COMPEL and thereafter to file a joint status report that listed the remaining areas of

disagreement that required Court intervention, if any. In compliance with the February 10, 2012 Order, the parties filed a Joint Status Report (Docket Nos. 1952 & 1956).

In the Joint Status Report, the parties reported that the following matters[1] do not require Court intervention: (1) Financial Reports; (2) Information regarding Distribution of Cash Related to Sale of Short-Term Assets; and (3) Increase in Ownership of Kolon Industries by Kolon Corp. and the CVC. Thus, the MOTION TO COMPEL will be denied as moot as to those matters.

Also in the Joint Status Report, the parties reported that the following matters require Court intervention: (1) Customer Information; (2) Real Property in the United States; (3) Agreements between Kolon Industries and its Parents and Subsidiaries/Affiliates; and (4) Information regarding Kolon Industries Business Teams.

## DISCUSSION

The judgment creditor may obtain discovery from any person, including the judgment debtor, as provided in the federal rules or in applicable state procedures, and the Court has the authority to compel the production of post-verdict information "[i]n aid of the judgment or execution" of that judgment. Fed. R. Civ. P. 69(a)(2). "Liberal discovery is afforded to judgment

---

[1] These matters are referred to by the short-hand notations used by the parties in the Joint Status Report.

2

creditors under Federal Rule of Civil Procedure 69(a)(2)." ClearOne Communications, Inc. v. Chiang, 276 F.R.D. 402, 404 (D. Mass. 2011). "The presumption is in favor of 'full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment.'" Id. (internal citations omitted).

Customer Information

The motion to compel seeks "a listing of the customers of Kolon Industries including the name, address, nature of customer relationship, and all payments, revenue or anything of value received from each such customer during each year of the relevant time period." DuPont argues that the information is relevant to assisting DuPont in: (1) identifying any assets Kolon has associated with its customers; and (2) aiding DuPont in obtaining those assets from Kolon customers. DuPont argues that the information sought is responsive to Document Request Nos. 7, 8 & 9 and Interrogatory Nos. 10, 12 & 13. The Document Requests sought:

> 7. All documents relating to any debts, obligations, payments, accounts, judgments or moneys owed to Kolon by any person, entity or company during the relevant time period.
>
> 8. All documents relating to any accounts receivable due, or claimed to be due, to Kolon from any person, entity or company during the relevant time period.
>
> 9. All financing agreements relating to the manufacture, distribution or sale of Kolon products.

3

Mem. Supp. Mot. Compel, Ex. 1 at 5-6. The Interrogatories stated as follows:

> 10. Identify all debts, obligations, payments, accounts, judgments or moneys owed to Kolon by any person, entity or company in excess of $50,000, individually and in the aggregate, during the relevant time period.
>
> 12. Identify Kolon's accounts receivables from entities located within the United States as of each of the following dates: (a) January 1, 2008, (b) July 1, 2008, (c) January 1, 2009, (d) July 1, 2009, (e) January 1, 2010, (f) July 1, 2010, (g) January 1, 2011, (h) July 1, 2011, and (i) the date of your response.
>
> 13. Identify Kolon's twenty-five largest customers in the United States and your twenty-five largest customers in the rest of the world on the basis of the amount of revenue Kolon received from such customer during each year of the relevant time period, providing the name, address, nature of the customer relationship, and all payments, revenue or anything of value received from each such customer during each year of the relevant time period.

Mem. Supp. Mot. Compel, Ex. 2 at 8. DuPont also made a related request in a November 23, 2011 letter from Michael Songer to Christian Platt. Songer first notes "that it is unclear why Kolon is not producing the Heracron customer list produced by

Kolon in the antitrust litigation"[2] and concludes, "We thus (again) request customer lists for all Kolon Industries' customers, from all Kolon Industries subsidiaries and affiliates." See Ex. 11 at 2. DuPont argues that it is entitled to discover assets that may be hidden in other entities, including its customers and former customers.

Kolon argues that it already has produced a list of Kolon's 25 largest U.S. and worldwide customers as specifically requested in DuPont's Post-verdict Interrogatory No. 13 and charts of its outstanding Accounts Receivables. It asserts that the additional information DuPont seeks would not be responsive to any discovery request and/or that it is irrelevant to aiding execution of the judgment. Kolon argued in its November 30, 2011 letter to DuPont that "identity of a customer is only relevant when Kolon holds a receivable from that customer." Kolon's Opp'n, Ex. 6 at 2. It further stated that "DuPont already has Kolon's account receivable information" and that "DuPont has not explained why it needs the name of every Kolon customer – even if that customer owes no money to Kolon." Id.

---

[2] DuPont argues that the antitrust case and the trade secret case are severed, that there is no order allowing for use of antitrust discovery in the trade secret case, and that Kolon refuses to produce this customer list in the trade secrets case. DuPont also argues that the list itself would be insufficient because it lists only basic information about each customer and does not fully respond to Interrogatory No. 13. Reply Br. at 13-14.

The Court agrees that the identity of a customer is relevant when Kolon holds a receivable from that customer or the customer otherwise holds Kolon assets. The motion to compel is granted to the extent that it seeks that information. However, the additional information sought by DuPont - "a listing of the customers of Kolon Industries including the name, address, nature of customer relationship, and all payments, revenue or anything of value received from each such customer during each year of the relevant time period" - is not relevant to aiding execution of the judgment. The motion to compel additional customer information will be denied to the extent that it seeks such additional information.

Real Property in the United States

The motion to compel seeks "all documents regarding the ownership, value, and possession of real property in the United States owned by Kolon Industries, Kolon Corporation, or the Kolon Industries Entities." DuPont argues that such information is relevant to enforcement of the judgment as such assets may be utilized to satisfy the judgment.

Kolon argues that it has already produced information and answers regarding property owned by Kolon Industries, Inc. and Kolon Corp. and that DuPont's discovery requests were only for "Kolon," and not for "Kolon Affiliates" or "Kolon Industries Entities." Thus, it argues, DuPont cannot seek to compel the

6

production of information it did not formally request. Kolon also argues that the information is irrelevant because Kolon's affiliates and subsidiaries are distinctly separate corporate entities and non-parties to this case and, thus, discovery regarding their real property and assets is irrelevant unless DuPont can make a *prima facie* showing that the affiliates are not entitled to be treated as judicially separate from Kolon.

DuPont counters that Kolon agreed that such information existed and that it would produce that information, citing November 1, 2011 correspondence. In that letter, Kolon stated: "Real Property in the U.S.: Kolon is gathering additional documents for production." DuPont also argues that Kolon "previously acquiesced" by the testimony of its Rule 30(b)(6) witness on the topic, citing the Ahn Deposition Transcript at 28:15-30:9.

"Kolon" is defined as Defendant Kolon Industries, Inc. Mem. Supp. Mot. Compel, Ex. 1 at 1. Request for Production No. 10 sought "[a]ll documents relating to Kolon's ownership, possession, control, holding or interest in or of any real property, during the relevant time period . . . ." Id. at 6. Interrogatory No. 6 requires Kolon to "[i]dentify all real property which Kolon owned, possessed, controlled, or in which Kolon held any interest, during the relevant time period . . . ." Mem. Supp. Mot. Compel, Ex. 2 at 6. Although Kolon is

7

defined as Defendant Kolon Industries, Inc., the discovery requests refer to real property "in which Kolon held *any* interest." Given that the Defendant may have an interest in real property that is also owned in part by another Kolon entity, DuPont is entitled to discover such information. The motion to compel will be granted as to real property in the United States owned by any or all Kolon Industries Entities.

Agreements between Kolon Industries and its Parents and Subsidiaries/Affiliates

The motion to compel seeks "all contracts and/or agreements between Kolon Industries and Kolon Corporation or the Kolon Industries Entities." DuPont argues that the information will enable DuPont to ascertain the nature of asset transfers between the various Kolon entities. Kolon's position is that it has produced several such agreements when specifically requested by DuPont as part of the agreed-upon discovery protocol. It argues that the request is overly broad, would not be responsive to DuPont's formal discovery requests, and it calls for mostly irrelevant information as to which the cost and burden of production would vastly outweigh any residual relevance.

What DuPont actually seeks are documents responsive to Request for Production No. 6, which requests:

> All documents, including, without limitation, stock certificates, shareholder agreements, partnership agreements, joint venture agreements, or other evidence of ownership, relating to any ownership

>     interest Kolon holds or has held in any corporation, limited liability company, partnership, limited partnership, joint venture, association or other business entity during the relevant time period.

Mem. Supp. Mot. Compel, Ex. 1 at 5. DuPont is entitled to the requested information. The motion to compel will be granted as to Request for Production No. 6 and will be denied as to contracts and/or agreements that are not within Request for Production No. 6.

Information regarding Kolon Industries Business Teams

The motion to compel seeks "the assets, costs, sales, cash, and accounts receivable regarding each of Kolon Industries' various 'business teams' (such as Industrial Materials), and for the Heracron business unit, on a quarterly, semi-annual, and annual basis for the period 2008 to date." DuPont's position is that the information is relevant to determine, for example, the accounts receivable, cash, and other assets that may be available to satisfy the outstanding judgment against Kolon. DuPont asserts that the exemplary Enterprise Resource Planning ("ERP") report produced by Kolon sometimes included the recipient/payee of an identified transaction and other times the sender/payor, but DuPont believes that it is entitled to a report that lists both parties to each transaction and that Kolon should be able readily to provide the requested information.

Kolon argues that it spent a great deal of time and effort to reconfigure its ERP accounting system to generate the reports, and that it would be unduly burdensome and difficult for Kolon to generate ERP reports that contained the additional information. Kolon has shown that the work needed to reconfigure the system, the limited accessibility of the second-party data, and the time and cost required to verify the additional data would outweigh any marginal relevance of the additional data.

Kolon has agreed to provide reports detailing "the assets, costs, sales, cash, and accounts receivable" of each of Kolon's "business teams." Such reports are sufficient to the purpose of discovery in aid of execution and shall be provided promptly if that has not already been done, but DuPont's motion to compel as to reports that show both parties to each identified transaction will be denied.

It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May 11, 2012