

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

E.I. DUPONT DE NEMOURS
AND COMPANY,

     Plaintiff,

v.                              Civil Action No. 3:09cv058

KOLON INDUSTRIES, INC.,

     Defendant.

### MEMORANDUM OPINION

This matter is before the Court on the RENEWED MOTION TO COMPEL ASSET-RELATED DISCOVERY (Docket No. 2011)("MOTION TO COMPEL II") filed by E.I. DuPont de Nemours and Company ("DuPont"). For the reasons below, the motion will be granted in part and denied in part.

### BACKGROUND

**1.   Proceedings in the Eastern District of Virginia**

Previously in this matter, DuPont sought certain information from Defendant Kolon Industries, Inc. ("Kolon") in aid of execution of the Judgment entered against Kolon and on behalf of DuPont.[1] Kolon objected to providing much of the

---

[1] The Clerk's Judgment was entered on the Jury's Verdict on September 14, 2011 (Docket No. 1515), but it was vacated on October 3, 2011, the date that the Partial Judgment on Count One was entered (Docket No. 1604). On November 22, 2011, following the Court's decision on punitive damages, the Final Judgment on Count One was entered (Docket No. 1698).

requested discovery. The parties were instructed to attempt to resolve their differences and, on February 10, 2012, the Court directed the parties to participate in another meet and confer proceeding to attempt to resolve the remaining disputes over the information sought by DuPont in its MOTION TO COMPEL ASSET-RELATED DISCOVERY (Docket Nos. 1718 & 1722) ("MOTION TO COMPEL I") and thereafter to file a joint status report that listed the remaining areas of disagreement that required Court intervention, if any. In compliance with the February 10, 2012 Order, the parties filed a Joint Status Report (Docket Nos. 1952 & 1956).

In the Joint Status Report, the parties reported that certain matters did not require Court intervention, and MOTION TO COMPEL I was thereafter denied as moot as to those matters. However, the parties also reported that certain other matters required Court intervention. Those matters, referred to by the short-hand notations used by the parties, were:   (1) Customer Information; (2) Real Property in the United States; (3) Agreements between Kolon Industries and its Parents and Subsidiaries/Affiliates; and (4) Information regarding Kolon Industries Business Teams. By Memorandum Opinion and Order issued on May 11, 2012 (Docket Nos. 2005 & 2006), MOTION TO COMPEL I was granted in part and denied in part as to those matters.

The Court granted MOTION TO COMPEL I respecting Customer Information to the extent that the discovery sought "the identity of a customer . . . when Kolon holds a receivable from that customer or the customer otherwise holds Kolon assets." (Mem. Op., May 11, 2012, at 6.)   The Court denied MOTION TO COMPEL I respecting additional Customer Information that did not fit within that description, finding that such additional Customer Information was "not relevant to aiding execution of the judgment." (Id.)

The Court also granted MOTION TO COMPEL I respecting Agreements between Kolon Industries and its Parents and Subsidiaries/Affiliates, specifically granting Request for Production No. 6, which requested:

> All documents, including, without limitation, stock certificates, shareholder agreements, partnership agreements, joint venture agreements, or other evidence of ownership, relating to any ownership interest Kolon holds or has held in any corporation, limited liability company, partnership, limited partnership, joint venture, association or other business entity during the relevant time period.

(Mem. Op., May 11, 2012, at 8-9.)   The Court denied MOTION TO COMPEL I "as to contracts and/or agreements that are not within Request for Production No. 6." (Id. at 9.)

Both topics are once again before the Court in MOTION TO COMPEL II.   DuPont contends that, since the Court's May 11, 2012

3

Order, "Kolon has either refused to produce the information, or has engaged in a selected production." (DuPont's Mem. Supp. at 2.) Kolon contends, on the other hand, that it has complied with its post-verdict discovery obligations and that DuPont has received "more than enough information to allow it to go forward with efforts to collect the money judgment entered against Kolon." (Kolon's Mem. Opp'n at 1.)

## 2. Proceedings in the Southern District of New York

DuPont has also been trying to enforce the judgment against Kolon in the Southern District of New York ("the SDNY Proceeding").[2] DuPont contends that Kolon's statements and positions in the SDNY Proceeding are relevant to proceedings here because, DuPont says, Kolon has demonstrated in the SDNY Proceeding "that it can and does possess and have control over relevant information about the entire Kolon network of affiliated entities." (DuPont's Mem. Supp. at 8.) To prove that point, DuPont lists many statements made by Kolon in court and in two declarations in support of Kolon's "Opposition to

---

[2] DuPont says that it pursued enforcement in the SDNY because (1) that district has jurisdiction over banks where Kolon holds many of its assets, and (2) New York and Second Circuit law is "conclusive" in the area of foreign assets owned by a foreign judgment debtor, while Virginia law is "undeveloped" in this area. (DuPont's Mem. Supp. at 8 n.4.) Kolon contends that the SDNY Proceeding resulted from DuPont's "aggressive[] forum shop[ping]" and its attempt to "take advantage of New York's creditor-favorable laws." (Kolon's Mem. Opp'n at 5.)

DuPont's Turnover Application" filed in the SDNY. (DuPont's Mem.

Supp. at 9-10 & n.5.) These statements include:

- As a preliminary matter, Kolon Corporation is merely a holding company for its various subsidiaries.
- Kolon Corporation holds investment assets.
- Kolon Corporation does not "do business" in the traditional sense that it does not itself buy and sell products and has no relationship with New York whatsoever, including no agency relationship with KUSA [Kolon USA] and [Kolon] I'Networks.
- While, as a holding company, Kolon Corporation owns approximately 57% of Kolon Global, this is not enough to show agency in the absence of any other evidence whatsoever that Kolon Global is the agent of the holding company.
- Kolon Industries, Kolon Global, and Kolon I'Networks Corp. (before it was acquired by Kolon Global) are all sister companies (only related by virtue of having a common parent holding company) and do not interfere with or have control over one another's businesses.
- Kolon Industries and Kolon Corporation do not currently and have never had an agency relationship with Kolon I'Networks Corp. or Kolon Global.
- Kolon Industries is the parent company of KUSA but there is no agency relationship.
- Kolon Industries does not have control over KUSA's marketing or operational policies.
- KUSA has an arm's-length business relationship with Kolon Industries whereby if KUSA experiences a shortage in inventory, KUSA sends a purchase order to Kolon Industries to purchase products.

(DuPont's Mem. Supp. at 9-11, & Ex. 12.)   DuPont points out

that, notwithstanding statements made in this case that it lacks

control of Kolon USA, Kolon was able to make certain affirmative

statements about Kolon USA including that "KUSA is financially

solvent."  (DuPont's Mem. Supp. at 11.)

**DISCUSSION**

## 1. Legal Standard

As noted previously, a judgment creditor may obtain discovery from any person, including the judgment debtor, as provided in the Federal Rules of Civil Procedure or in applicable state procedures, and the Court has the authority to compel the production of post-verdict information "[i]n aid of the judgment or execution" of that judgment. Fed. R. Civ. P. 69(a)(2) (cited in Mem. Op., May 11, 2012, at 2.)

> "Liberal discovery is afforded to judgment creditors under Federal Rule of Civil Procedure 69(a)(2)." ClearOne Communications, Inc. v. Chiang, 276 F.R.D. 402, 404 (D. Mass. 2011). "The presumption is in favor of 'full discovery of any matters arguably related to the creditor's efforts to trace the debtor's assets and otherwise to enforce its judgment.'" Id. (internal citations omitted).

(Mem. Op., May 11, 2012, at 2-3).

It is generally true that "the judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." Caisson Corp. v. County W. Bldg. Corp., 62 F.R.D. 331, 334 (E.D. Pa. 1974). Further, the judgment creditor has "wide latitude" in conducting post-judgment discovery. Libaire v. Kaplan, 760 F. Supp. 2d 288, 293 (E.D. N.Y. 2011). Thus, as DuPont contends, post-verdict discovery in aid of the execution of a judgment can result in a "very thorough examination of the judgment debtor."

6

Caisson, 62 F.R.D. at 335.   And, of course, under the Federal Rules, Kolon is required to produce all information "reasonably calculated to lead to the discovery of admissible evidence" relevant to enforcement of the judgment.   Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 69(a)(2).

But it is also true, as Kolon argues, that asset discovery should be tailored to the specific purpose of enabling a judgment creditor to discover assets upon which it can seek to execute a judgment and that the judgment debtor's discovery should not devolve into a fishing expedition for irrelevant or cumulative information which does not advance that purpose.

Fed. R. Civ. P. 34 is also instructive, although not addressed by the parties in their respective briefs.

> Federal Rule of Civil Procedure 34(a) allows a party to request the production of documents and electronically stored information from an adversary if the sought items are in the adversary's "possession, custody, or control." Fed. R. Civ. P. 34(a). Control does not require that the party have legal ownership or actual physical possession of the documents at issue, but rather "the right, authority or practical ability to obtain the documents from a non-party to the action."

Bush v. Ruth's Chris Steak House, Inc., Civ. Action No. 10-1721, 2012 WL 2236608, at *4 (D.D.C. June 18, 2012) (citations omitted).   In determining whether the party has "the right, authority or practical ability" to obtain documents from non-

7

parties, courts have looked to several factors in the case of "related non-parties" such as a parent, sister, or subsidiary corporation.    In  Steele  Software  Systems  v.  Dataquick Information Systems, Inc., 237 F.R.D. 561, 564 (D. Md. 2006), the court first listed three factors, identified in Afros S.P.A. v.  Krauss-Maffei  Corporation,  113  F.R.D.  127,  130  (D.  Del. 1986):  (1) the corporate structure of the party/non-party, (2) the non-party's connection to the transaction at issue in the litigation, and (3) the degree that the non-party will benefit from the outcome of the case.   The court also stated that "[o]ther relevant factors include whether the related entities exchange documents in the ordinary course of business, and whether the nonparty has participated in the litigation." 237 F.R.D. at 564 (citation omitted).   Other factors addressed by the court were the "common relationships between a party and its related non-party entity," the ownership of the non-party, the overlap of directors, officers, and employees, and the financial relationship between the entities.   Id.   Another factor is the relationship  of  the  parent  corporation  to  the  underlying litigation.   Id. at 565.  Agreements among the entities may also be considered as they may reflect the parties' legal rights or authority to obtain certain documents.   See also 8B Charles Alan Wright,  Arthur R. Miller, Mary Kay Kane, and Richard L. Marcus, Federal  Practice  &  Procedure  §  2210  (3d  ed.  2012)  (factors

include whether the litigant corporation could secure materials from the non-party corporation to meet its own business needs and whether, by virtue of stock ownership or otherwise, one corporation effectively controls the other).

The foregoing principles guide the resolution of MOTION TO COMPEL II.

## 2.   Customer Information

The Court already has ordered production of Customer Information, as follows:

> The Court agrees that the identity of a customer is relevant when Kolon holds a receivable from that customer or the customer otherwise holds Kolon assets.  The motion to compel is granted to the extent that it seeks that information. However, the additional information sought by DuPont – "a listing of the customers of Kolon Industries including the name, address, nature of customer relationship, and all payments, revenue or anything of value received from each such customer during each year of the relevant time period" – is not relevant to aiding execution of the judgment. The motion to compel additional customer information will be denied to the extent that it seeks such additional information.

(Mem. Op., May 11, 2012, at 6 (emphasis added).)   Thus, the Court previously held that the scope of what was to be produced was customer information "when Kolon holds a receivable from that customer or the customer otherwise holds Kolon assets." Specifically, for accounts receivable, this includes the existence of the account receivable due to Kolon, the identity

of the customer that holds the receivable due to Kolon, and the amount of the account receivable. For other Kolon assets, this includes the existence of the Kolon asset, a description of the asset, the identity of the customer that holds the asset, the location of the asset, and the value of the asset. Kolon must provide that information.

A central facet of the current dispute is that DuPont seeks this kind of information not only from Kolon, defined by DuPont in its discovery requests as "Kolon Industries, Inc.," but also from other Kolon entities.[3] At the September 25, 2012 hearing,

---

[3] The parties have used different terms to refer to the other Kolon entities. The term "Kolon Industries Entities" was defined in DuPont's memorandum in support of the Motion to Compel I (Docket Nos. 1719, 1723 & 1741) as "the individual entities of which Kolon Industries has an ownership stake . . . includ[ing] Kolon Glotech, Mauna Ocean Resort, Kolon Fashion Material, Kolon Plastic, Kolon Investment, Green Narae, Hana Capital and SKC Kolon PI." (Mem. Supp. Mot. Compel I, at 4.) The first post-verdict discovery requests defined "Kolon" as Kolon Industries, Inc. and defined "Kolon Affiliates" as "Kolon's parents, subsidiaries, affiliates, predecessors-in-interest, holding companies, as well as any and all officers, directors, employees, agents, representatives, or persons or entities acting on Kolon's behalf, including but not limited to Woong-Yeul Lee." (Docket Nos. 1723-1 & 1723-2.) DuPont's discovery requests were written before Kolon provided the Court its written STATEMENT TO THE COURT ON CORPORATE TRANSACTIONS INVOLVING KOLON CORPORATION (Docket Nos. 1755 & 1784) ("Statement on Corporate Transactions"), discussed infra at note 4, and DuPont points out that the Statement on Corporate Transactions does not include all of the changes that have taken place since that time, referring to Section III(B) of its present memorandum in support. DuPont does not define "Kolon Industries Entities" or "Kolon Affiliates" in this latest round of briefing. Kolon points out in its opposition that DuPont defined Kolon Industries Entities in its memorandum in support

DuPont submitted three exhibits, attached hereto as Exhibits 1, 2, and 3, identifying the various related Kolon entities that are implicated in the motion at issue. Exhibit 1 shows Kolon Corporation and ten subsidiaries of Kolon Corporation, including Kolon Industries, Inc. DuPont states that it does not know at this time whether Kolon Industries, Inc. has an interest in or owns any share of the other nine subsidiaries listed on Exhibit 1. Exhibit 2 shows Kolon Industries, Inc. and twenty-four (24) business entities in which Kolon Industries, Inc. is known to have an interest or own a share. Exhibit 3 lists another twenty-four (24) Kolon-related entities about which DuPont has little or no information.

To understand these Exhibits 1 and 2 and the scope of DuPont's request for Customer Information, it is necessary briefly to explain the corporate structure of Kolon at the inception of this action and how that structure changed while the action was pending. When DuPont filed the action, it named as defendants, Kolon Industries, Inc. and Kolon USA, a wholly-owned subsidiary of Kolon Industries, Inc. The parent, Kolon Industries, Inc. owned many other companies, in whole or in part.

Effective December 31, 2009, while this action was pending,

---

of the Motion to Compel I, as noted above. (Kolon's Mem. Opp'n at 4 n.2.)

there was a corporate reorganization. In the reorganization, a
new company named Kolon Industries, Inc. was formed.   It was
allocated all of the old company's industrial manufacturing
assets, including the Heracron® operation.   The old company's
other assets were vested in a holding company called Kolon
Corporation.

As a result of the reorganization, Kolon Corporation owns
all or part of the related entities shown on Exhibit 1,
including at least 30.72% of the shares of the new Kolon
Industries, Inc.  Also, the new Kolon Industries, Inc. owns all
or part of the twenty-four (24) related entitled identified in
Exhibit 2. [4]

---

[4] During the November 16, 2011 hearing, the Court questioned
Kolon's counsel about Kolon Industries, Inc. and Kolon
Corporation and requested that counsel explain in writing the
relationship between the two entities. Shortly thereafter, the
STATEMENT TO THE COURT ON CORPORATE TRANSACTION INVOLVING KOLON
CORPORATION (Docket Nos. 1755 & 1784)("Statement on Corporate
Transaction") was filed by Kolon. In the Statement on Corporate
Transaction, Kolon explained that at the time this matter was
filed, in February 2009, "Kolon's investment and portfolio
management functions, its Heracron aramid fiber division, and
the rest of Kolon's industrial wholesale film and fiber
manufacturing and sales operations (along with the related
assets, personnel and management structures) resided in a single
Korean company, which used the English trade name 'Kolon
Industries, Inc.'" (Statement on Corporate Transaction at 2.)
"Original Kolon Industries was the entity sued by DuPont (along
with Kolon USA, a wholly-owned subsidiary subsequently
voluntarily dismissed from the case) and that answered the
complaint in April 2009." (Id. at 2-3.) Previously, in 2008, the
board of directors of Original Kolon Industries began to analyze
the feasibility of restructuring to create a holding company
structure that would be advantageous from a tax perspective. In

The parties agree that, to date, Kolon has responded to DuPont's discovery requests by providing information about, and documents from, both the new Kolon Industries, Inc. and Kolon Corporation. See Sept. 25, 2012 Hr'g Tr. at 34:19-35:10. But, Kolon has refused to produce any Customer Information for any of the other Kolon entities listed in Exhibits 1 and 2 because they were not defendants herein and the judgment cannot be enforced against them.

That, however, is not the issue for today's motion. The

October 2009, the board recommended such a transaction, and it was approved by the shareholders effective December 31, 2009. In that transaction, there was a "spin off" of the industrial manufacturing operations and assets, including Heracron®, into a newly-formed public company, which adopted the English name "Kolon Industries, Inc.," while Original Kolon Industries retained the investment assets and portfolio management functions, adopting the English name "Kolon Corporation." The shareholders of Original Kolon Industries received shares in the new Kolon Industries, Inc. and also retained shares in the original entity, now known as Kolon Corporation. Kolon Corporation held sufficient shares in the new Kolon Industries, Inc. to qualify as a "holding company" (at least 20% of the equity) under the changed corporate rules in Korea. When this matter was addressed at the November 16, 2011 hearing, Kolon's counsel stated that the matter "would be governed by Rule 25(c) of the Federal Rules which just indicates what happens upon corporate transfer." (Nov. 16, 2011 Hr'g Tr. at 76:22-77:13.) Rule 25(c) states:

> If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(c). No motion for substitution was ever filed, so the named defendant in this matter remained Kolon Industries, Inc. despite the corporate restructuring.

issue is whether the documents requested by DuPont are "reasonably calculated to lead to the discovery of admissible evidence" relevant to enforcement of the judgment, Fed. R. Civ. P. 26(b)(1), and, if so, whether they are in the possession, custody, or control of Kolon Industries, Inc. or Kolon Corporation.

DuPont concedes that there is no evidence that Kolon Industries, Inc. or Kolon Corporation has custody or possession of the requested Customer Information of the other related entities on Exhibit 1 or Exhibit 2, see Sept. 25, 2012 Hr'g Tr. at 8-9, but there is evidence that the documents sought by DuPont from those entities are under the control of Kolon Industries, Inc. and/or Kolon Corporation. "Control" depends on the right, authority, or practical ability of Kolon Industries, Inc. or Kolon Corporation to produce the documents, as discussed above, at 8-9.

As noted previously, at 11, Exhibit 2 shows Kolon Industries, Inc. and the twenty-four (24) business entities in which Kolon Industries is known to have an interest or own a share. The consolidated financial statements of Kolon Industries, Inc. include information about, and obtained from, the twenty-four related entities listed in Exhibit 2, in some of which Kolon Industries, Inc. owns all of the shares and in some of which Kolon Industries, Inc. owns a lesser share. As to the

14

related entities listed on Exhibit 2, the proof of "control" -
the right, authority, or practical ability of Kolon Industries,
Inc. to produce the documents related to the twenty-four related
entities on Exhibit 2 - is demonstrated by the ownership
interest, by the consolidated financial statements, and by the
related nature of the entities both before and after the
corporate reorganization.

The record shows that Kolon Industries, Inc. simply
requests what information it wants for inclusion in the
consolidated financial statements, and the twenty-four related
entities provide the information. And, Kolon Industries, Inc.
owns all, or a goodly part, of those entities. Taken as a
whole, the record shows that Kolon Industries, Inc. controls
access to documents and information in the hands of those
entities. Accordingly, Kolon Industries, Inc. must produce
Customer Information, as described above at 10, for each of the
twenty-four related entities shown on Exhibit 2, and MOTION TO
COMPEL II is granted to that extent.

As to Exhibit 1, which shows the ten subsidiaries of the
parent holding company, Kolon Corporation, there is no
information available at this time respecting whether Kolon
Industries, Inc. has an interest in, or owns a share of, the
nine other entities listed as subsidiaries of Kolon Corporation,
but the SUPPLEMENTAL FINANCIAL DISCLOSURE STATEMENT OF KOLON

INDUSTRIES, INC. (Docket No. 1752), filed on December 13, 2011, states that three of the nine entities - Kolon Engineering & Construction Company, Ltd., Kolon I'Networks Corporation, and Kolon Life Science, Inc. - each own 10% or more of the stock of Defendant Kolon Industries, Inc.   Moreover, all ten related entities shown on Exhibit 1, including Kolon Industries, Inc., are subsidiaries of Kolon Corporation and, as discussed above in notes 3 and 4, the original defendant herein was the Original Kolon Industries, Inc., which now is known as Kolon Corporation. The fact that the Original Kolon Industries accomplished a corporate restructuring during the pendency of this action does not insulate it from producing discovery to which DuPont is entitled.   Thus, Kolon Corporation and Kolon Industries, Inc. are required to produce Customer Information for any of the nine other entities in which Kolon Industries, Inc. has an interest, and MOTION TO COMPEL II is granted to that extent.[5]

3.   **Agreements between Kolon Industries and its Parents and Subsidiaries/Affiliates**

Previously, the Court granted DuPont's Motion to Compel I as to Request for Production No. 6 which requested:

> All documents, including, without limitation, stock certificates, shareholder agreements, partnership agreements, joint venture agreements, or other evidence of ownership, relating to any ownership interest Kolon holds or has held in any corporation,

---

[5] Counsel shall certify, under Rule 11, which of these entities do, or do not, own an interest in Kolon Industries, Inc.

16

> limited   liability   company,   partnership,   limited
> partnership,   joint   venture,   association   or   other
> business entity during the relevant time period.

(Mem. Op., May 11, 2012, at 8-9.)  The Court ruled:

> DuPont  is  entitled  to  the  requested  information.  The
> motion  to  compel  will  be  granted  as  to  Request  for
> Production  No.  6  and  will  be  denied  as  to  contracts
> and/or  agreements  that  were  not  within  Request  for
> Production No. 6.

(Mem. Op., May 11, 2012, at 9.)  The Order and Opinion speak for

themselves and they mean what they say.

Documents  that  relate  to  any  ownership  interest  Kolon

Industries,  Inc.  or  Kolon  Corporation  holds  or  has  held  in  *any*

other  business  entity  during  the  relevant  time  period  must  be

produced,  and  MOTION  TO  COMPEL  II  is  granted  to  that  extent.

This  includes,  by  way  of  exemplary,  memoranda  of  understanding,

documents  of  corporate  formation,  articles  of  incorporation,

bylaws,  share  register,  lists  of  all  shareholders,  registered

shareholder   lists,   share   purchase   agreements,   security

agreements,  structural  agreements,  merger  and  acquisitions

documents,  and,  to  the  extent  they  show  ownership  interests,

financing documents.

Documents  that  do  not  relate  to  any  ownership  interest

Kolon  Industries,  Inc.  or  Kolon  Corporation  holds  or  has  held  in

another  business  entity  are  not  required  to  be  produced,  and

MOTION TO COMPEL II is denied to that extent.

It is so ORDERED.

_____ /s/      REP_____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 5, 2012