CONTAINS INFORMATION DESIGNATED AS "CONFIDENTIAL" AND
"CONFIDENTIAL-ATTORNEYS' EYES ONLY"

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| E. I. du PONT de NEMOURS AND COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> KOLON INDUSTRIES, INC. a/k/a KOLON CORPORATION, <br><br> Defendant. | Civil Action No. 3:09CV58 |

## PLAINTIFF E.I du PONT de NEMOURS AND COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO MODIFY PROTECTIVE ORDER

Plaintiff and Judgment Creditor E.I. du Pont de Nemours and Company ("DuPont") respectfully submits this Memorandum of Law in support of its motion to modify Paragraph 6 of the Agreed Upon Protective Order filed on August 26, 2009 (D.I. 53) (the "Protective Order"), by appending to the end of it a Subparagraph (g), as follows:

> g. *Limited Disclosure to Certain Third-parties.* Notwithstanding anything in this Protective Order to the contrary, DuPont shall be permitted to disclose Designated Material or information derived therefrom to a third-party *provided that* the information to be disclosed hereunder relates solely to that particular third-party's relationship or transactions with Kolon. This includes information related to that particular third-party's purchases of Kolon products or raw materials, including without limitation information related to accounts receivable attributed by Kolon to such third-party.

For the reasons that follow, DuPont respectfully requests that the Court modify the Protective Order as proposed above, so that if Kolon itself has identified a customer as a source of an account receivable and supplied additional information regarding the account receivable (for example, the amount attributable to that customer or the date by which that account was

1

outstanding), DuPont is able to share such information, only to the extent that the information pertains to a particular customer, with that particular customer.

## Preliminary Statement

This motion is necessitated by the conduct of Kolon Industries, Inc. (a/k/a Kolon Corporation) (together, "Kolon") in obstruction of DuPont's efforts to enforce the judgment. Through this Motion, DuPont asks the Court to modify the Protective Order to allow DuPont to disclose certain information—produced by Kolon—to certain of Kolon's customers. If Kolon itself has identified a customer as a source of an account receivable and supplied additional information (for example, the amount attributable to that customer or the date by which that account was outstanding), then DuPont ought to be able to share the information, only to the extent that it pertains to a particular customer, *with that particular customer*.

The information at issue is derived from lists of customers with accounts receivable that Kolon was ordered to produce and that Kolon designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the Protective Order. DuPont does not object to Kolon's designation of the customer lists. Instead, DuPont seeks to disclose to a given customer that Kolon reported a receivable owed *from that customer* and the amount and date of the reported receivable.

The notion that the Protective Order may preclude this type of narrow disclosure makes no sense. Of course, if Kolon books a receivable from a certain customer, then it is safe to assume that the customer itself is aware of that fact. The information is not confidential or any trade secret to be protected from the very customer that made the orders that generated the receivable. Accordingly, the Protective Order does not restrict such disclosure.

CONTAINS INFORMATION DESIGNATED AS "CONFIDENTIAL" AND
"CONFIDENTIAL-ATTORNEYS' EYES ONLY"

Nonetheless, in an abundance of caution, DuPont asked Kolon for its specific consent for DuPont "to convey to Customer X that, according to Kolon, said customer owes" Kolon a certain amount. See D.I. 2150 at Ex. 10, Letter from Michael Songer, Esq. to Christian Platt, Esq. (Sep. 27, 2012). True to form, Kolon refused to give its consent and even accused DuPont of having violated the Protective Order because DuPont told one of Kolon's customers, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, that Kolon had booked receivables from it. See D.I. 2180 at Ex. 44, Letter from Christian Platt, Esq. to William Sauers, Esq. (Oct. 25, 2012); D.I. 2158, Kolon's Mem. Supp. Mot. Protective Order at 10.[1]

It is Kolon's refusal to consent to the requested disclosure, and Kolon's contention that such disclosure violates the Protective Order, that has necessitated this motion. For the reasons that follow, DuPont respectfully requests that the Court grant the motion.

## Background

The background of this case and the post-judgment litigation between DuPont and Kolon is familiar to this Court. Beyond that, a few specific examples of DuPont's collection efforts demonstrate the utility and reasonableness of the relief that this Motion seeks.

After the Court denied Kolon's motion to stay execution of the judgment and granted DuPont's motion for permission to register the judgment elsewhere pursuant to 28 U.S.C. § 1963, DuPont undertook to enforce the judgment by garnishing Kolon's accounts receivable assets held by its customers in the U.S. Among other things, DuPont sought discovery in aid of

---

[1] Although Kolon, in passing, accused DuPont of violating the Protective Order in Kolon's memorandum in support of its motion for a separate protective order (which was effectively a renewed motion to stay execution under the guise of a motion for a protective order), the propriety of the disclosure at issue here is not before the Court by any other pending motion.

CONTAINS INFORMATION DESIGNATED AS "CONFIDENTIAL" AND
"CONFIDENTIAL-ATTORNEYS' EYES ONLY"

execution from, and initiated garnishment proceedings against, certain customers that Kolon identified on lists that Kolon produced to DuPont.

Among others, DuPont subpoenaed and garnished ███████████████, which was identified by Kolon as holding substantial receivables. *See* Ex. 1, K01031046 (███

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████
███████████████████████████
    ███████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████
    ███████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████

    These customers' representations that they hold no outstanding payables to Kolon may be innocent. They may even be accurate. For instance, these customers may have paid Kolon by coincidence just before the garnishments were perfected, and before the customers placed another order with Kolon. ███████████████████

███████████████████████████████████████████████████
████████████████████████████

CONTAINS INFORMATION DESIGNATED AS "CONFIDENTIAL" AND
"CONFIDENTIAL-ATTORNEYS' EYES ONLY"

Whatever the source of the discrepancy, the garnishee would benefit from knowing that Kolon identified that garnishee, and that DuPont did not somehow randomly target the garnishee as a source of receivables. That fact, informed by the amounts and dates that are booked as outstanding, would facilitate the resolution of differences and may prevent motion practice.

Because there would be no prejudice to Kolon, and because Kolon (wrongly) views the type of disclosure discussed above as a violation of the Protective Order, DuPont respectfully requests that the Protective Order be modified to dispose of any further disputes over this issue.

### Argument

The Court has the "inherent discretionary authority to modify [a protective order] for what it deems [to be] good cause shown." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc. (a/k/a "Kolon Corp.")* ("*In re Kolon Indus.*"), 479 Fed. App'x. 483, 485-86, Nos. 11-1568 & 11-1570, 2012 WL 1522427, at *2 (4th Cir. May 2, 2012) (same) (citation and quotation marks omitted); *accord Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2nd Cir. 2004) ("[A] protective order . . . is always subject to the inherent power of the district court."). The Court should exercise that authority here because the relief sought by DuPont does not implicate any of the proprietary, competitive, or confidentiality interests that the Protective Order seeks to safeguard.

In August 2009, the Court entered the Protective Order for good cause; namely, because "[DuPont] manufactures and sells Kevlar® para-aramid fiber, and defendant manufactures and sells a competing aramid fiber product" and "[b]ecause the parties may exchange sensitive technical and financial information, there is good cause for entry of a Protective Order." Protective Order at ¶ 1. The Protective Order further provides for the designation and protection from disclosure of "trade secrets," "proprietary business information," "information invasive of

CONTAINS INFORMATION DESIGNATED AS "CONFIDENTIAL" AND
"CONFIDENTIAL-ATTORNEYS' EYES ONLY"

an individual's legitimate privacy interests," "information that the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage," and certain "export controlled information." *See id.* at ¶¶ 2-4.

Disclosing to a particular customer that Kolon has booked a certain amount of receivables on its account does not implicate any of these interests. Accordingly, the Court should modify the Protective Order.

### The Requested Modification

For the reasons set forth above, DuPont requests that the Court modify Paragraph 6 of the Protective Order by appending to the end of it a Subparagraph (g), as follows:

> g. *Limited Disclosure to Certain Third-parties.* Notwithstanding anything in this Protective Order to the contrary, DuPont shall be permitted to disclose Designated Material or information derived therefrom to a third-party *provided that* the information to be disclosed hereunder relates solely to that particular third-party's relationship or transactions with Kolon. This includes information related to that particular third-party's purchases of Kolon products or raw materials, including without limitation information related to accounts receivable attributed by Kolon to such third-party.

### Conclusion

For the foregoing reasons, DuPont respectfully requests that the Court modify the Protective Order as set forth herein.

Respectfully submitted,

E. I. du Pont de Nemours and Company
By Counsel

/s/    Thomas M. Beshere
Rodney A. Satterwhite, (VSB # 32907)
rsatterwhite@mcguirewoods.com
Brian C. Riopelle (VSB # 36454)
briopelle@mcguirewoods.com
Thomas M. Beshere (VSB #41279)
tbeshere@mcguirewoods.com
Robyn S. Gray (VSB #45418)
rgray@mcguirewoods.com
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061

– and –

Kent A. Gardiner (*pro hac vice*)
Michael J. Songer (*pro hac vice*)
Terence P. Ross (VSB #26408)
Stephen M. Byers (*pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel: (202) 624-2500
Fax: (202) 628-5116
kgardiner@crowell.com
msonger@crowell.com
tross@crowell.com
sbyers@crowell.com

*Attorneys for E. I. du Pont de Nemours and Company*

CONTAINS INFORMATION DESIGNATED AS "CONFIDENTIAL" AND
"CONFIDENTIAL-ATTORNEYS' EYES ONLY"

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2013, I served the foregoing through the Court's CM/ECF system and also by hand on:

>Rhodes B. Ritenour (VSB # 71406)
>LECLAIRRYAN
>Riverfront Plaza, East Tower
>951 East Byrd Street, Eighth Floor
>Richmond, Virginia 23219
>(804) 916-7109
>rhodes.ritenour@leclairryan.com

and via the Court's CM/ECF System on:

>Dana J. Finberg (VSB #34977)
>SNR DENTON
>1530 Page Mill Road
>Suite 200
>Palo Alto, California 94304
>(650) 798-0375
>Dana.finberg@snrdenton.com
>
>Scott M. Flicker (*pro hac vice*)
>PAUL, HASTINGS, JANOFSKY
>& WALKER LLP
>875 15th Street, N.W.
>Washington, D.C. 20005
>(202) 551-1700
>scottflicker@paulhastings.com
>
>Jeffrey G. Randall (*pro hac vice*)
>PAUL, HASTINGS, JANOFSKY
>& WALKER LLP
>1117 S. California Avenue
>Palo Alto, California 94304
>(650) 320-1850
>jeffreyrandall@paulhastings.com
>
>*Attorneys for Kolon Industries, Inc.*

CONTAINS INFORMATION DESIGNATED AS "CONFIDENTIAL" AND
"CONFIDENTIAL-ATTORNEYS' EYES ONLY"

/s/ Thomas M. Beshere

Rodney A. Satterwhite, (VSB # 32907)
rsatterwhite@mcguirewoods.com
Brian C. Riopelle (VSB # 36454)
briopelle@mcguirewoods.com
Thomas M. Beshere (VSB #41279)
tbeshere@mcguirewoods.com
Robyn S. Gray (VSB #45418)
rgray@mcguirewoods.com
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061

*Attorneys for E. I. du Pont de Nemours and Company*